# U.S. District Court
## Western District of Missouri (Kansas City)
## CIVIL DOCKET FOR CASE #: 4:06−cv−08001−FJG
### *Internal Use Only*

| | |
|---|---|
| Purkey v. United States of America | Date Filed: 11/25/2006 |
| Assigned to: Chief District Judge Fernando J. Gaitan, Jr | Date Terminated: 09/29/2009 |
| Cause: 28:2255 Motion to Vacate / Correct Illegal Sentenc | Jury Demand: None |
| | Nature of Suit: 535 Death Penalty − Habeas Corpus |
| | Jurisdiction: U.S. Government Defendant |

**Movant**

| | | |
|---|---|---|
| **Wesley Ira Purkey** | represented by | **Frederick A Duchardt , Jr.** |

P O Box 216
Trimble, MO 64492
(816) 213−0782
Fax: (816) 635−5155
Email: fduchardt@yahoo.com
*TERMINATED: 07/10/2007*
*LEAD ATTORNEY*

**Gary E. Brotherton**
Legal Writes, LLC
601 W. Nifong Blvd.
Building 1, Suite C
Columbia, MO 65203
(573) 875−1571
Fax: (573) 875−1572
Email: gebrotherton@legalwritesllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Teresa L. Norris**
Blume, Weyble &Norris, LLC
P.O. Box 11744
Columbia, SC 29211
(803) 765−1044
Fax: (803) 765−1143
Email: teresa@blumelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Respondent**

| | | |
|---|---|---|
| **United States of America** | represented by | **Kathleen D Mahoney** |

United States Attorney's Office
400 East 9th Street
5th Floor
Kansas City, MO 64106

(816) 426−3122
Fax: (816) 426−4328
Email: kate.mahoney@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matt Jeffrey Whitworth**
United States Attorney's Office
400 E. 9th Street
5th Floor
Kansas City, MO 64106
(816)426−4122
Fax: (816)426−4210
Email: gene.porter@usdoj.gov
*TERMINATED: 02/10/2010*
*LEAD ATTORNEY*

**David M Ketchmark**
United States Attorney's Office
400 E 9th St
Kansas City, MO 64106
816−426−4102
Fax: 816−426−7080
Email: david.ketchmark@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/25/2006 | 1 | | MOTION to appoint counsel *for proceedings pursuant to 28 U.S.C. 2255 and 18 U.S.C. 3599(a)(2)* filed by Frederick A Duchardt, Jr. on behalf of Wesley Ira Purkey. (Please note that this document was originally filed in criminal case 01−308−01−CR−W−FJG on November 25, 2006.) (Jones, Robin) (Entered: 12/12/2006) |
| 12/18/2006 | 2 | | ORDER granting 1 movant's motion to appoint counsel − Appointed Gary E. Brotherton for Wesley Ira Purkey and Teresa L. Norris of Columbia, South Carolnia. Signed by Judge Fernando J. Gaitan Jr. on 12/18/06. (Enss, Rhonda) (Entered: 12/18/2006) |
| 12/18/2006 | 3 | | MOTION for attorney fees *and for interim billing* filed by Gary E. Brotherton on behalf of Wesley Ira PurkeySuggestions in opposition/response due by 1/2/2007 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 12/18/2006) |
| 12/18/2006 | 4 | | Motion to allow Teresa Norris to appear pro hac vice (Pro Hac fee $50 receipt number 1410547) filed by Gary E. Brotherton on behalf of Wesley Ira Purkey (Brotherton, Gary) (Entered: 12/18/2006) |
| 12/19/2006 | 5 | | ORDER granting 4 motion to appear pro hac vice approved by Clerk of Court. Attorney Teresa L Norris for Wesley Ira Purkey allowed to appear pro hac vice. This is a text only entry and will serve as authorization for the pro hac participation by the attorney. No document is attached. (Jones, Robin) (Entered: 12/19/2006) |

| | | | |
|---|---|---|---|
| 01/22/2007 | 6 | | ORDER granting 3 movant's motion regarding billing procedures, setting hourly rate and to permit billing to commence as of 10/16/06, and for interim billing. Signed by Judge Fernando J. Gaitan Jr. on 1/22/07. (Enss, Rhonda) (Entered: 01/22/2007) |
| 02/14/2007 | 7 | | PRO SE MOTION to withdraw attorney and PRO SE MOTION for order *for execution date to be set* filed by Wesley Ira Purkey. Suggestions in opposition/response due by 3/1/2007 unless otherwise directed by the court.(Jones, Robin) (Entered: 02/16/2007) |
| 03/01/2007 | 8 | | MOTION to withdraw document 7 MOTION to withdraw as attorney MOTION for order for execution date to be set. filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 3/16/2007 unless otherwise directed by the court. (Attachments: # 1 Affidavit Pro Se Declaration)(Related document(s) 7 ) (Brotherton, Gary) (Entered: 03/01/2007) |
| 04/30/2007 | 11 | | ORDER granting 8 movant's motion to withdraw 7 movant's pro se motion to withdraw habeas counsel and for execution date to be set. Signed by Judge Fernando J. Gaitan Jr. on 4/30/07. (Enss, Rhonda) (Entered: 04/30/2007) |
| 07/30/2007 | 22 | | MOTION for discovery filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 8/16/2007 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 07/30/2007) |
| 08/09/2007 | 23 | | SUGGESTIONS in opposition re 22 MOTION for discovery filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 8/24/2007 unless otherwise directed by the court (Related document(s) 22 ) (Whitworth, Matt) (Entered: 08/09/2007) |
| 08/22/2007 | 26 | | REPLY SUGGESTIONS re 22 MOTION for discovery *Reply Suggestions in Support of Motion for Discovery* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. (Brotherton, Gary) Modified on 8/23/2007 to correct event title and remove response deadline (Jones, Robin). (Entered: 08/22/2007) |
| 08/23/2007 | | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on August 22, 2007 as Document No. 26, Reply MOTION for discovery. The docket text was correct to REPLY SUGGESTIONS re 22 Motion for Discovery. The response deadline was removed from the entry. (Related Document 26 ) This is a text entry only – no document is attached. (Jones, Robin) (Entered: 08/23/2007) |
| 08/24/2007 | 28 | | **WITHDRAWN PER ORDER 38 FILED ON 9/19/2007.** MOTION for Order to withdraw habeas counsel(s) and seeking leave of the Court to proceed pro se (SEALED) filed by Wesley Ira Purkey. Suggestions in opposition/response due by 9/10/2007 unless otherwise directed by the court. (Kee, Georgia) Modified on 9/6/2007 to correct date of filing and deadline due date (Kee, Georgia). Modified on 9/20/2007 to reflect motion was withdrawn(Jones, Robin). (Entered: 09/06/2007) |
| 09/06/2007 | 29 | | ORDER granting in part and denying in part 22 movant's motion for leave to conduct discovery. Signed by Judge Fernando J. Gaitan Jr. on 9/6/07. (Enss, Rhonda) (Entered: 09/06/2007) |

| | | | |
|---|---|---|---|
| 09/10/2007 | 31 | | MOTION for extension of time *to File Response to Movant's Pro Se Motion to Remove Habeas Counsel and to Proceed Pro Se* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 9/27/2007 unless otherwise directed by the court. (Brotherton, Gary) Modified on 9/19/2007 to reflect motion moot (see #33 &#38) (Enss, Rhonda). (Entered: 09/10/2007) |
| 09/11/2007 | 32 | | **WITHDRAWN PER ORDER 38 FILED ON 9/19/2007.** PRO SE MOTION to withdraw habeas attorneys and for leave to proceed pro se filed by Wesley Ira Purkey. Suggestions in opposition/response due by 9/27/2007 unless otherwise directed by the court. (Jones, Robin) Modified on 9/20/2007 to reflect motion was withdrawn (Jones, Robin). (Entered: 09/12/2007) |
| 09/17/2007 | 33 | | SUGGESTIONS in opposition re 32 MOTION to withdraw as attorney, 28 MOTION for Order (SEALED) MOTION for Order (SEALED) filed by Teresa L. Norris on behalf of Movant Wesley Ira Purkey. Reply suggestions due by 10/4/2007 unless otherwise directed by the court (Attachments: # 1 Exhibit Report of Stephen Peterson, M.D., June 29, 2007)(Related document(s) 32 , 28 ) (Norris, Teresa) (Entered: 09/17/2007) |
| 09/18/2007 | 34 | | MOTION to withdraw document *28 and document 32* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 10/4/2007 unless otherwise directed by the court. (Attachments: # 1 Exhibit Movant's Motion to Witdraw Pro Se Motions to Remove Counsel)(Brotherton, Gary) (Entered: 09/18/2007) |
| 09/19/2007 | 38 | | ORDER granting 34 motion to withdraw documents and withdrawing 28 and 32 movant's motions to withdraw habeas counsel and seeking leave to proceed pro se. Signed by Judge Fernando J. Gaitan Jr. on 9/19/07. (Enss, Rhonda) (Entered: 09/19/2007) |
| 09/28/2007 | 41 | | MOTION to compel *discovery* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 10/15/2007 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 09/28/2007) |
| 10/01/2007 | 42 | | RESPONSE to motion re 41 MOTION to compel *discovery* filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 10/18/2007 unless otherwise directed by the court (Related document(s) 41 ) (Whitworth, Matt) (Entered: 10/01/2007) |
| 10/01/2007 | 44 | | MOTION to compel *Necessary and Essential Psychiatric Treatment* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 10/18/2007 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1 Dr Peterson's CV# 2 Exhibit 2 Treatment Recommendations of Dr Peterson# 3 Exhibit 3 ACLU letter to BOP# 4 Exhibit 4 7−5−07 Letter to Dr Webster# 5 Exhibit 5 Purkey − Medical Request# 6 Exhibit 6 Telepsychiatry Consultation Report (October 12, 2004))(Brotherton, Gary) (Entered: 10/01/2007) |
| 10/02/2007 | 45 | | ORDER granting in part and denying in part 41 movant's motion to compel. The Court will DENY the Motion to Compel. However, if the documents are not produced in time for counsel to make meaningful use of them, counsel may file a Motion to Amend the § 2255 petition to include any necessary |

| | | | |
|---|---|---|---|
| | | | facts or issues obtained after the discovery is produced. Signed by Judge Fernando J. Gaitan Jr. on 10/2/07. (Enss, Rhonda) (Entered: 10/02/2007) |
| 10/16/2007 | 47 | | MOTION to vacate, set aside or correct sentence (2255) filed by Teresa L. Norris on behalf of Wesley Ira Purkey. (Attachments: # 1 Exhibit Laura O'Sullivan Declaration# 2 Exhibit Speakman 302 (11/28/01)# 3 Exhibit Speakman Letter (11/25/02)# 4 Exhibit Consolidated Witness List# 5 Exhibit O'Sullivan Notes# 6 Exhibit Proposed Budget# 7 Exhibit Ex Parte Request #3 (Cunningham)# 8 Exhibit Duchardt Summary of Records# 9 Exhibit To Do List# 10 Exhibit Letter from Cunningham (12−19−02)# 11 Exhibit Mark Cunningham, Ph.D., Declaration# 12 Exhibit Ex Parte Motion (Armstrong)# 13 Exhibit Ex Parte Motion (Peterson)# 14 Exhibit Ex Parte Motion (Cunningham)# 15 Exhibit Stephen Peterson, M.D., Declaration# 16 Exhibit Gary Hamilton Declaration# 17 Exhibit Oregon Dep't of Corrections Records# 18 Exhibit Rex Newton, Ph.D., Declaration# 19 Exhibit Wes Purkey Letter (8−7−03)# 20 Exhibit Floyd Bose Declaration# 21 Exhibit Dion Leiker Declaration# 22 Exhibit Peterson Report (4−19−00)# 23 Exhibit Peterson Report (8−13−03)# 24 Exhibit Brunell Notes of Speakman (11−2−01)# 25 Exhibit Sam Hoffmeier Declaration)(Norris, Teresa) (Entered: 10/16/2007) |
| 10/16/2007 | 48 | | MOTION for leave to file *a Memorandum of Law in Support of the 2255 Motion* filed by Teresa L. Norris on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 11/1/2007 unless otherwise directed by the court. (Norris, Teresa) (Entered: 10/16/2007) |
| 11/02/2007 | 49 | | ORDER granting 48 movant's motion for leave to file memorandum of law in support of his 2255 motion. Movant shall file his Memorandum of Law on or before Friday November 30, 2007. The Government shall file Suggestions in Opposition on or before Friday, January 4, 2008 and Movant shall file Reply Suggestions on or before Monday February 4, 2008. Signed by Judge Fernando J. Gaitan Jr. on 11/2/07. (Enss, Rhonda) (Entered: 11/02/2007) |
| 11/30/2007 | 52 | | SUGGESTIONS in support re 47 Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Teresa L. Norris on behalf of Movant Wesley Ira Purkey. (Attachments: # 1 Exhibit Cornelius Peoples Declaration# 2 Exhibit Melvin Lister Declaration# 3 Exhibit Margaret Noe Declaration# 4 Exhibit Evette Noe Declaration)(Related document(s) 47 ) (Norris, Teresa) (Entered: 11/30/2007) |
| 12/04/2007 | 53 | | ORDER re 44 MOTION to compel *Necessary and Essential Psychiatric Treatment* filed by Wesley Ira Purkey. Government to file response to motion by by 12/10/2007. Signed by Judge Fernando J. Gaitan Jr. on 12/4/07. (Enss, Rhonda) (Entered: 12/04/2007) |
| 12/07/2007 | 54 | | SUGGESTIONS in opposition re 44 MOTION to compel *Necessary and Essential Psychiatric Treatment* filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 12/24/2007 unless otherwise directed by the court (Attachments: # 1)(Related document(s) 44 ) (Whitworth, Matt) (Entered: 12/07/2007) |

| | | | |
|---|---|---|---|
| 12/14/2007 | 57 | | THIRD PRO SE MOTION to withdraw habeas counsel and for leave to proceed either pro se and/or to be appointed as co−counsel filed by Wesley Ira Purkey. Suggestions in opposition/response due by 12/31/2007 unless otherwise directed by the court. (Jones, Robin) (Entered: 12/18/2007) |
| 12/19/2007 | 58 | | MOTION for extension of time to file response/reply as to 47 Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 1/3/2008 unless otherwise directed by the court. (Related document(s) 47 ) (Whitworth, Matt) (Entered: 12/19/2007) |
| 12/20/2007 | 59 | | MOTION to withdraw document 57 MOTION to withdraw as attorney filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 1/7/2008 unless otherwise directed by the court. (Attachments: # 1 Exhibit Pro se request to nullify Doc 57)(Related document(s) 57 ) (Brotherton, Gary) (Entered: 12/20/2007) |
| 01/03/2008 | 60 | | MOTION for order Requiring Trial Consel, Mr. Fred Duchardt, to Prepare an Affidavit in Response to Purkey's Allegations of Ineffective Assistance of Counsel Filed Pursuant to Title 28, U.S. Code Section 2255 filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 1/18/2008 unless otherwise directed by the court. (Attachments: # 1 Exhibit A)(Whitworth, Matt) (Entered: 01/03/2008) |
| 02/01/2008 | 62 | | ORDER denying 44 motion to compel BOP to provide Purkey w/necessary and essential psychiatric treatment; striking 57 pro se motion to withdraw habeas counsel; granting 58 government's motion for extension of time to 3/4/08 to file response to 2255 motion (unless otherwise ordered by the court; granting 59 motion to withdraw pro se motion to withdraw habeas counsel; and granting 60 motion for order requiring trial counsel to prepare affidavit. Court orders Mr. Duchardt to prepare an affidavit in response to Purkey's allegations of ineffective assistance of counsel. Signed by Chief District Judge Fernando J. Gaitan, Jr on 2/1/08. (Enss, Rhonda) (Entered: 02/01/2008) |
| 03/03/2008 | 64 | | MOTION for extension of time to file response/reply as to 52 Suggestions in Support of Motion,, filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 3/18/2008 unless otherwise directed by the court. (Related document(s) 52 ) (Whitworth, Matt) (Entered: 03/03/2008) |
| 03/05/2008 | 65 | | ORDER granting 64 government's second motion for extension of time to file response to 2255 motion. Suggestions in opposition/response due 4/18/2008 unless otherwise directed by the court. (TEXT ENTRY ONLY − NO DOCUMENT ATTACHED.) Signed by Chief District Judge Fernando J. Gaitan, Jr on 3/5/08. (Enss, Rhonda) (Entered: 03/05/2008) |
| 03/20/2008 | 66 | | MOTION for discovery *pursuant to 9/6/2007 Court Order* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 4/4/2008 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 03/20/2008) |

| | | | |
|---|---|---|---|
| 03/24/2008 | 67 | | SUGGESTIONS in opposition re 66 MOTION for discovery *pursuant to 9/6/2007 Court Order* filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 4/8/2008 unless otherwise directed by the court (Related document(s) 66 ) (Whitworth, Matt) (Entered: 03/24/2008) |
| 04/11/2008 | 68 | | MOTION for extension of time to file response/reply as to 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 4/28/2008 unless otherwise directed by the court. (Related document(s) 52 , 47 ) (Whitworth, Matt) (Entered: 04/11/2008) |
| 04/18/2008 | 69 | | ORDER granting 68 government's third motion for extension of time to file response to 47 movant's Motion to Vacate/Set Aside/Correct Sentence (2255).Suggestions in opposition/response due 5/19/2008 unless otherwise directed by the court. **NO FURTHER EXTENSION OF THIS DEADLINE WILL BE GRANTED.** (TEXT ENTRY ONLY – NO DOCUMENT ATTACHED.) Signed by Chief District Judge Fernando J. Gaitan, Jr on 4/18/08. (Enss, Rhonda) (Entered: 04/18/2008) |
| 05/12/2008 | 70 | | ORDER denying 66 movant's motion to compel. Signed by Chief District Judge Fernando J. Gaitan, Jr on 5/12/08. (Enss, Rhonda) (Entered: 05/12/2008) |
| 05/19/2008 | 71 | | MOTION for Order (SEALED) filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 6/3/2008 unless otherwise directed by the court. (Whitworth, Matt) (Entered: 05/19/2008) |
| 05/19/2008 | 72 | | ORDER granting 71 government's Motion to File the Government's Response under seal. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 5/19/08. (Enss, Rhonda) (Entered: 05/19/2008) |
| 05/20/2008 | 73 | | SUGGESTIONS in opposition (SEALED) re 47 Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 6/4/2008 unless otherwise directed by the court (Attachments: # 1 Exhibit A)(Related document(s) 47 ) (Whitworth, Matt) (Entered: 05/20/2008) |
| 05/23/2008 | 74 | | MOTION for extension of time to file response/reply filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 6/9/2008 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 05/23/2008) |
| 05/27/2008 | 75 | | MOTION to seal document filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 6/11/2008 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 05/27/2008) |

| | | | |
|---|---|---|---|
| 05/29/2008 | 76 | | ORDER granting 74 movant's motion for extension of time until 8/15/08 to file reply to movant's 2255 motion unless otherwise directed by the court; and granting 75 movant's motion to seal objections to Exhibit A to government's opposition to 2255 motion. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 5/29/08. (Enss, Rhonda) (Entered: 05/29/2008) |
| 05/29/2008 | 77 | | NOTICE (SEALED) by Wesley Ira Purkey re 73 Suggestions in Opposition to Motion (Sealed), Suggestions in Opposition to Motion (Sealed), Suggestions in Opposition to Motion (Sealed) *Notice of Objections to Ex. A* (Brotherton, Gary) (Entered: 05/29/2008) |
| 08/06/2008 | 78 | | MOTION for extension of time to file response/reply filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 8/21/2008 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 08/06/2008) |
| 08/07/2008 | 79 | | ORDER granting 78 movant's motion for extension of time to file reply to motion to vacate. Reply suggestions due 9/15/2008 unless otherwise directed by the court. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 8/7/08. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 08/07/2008) |
| 09/10/2008 | 80 | | MOTION to seal document *Movant's Reply and Movant's Motion to Strike* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 9/25/2008 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 09/10/2008) |
| 09/11/2008 | 81 | | ORDER granting 80 movant's motion to file reply to movant's 2255 motion and a motion to strike under seal. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 9/11/08. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 09/11/2008) |
| 09/15/2008 | 82 | | REPLY SUGGESTIONS to motion (Sealed) re 47 Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255) *Reply to Government's Response to Movant's 2255 Motion* filed by Gary E. Brotherton on behalf of Movant Wesley Ira Purkey. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15)(Related document(s) 47 ) (Brotherton, Gary) (Entered: 09/15/2008) |
| 09/15/2008 | 83 | | MOTION for Order (SEALED) *Strike Statement of Frederick A. Duchardt, Jr.* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 9/30/2008 unless otherwise directed by the court. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Brotherton, Gary) (Entered: 09/15/2008) |
| 10/07/2008 | 84 | | MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to |

| | | | |
|---|---|---|---|
| | | | Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255), Motion to Vacate/Set Aside/Correct Sentence (2255) filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 10/22/2008 unless otherwise directed by the court. (Related document(s) 82 , 52 , 47 ) (Brotherton, Gary) (Entered: 10/07/2008) |
| 10/16/2008 | 85 | | SUGGESTIONS in opposition re 84 MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 10/31/2008 unless otherwise directed by the court (Related document(s) 84 ) (Whitworth, Matt) (Entered: 10/16/2008) |
| 10/27/2008 | 86 | | REPLY SUGGESTIONS to motion re 84 MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside MOTION for hearing re 82 Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), Reply Suggestions to Motion (Sealed), 52 Suggestions in Support of Motion,, 47 Motion to Vacate/Set Aside filed by Gary E. Brotherton on behalf of Movant Wesley Ira Purkey. (Attachments: # 1 Exhibit 1 Opinon in Nelson v USA, # 2 Exhibit 2 Email from AUSA)(Related document(s) 84 ) (Brotherton, Gary) (Entered: 10/27/2008) |
| 12/01/2008 | 87 | | MOTION for leave to file *a late response to Purkey's motion to strike statement of Frederick A. Duchardt Jr.* filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 12/16/2008 unless otherwise directed by the court. (Whitworth, Matt) (Entered: 12/01/2008) |
| 12/01/2008 | 88 | | SUGGESTIONS in opposition re 87 MOTION for leave to file *a late response to Purkey's motion to strike statement of Frederick A. Duchardt Jr.* filed by Gary E. Brotherton on behalf of Movant Wesley Ira Purkey. Reply suggestions due by 12/16/2008 unless otherwise directed by the court (Brotherton, Gary) (Entered: 12/01/2008) |
| 09/29/2009 | 89 | 13 | ORDER DENYING movant's Motion to Vacate, Set Aside or Correct His |

| | | | |
|---|---|---|---|
| | | | Sentence Pursuant to 28 U.S.C. § 2255 47 ; DENYING the Motion to Strike the Statement of Frederick A. Duchardt, Jr. 83 ; DENYING the Motion to Set Matter for an Evidentiary Hearing 84 ; and DENYING AS MOOT the Motion for Leave to File Late Response to Motion to Strike Statement of Frederick A. Duchardt Jr. 87 .Signed by Chief District Judge Fernando J. Gaitan, Jr. on 9/29/09. (Enss, Rhonda) (Entered: 09/29/2009) |
| 09/29/2009 | 90 | 24 | CLERK'S JUDGMENT (Enss, Rhonda). (Entered: 09/29/2009) |
| 10/13/2009 | 91 | | MOTION to alter judgment filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 10/28/2009 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 10/13/2009) |
| 10/28/2009 | 92 | | MOTION for extension of time to file response/reply *to Motion to Alter or Amend Judgment 91* filed by Matt Jeffrey Whitworth on behalf of United States of America. Suggestions in opposition/response due by 11/12/2009 unless otherwise directed by the court. (Whitworth, Matt) Modified on 10/29/2009 to add link (Rowland, Bonnie). (Entered: 10/28/2009) |
| 10/29/2009 | 93 | | ORDER granting 92 government's motion for extension of time to file response to 91 movant's motion to alter judgment. Suggestions in opposition/response now due 11/12/2009 unless otherwise directed by the court. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 10/29/09. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 10/29/2009) |
| 11/12/2009 | 94 | | SUGGESTIONS in opposition re 91 MOTION to alter judgment filed by Matt Jeffrey Whitworth on behalf of Respondent United States of America. Reply suggestions due by 11/27/2009 unless otherwise directed by the court (Related document(s) 91 ) (Whitworth, Matt) (Entered: 11/12/2009) |
| 11/13/2009 | 95 | | NOTICE of appearance by Kathleen D Mahoney on behalf of United States of America (Mahoney, Kathleen) (Entered: 11/13/2009) |
| 11/13/2009 | 96 | | NOTICE of appearance by David M Ketchmark on behalf of United States of America (Ketchmark, David) (Entered: 11/13/2009) |
| 11/19/2009 | 97 | | MOTION for extension of time to file response/reply as to 94 Suggestions in Opposition to Motion, filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 12/4/2009 unless otherwise directed by the court. (Related document(s) 94 ) (Brotherton, Gary) (Entered: 11/19/2009) |
| 11/20/2009 | 98 | | ORDER granting 97 movant's motion for extension of time to file reply to 91 movant's MOTION to alter judgment. Reply suggestions now due 12/14/2009 unless otherwise directed by the court. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 11/20/09. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 11/20/2009) |
| 12/02/2009 | 99 | | MOTION for order to withdraw Habeas proceedings and for the Court to set an expedious execution date filed by Wesley Ira Purkey. Suggestions in opposition/response due by 12/21/2009 unless otherwise directed by the court. (Beard, Melanie) (Entered: 12/07/2009) |
| 12/07/2009 | 100 | | SUGGESTIONS in opposition re 99 MOTION for order to withdraw Habeas proceedings and for the Court to set an expedious execution date |

| | | | |
|---|---|---|---|
| | | | filed by Gary E. Brotherton on behalf of Movant Wesley Ira Purkey. Reply suggestions due by 12/24/2009 unless otherwise directed by the court (Related document(s) 99 ) (Brotherton, Gary) (Entered: 12/07/2009) |
| 12/14/2009 | 101 | | REPLY SUGGESTIONS to motion re 91 MOTION to alter judgment filed by Gary E. Brotherton on behalf of Movant Wesley Ira Purkey. (Attachments: # 1 Exhibit Nelson v. USA)(Related document(s) 91 ) (Brotherton, Gary) (Entered: 12/14/2009) |
| 12/22/2009 | 102 | 25 | ORDER denying 91 movant's motion to alter judgment and granting movant's Motion to Withdraw 100 and movant's Pro Se Motion 99 is WITHDRAWN. Signed by Chief District Judge Fernando J. Gaitan, Jr. on 12/22/09. (Enss, Rhonda) (Entered: 12/22/2009) |
| 01/27/2010 | 103 | | MOTION to withdraw as attorney *Matt J. Whitworth* filed by Phillip Eugene Porter on behalf of United States of America. Suggestions in opposition/response due by 2/16/2010 unless otherwise directed by the court. (Porter, Phillip) (Entered: 01/27/2010) |
| 02/10/2010 | 104 | | ORDER granting 103 motion to withdraw as attorney. Attorney Matt Jeffrey Whitworth terminated as counsel for respondent. Signed on 2/10/10 by Chief District Judge Fernando J. Gaitan, Jr. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 02/10/2010) |
| 02/11/2010 | 105 | | MOTION for extension of time *to file Notice of Appeal and Certificate of Appealability* filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 3/1/2010 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 02/11/2010) |
| 02/19/2010 | 106 | | ORDER granting 105 movant's motion for extension of time to 03/24/10 to file notice of appeal and certificate of appealability. Signed on 2/19/10 by Chief District Judge Fernando J. Gaitan, Jr. (Enss, Rhonda) (Entered: 02/19/2010) |
| 03/24/2010 | 107 | 30 | MOTION for certificate of appealability filed by Teresa L. Norris on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 4/12/2010 unless otherwise directed by the court. (Attachments: # 1 Appendix)(Norris, Teresa) (Entered: 03/24/2010) |
| 03/24/2010 | 108 | 57 | NOTICE OF APPEAL as to 102 Order on Motion to Alter Judgment, Order on Motion for Miscellaneous Relief, 89 Order, by Wesley Ira Purkey. (Norris, Teresa) (Entered: 03/24/2010) |
| 03/31/2010 | 109 | | MOTION for extension of time to file response/reply as to 107 MOTION for certificate of appealability filed by Kathleen D Mahoney on behalf of United States of America. Suggestions in opposition/response due by 4/19/2010 unless otherwise directed by the court. (Related document(s) 107 ) (Mahoney, Kathleen) (Entered: 03/31/2010) |
| 04/02/2010 | 110 | | ORDER granting 109 respondent's motion for extension of time to file response to 107 movant's MOTION for certificate of appealability. Suggestions in opposition/response now due 5/12/2010 unless otherwise directed by the court. Signed on 4/2/10 by Chief District Judge Fernando J. Gaitan, Jr. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 04/02/2010) |

| | | | |
|---|---|---|---|
| 05/11/2010 | 111 | | SUGGESTIONS in opposition re 107 MOTION for certificate of appealability filed by Kathleen D Mahoney on behalf of Respondent United States of America. Reply suggestions due by 5/28/2010 unless otherwise directed by the court (Related document(s) 107 ) (Mahoney, Kathleen) (Entered: 05/11/2010) |
| 05/25/2010 | 112 | | MOTION for extension of time filed by Gary E. Brotherton on behalf of Wesley Ira Purkey. Suggestions in opposition/response due by 6/11/2010 unless otherwise directed by the court. (Brotherton, Gary) (Entered: 05/25/2010) |
| 05/26/2010 | 113 | | ORDER granting 112 movant's unopposed motion for extension of time to file reply to motion for certificate of appealabilty. Reply suggestions now due 6/18/2010 unless otherwise directed by the court. Signed on 5/26/10 by Chief District Judge Fernando J. Gaitan, Jr. This is a TEXT ONLY ENTRY. No document is attached.(Enss, Rhonda) (Entered: 05/26/2010) |
| 06/18/2010 | 114 | | REPLY SUGGESTIONS to motion re 107 MOTION for certificate of appealability filed by Teresa L. Norris on behalf of Movant Wesley Ira Purkey. (Related document(s) 107 ) (Norris, Teresa) (Entered: 06/18/2010) |
| 10/28/2010 | 115 | 59 | ORDER denying 107 Purkey's motion for certificate of appealability. Signed on 10/28/10 by Chief District Judge Fernando J. Gaitan, Jr. (Enss, Rhonda) (Entered: 10/28/2010) |
| 10/28/2010 | 116 | 77 | CLERK'S JUDGMENT (Enss, Rhonda). (Entered: 10/28/2010) |
| 11/01/2010 | 117 | 78 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 108 Notice of Appeal, 107 MOTION for certificate of appealability. (Crespo, Wil) (Entered: 11/01/2010) |

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

WESLEY IRA PURKEY,                          )
                                            )
                    Movant,                 )
                                            ) Civil Case No.
v.                                          )  06-8001-CV-W-FJG
                                            )
UNITED STATES OF AMERICA,                   ) Criminal Case No.
                                            ) 01-00308-01-CR-W-FJG
                    Respondent.             )

## ORDER

Currently pending before the Court is movant's Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 47); Motion to Strike Statement of Frederick A. Duchardt, Jr. (Doc. # 83); Motion to Set Matter for an Evidentiary Hearing (Doc. # 84) and Motion for Leave to File Late Response to Motion to Strike Statement of Frederick A. Duchardt Jr. (Doc. # 87).

## I. BACKGROUND

Movant was indicted on October 10, 2001 for the kidnaping, rape and murder of Jennifer Long in violation of 18 U.S.C. § 1201(a), 1201(g) and 3559 (d). On November 5, 2003, petitioner was convicted of these crimes. The penalty phase of the trial began on November 10, 2003 and concluded on November 19, 2003. The jury unanimously concluded that the aggravating factors outweighed the mitigating factors and determined that petitioner should be sentenced to death. On January 23, 2004, petitioner was sentenced to death. On February 2, 2004, movant filed his notice of appeal with the Eighth Circuit Court of Appeals. On November 7, 2005, the Eighth Circuit issued an opinion affirming his conviction and sentence. See United States v.

<u>Purkey</u>, 428 F.3d 738 (8th Cir. 2005).  Rehearing and rehearing en banc were denied on January 13, 2006.  Movant's petition for certiorari was denied by the United States Supreme Court on October 16, 2006.  <u>Purkey v. United States</u>, 549 U.S. 975 (2006).

## II.  STANDARD

28 U.S.C. § 2255(a) provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."  <u>Shaw v. United States</u>, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing <u>Larson v. United States</u>, 905 F.2d 218, 220-21 (8th Cir. 1990), <u>cert. denied</u>, 507 U.S. 919, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993)).

## III.  DISCUSSION

### A.  Ineffectiveness of Counsel

To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense.  <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  The Court is to adopt an extremely

2

deferential approach in evaluating counsel's performance.  466 U.S. at 689, 104 S.Ct. at 2065-66.  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'  See  Michel v. Louisiana, 350 U.S. 91,101, 76 S.Ct.158,164, 100 L.Ed.2d 83 (1955)."  Id.  Additionally, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. at 694, 104 S.Ct. at 2068.  "Although the two prongs of the 'ineffective assistance' analysis are described as sequential, courts 'do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice.'"  United States v. Vesey, No. C06-0075-MWB, 2009 WL 1324076, *5 (N.D. Iowa May 12, 2009) (citing Boysiewick v. Schriro, 179 F.3d 616, 620 (8th Cir. 1999), cert. denied, 528 U.S. 1141, 120 S.Ct. 989, 145 L.Ed.2d 938 (2000)).

In his § 2255 motion, movant makes seventeen allegations regarding the ineffectiveness of his trial and appellate counsel, Mr. Frederick Duchardt, Jr. These allegations focus on Mr. Duchardt's failure to object to certain statements made during the trial, failure to obtain the services of a mitigation expert or to adequately prepare a mitigation case, failure to adequately present expert testimony, failure to call certain witnesses and failure to impeach certain witnesses.   In response to these allegations, Mr. Duchardt filed a 117 page affidavit, in which he goes into extensive detail to refute movant's claims. The Government argues that Mr. Duchardt's affidavit provides

significant insight into why he made certain strategical decisions before and during the trial. Additionally, the Government notes that Mr. Duchardt called a total of twenty-two witnesses on movant's behalf. Eighteen of these witnesses testified as mitigation witnesses who testified concerning the sexual, physical and psychological abuse that movant suffered during his childhood and adolescence.

The Court has reviewed Mr. Duchardt's affidavit, as well as the briefs and arguments presented by counsel and finds that movant has failed to overcome the presumption that Mr. Duchardt's actions were not sound trial strategy. The Court finds that Mr. Duchardt's actions did not fall below an objective standard of reasonableness. Additionally, even if Mr. Duchardt's actions were considered to fall below the standard of reasonableness, movant has not shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Movant filed a Motion to Strike the Affidavit of Mr. Duchardt alleging that he violated his duty of confidentiality and his duty of loyalty. Movant also argues that he failed to give adequate notice of the contents of the Affidavit or to allow movant to object to portions of the affidavit, before it was provided to the Government. Movant argues that Mr. Duchardt divulged confidential information that he acquired in the course of his investigation that was otherwise generally unknown. Movant argues that no attorney could conclude that such disclosure was necessary in order to answer the limited allegations of ineffectiveness.

In Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974), cert. denied, 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975), the Court stated:

4

> It has long been the law that a client may waive protection of the [attorney-client] privilege, either expressly or impliedly. . . . One of the circumstances which may support a conclusion of a waiver is an attack by the client upon his attorney's conduct which calls into question the substance of their communications.  A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence. . . . Surely, a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege.  Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule.

See also Stobaugh v. U.S., No. 06-3317-CV-S-RED, 2007 WL 628420, *1, n.1 (W.D.Mo. Feb. 27, 2007)("Stobaugh waived the attorney-client privilege when he claimed that his attorney's advice constituted ineffective assistance of counsel.").  In the instant case, the Government requested that the Court order Mr. Duchardt to file an Affidavit so that the Government could adequately respond to movant's motion.  Mr. Duchardt declined to provide an affidavit unless he had an attorney-client waiver from movant or unless the Court ordered him to provide evidence in response to the allegations.  In an Order dated February 1, 2008, this Court found that movant had waived his attorney-client privilege as to his ineffective assistance of counsel claims and directed Mr. Duchardt to prepare an affidavit in response to movant's allegations.  The Court finds that Mr. Duchardt did not act improperly in filing the Affidavit nor did he violate his duty or loyalty or his duty of confidentiality, as the attorney-client privilege had been waived.  Accordingly, movant's Motion to Strike the Statement of Frederick A. Duchardt, Jr. (Doc. # 83) is hereby **DENIED**.

5

## B. Violation of Due Process

Movant argues that he was denied due process due to: 1) certain misconduct on the part of the Government; 2) because no reasonable juror could have found beyond a reasonable doubt that he kidnaped the victim and also because 3) he was sentenced based on arbitrary factors when the jury did not vote on mitigating evidence.

## 1. Alleged Government Misconduct

Movant claims that the Government created the false impression that movant referred to the federal penitentiary as "Club Fed" and that "Club Fed" had more lenient conditions than the Kansas Department of Corrections system. The Government argues that movant did not raise this claim either at trial or on appeal and that the claim is procedurally defaulted. In order to obtain relief, the Government argues that movant must show actual prejudice from this error. Additionally, the Government notes that the prosecution has the right to introduce evidence concerning a defendant's post-defense statements to members of law enforcement as admissions against interest. The Government argues that there was no attempt to mislead the jury that Purkey had used the term "Club Fed." The Court agrees and finds that there was no misconduct on the part of the Government by referencing the term "Club Fed."

Movant also argues that Government counsel created a false impression when he told the jury that movant had just walked into Court and recanted the kidnaping. Movant argues that this was false since he told Agent Tarpley and Detective Howard in December 1998 and told Michael Speakman and Dr. Peterson in 2003 that the victim had come with him voluntarily. However, on direct examination of Agent Tarpley, the

6

Government asked if movant had just changed his story.

The Government argues that neither movant nor the Government ever contended that Jennifer Long was grabbed off the street and kidnaped. The kidnaping crime occurred later when movant pulled a knife out of his glove box and placed it under his right thigh and refused to let Ms. Long out of his truck. This is consistent with what movant said in his statements to Tarpley and Howard and Speakman. The confusion comes when movant met with his psychiatrist, Dr. Peterson and in describing the events of January 22, 1998, he changed his story and claimed that he never kidnaped Ms. Long. In his report, Dr. Peterson wrote, "Ultimately, he killed her at home. He believes she came to his house willingly so it wasn't kidnaping. He told the kidnaping story 'for the FBI so he could get into the federal system.'" The Government did not come into possession of Dr. Peterson's report until August 13, 2003, shortly before trial. Looking at the accounts from Tarpley, Howard and Speakman, it is apparent that movant did change his story when he spoke with Dr. Peterson. Therefore, the Court finds that there was no misconduct in Government counsel asking whether movant had changed his story.

### 2. Denied Due Process Because No Reasonable Juror Could Have Found Beyond A Reasonable Doubt That Movant Kidnaped Jennifer Long.

Movant argues that the only evidence that he kidnaped Ms. Long came from his own mouth and he later repudiated the kidnaping. Movant argues that his confession to Tarpley and Howard was not trustworthy, and that less than a month after the indictment, the government knew from its star witness, Michael Speakman, that movant had denied kidnaping Ms. Long. Movant argues that the corroborating evidence led to

7

the inference that Ms. Long voluntarily accompanied him to his home in Kansas, because there were multiple opportunities that she had to escape, but she did not. Movant argues that the Government relied on his confession because that is all it had. Movant argues that the Government mislead the jury by stating that he had repudiated the kidnaping not two years before trial, but right before trial. Without this misleading of the jury, movant argues that no reasonable juror could have found beyond a reasonable doubt that he kidnaped Ms. Long.

As discussed above, the Government did not know from Speakman's statements to the FBI that Purkey was recanting his claim that he kidnaped Ms. Long. The only thing that he told Speakman was that he had not snatched the girl from the street as Keith Nelson had done. Rather, Purkey described his initial contact with the girl as more like they were "partying" and that it was not forcible. This is consistent with what movant told Tarpley and Howard. The Court finds that the Government did not in any way mislead the jury. A reasonable juror could have disbelieved movant's argument and found beyond a reasonable doubt that he kidnaped Ms. Long.

### 3. Denied Due Process Because the Jury Did Not Vote On Mitigating Evidence.

Movant argues that the jury left blank the entire section of the verdict form related to findings upon mitigation evidence. He argues that it is one thing for a jury not to give much weight to mitigation evidence, but it quite another thing for a jury to decide not to acknowledge the evidence at all.

In <u>United States v. Paul</u>, 217 F.3d 989, 999-1000 (8th Cir. 2000), the Court stated, "Neither the FDPA nor <u>Lockett [v. Ohio</u>, 438 U.S. 586, 605, 98 S.Ct. 2954, 57 L.Ed.2d

8

973 (1978)] and <u>Eddings [v. Oklahoma</u>, 455 U.S. 104, 115, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982)] require a capital jury to give mitigating effect or weight to any particular evidence. . . . There is only a constitutional violation if there exists a reasonable likelihood that the jurors believed themselves precluded from considering relevant mitigating evidence."   In that case, six jury members refused to find the defendant's age to be a mitigating factor, even thought it was undisputed that the defendant was eighteen at the time of his offense.  The Court has reviewed the Verdict Form completed in this case and finds no error in the fact that the jury failed to find any mitigating evidence in this case.  Movant has not shown that the jurors were precluded from considering any mitigating evidence, they simply chose not to give any weight to that evidence, which under the law they are entitled to do.

### 4. Denial of Due Process Due to Cumulative Effect of Government Counsel's Misconduct.

Movant argues that the cumulative nature of the prosecutorial misconduct requires reversal.  In <u>United States v. Hance</u>, 501 F.3d 900 (8th Cir. 2007), the Court stated:

> 'To obtain a reversal for prosecutorial misconduct, the defendant must show that (1) the prosecutor's remarks were improper, and (2) such remarks prejudiced the defendant's rights in obtaining a fair trial.' . . .'If we reach the second step, we consider: (1) the cumulative effect of such misconduct (2) the strength of the properly admitted evidence of [defendant's] guilt; and (3) the curative actions taken by the trial court.'

<u>Id</u>. at 908, (citing <u>United States v. Cannon</u>, 88 F.3d 1495, 1502 (8th Cir. 1996)).  The Court has examined the alleged prosecutorial errors and does not find any of them to be improper.  Even if the remarks and/or actions were considered to be improper, they did not prejudice the defendant's right to a fair trial.

9

**C. Motion for An Evidentiary Hearing**

Movant argues that he is entitled to a hearing because there are disputed issues of fact that cannot conclusively be resolved on the basis of the record alone and those facts if true, would entitle him to relief.  Movant argues that many of the allegations of ineffectiveness relate to activity outside the courtroom and the record can shed no light on these allegations.  Movant states that the Court cannot determine whether to believe his witnesses or Mr. Duchardt's denials without hearing from the witnesses themselves, as this is the only way to judge their credibility.

The Government argues that an evidentiary hearing is both unwarranted and unnecessary and that all of the issues raised by movant in his § 2255 motion are resolvable by reviewing the record.  The Government states that Movant has not shown that Mr. Duchardt's representation fell below an objective standard of reasonableness.  Nor has he demonstrated that there is a reasonable probability that but for Mr. Duchardt's errors, the result of the proceeding would have been different.

In reply, Movant cites to the Eighth Circuit decision in <u>Nelson v. United States</u>, No. 07-3071 (8th Cir. Oct. 27, 2008), in which the Court stated, "[o]ur cases teach that issues regarding the ineffectiveness of counsel often require a hearing to consider evidence not disclosed on the face of the trial record."

"A district court does not err in dismissing a movant's § 2255 Motion without a hearing if (1) the movant' 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" <u>Buster v. United States</u>, 447 F.3d 1130,1132 (8th Cir. 2006) (citing <u>Sanders v. United</u>

10

<u>States</u>, 341 F.3d 720, 722 (8th Cir. 2003), <u>cert.</u> <u>denied</u>, 540 U.S. 1199, 124 S.Ct. 1460, 158 L.Ed.2d 116 (2004)).  The Court finds that no hearing is necessary in this case, because even if movant's allegations are true, and Mr. Duchardt was ineffective for failing to call certain witnesses or to present a more complete mitigation case, movant would not be entitled to relief.  As noted above, of the twenty-seven mitigating factors which were presented to the jury, no jurors voted for a single  mitigating factor.  So, even if movant's counsel had called different or additional witnesses or introduced more or additional mental health or evidence relating to his abuse as a child and young adult, it is unlikely that the jury would have considered this mitigating evidence or that they would have sentenced movant to life in prison.  Accordingly, because the Court finds that the disputed issues would not entitle movant to relief, the Court hereby **DENIES** the Motion for an Evidentiary Hearing (Doc. # 84).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** movant's Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 47); **DENIES** the Motion to Strike the Statement of Frederick A. Duchardt, Jr. (Doc. # 83); **DENIES** the Motion to Set Matter for an Evidentiary Hearing (Doc. # 84) and **DENIES AS MOOT** the Motion for Leave to File Late Response to Motion to Strike Statement of Frederick A. Duchardt Jr. (Doc. # 87).

Date:   09/29/09              **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri         Fernando J. Gaitan, Jr.
                              Chief United States District Judge

## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

WESLEY IRA PURKEY, )
)
                      Movant, )
)
v. ) No. 06-8001-CV-W-FJG
)
UNITED STATES OF AMERICA, )
)
                      Respondent. )

### JUDGMENT IN A CIVIL CASE

**Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

**X Decision by Court.** This action came before the Court. The issues have been determined and a decision has been rendered.


    **IT IS ORDERED AND ADJUDGED** that

    movant's Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255 is DENIED; the Motion to Strike the Statement of Frederick A. Duchardt, Jr. is DENIED; the Motion to Set Matter for an Evidentiary Hearing is DENIED; and the Motion for Leave to File Late Response to Motion to Strike Statement of Frederick A. Duchardt Jr. is DENIED.


   09/29/09                            Ann Thompson
Date                                 Clerk of Court


    **/s/ Rhonda Enss**
    (by) Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

WESLEY IRA PURKEY,              )
                                )
                Petitioner,     )
                                )
v.                              ) No. 06-8001-CV-W-FJG
                                )
UNITED STATES OF AMERICA,       )
                                )
                Respondent.     )

## ORDER

Currently pending before the Court is petitioner's Motion to Alter or Amend the

Judgment (Doc. # 91) and Motion to Withdraw Habeas Proceedings (Doc. # 99).

## I. BACKGROUND

On September 29, 2009, this Court entered an order denying Purkey's Motion to

Vacate, Set Aside or Correct His Sentence (Doc. # 89). Purkey has now filed a Motion

Seeking to Alter or Amend that Judgment.

## II. STANDARD

> A motion to alter or amend judgment pursuant to
> Fed.R.Civ.P. 59(e) serves the limited purpose of correcting
> manifest errors of law or fact or presenting newly discovered
> evidence. . . . It is not appropriate to use a Rule 59(e) motion
> to repeat arguments or to raise new arguments that could
> have been made before judgment. . . . District courts have
> broad discretion when deciding whether or not to grant a
> motion to amend judgment.

In re General Motors Corp. Anti-Lock Brake Products Liability Litigation, 174 F.R.D. 444,

446 (E.D.Mo. 1997), aff'd sub nom. Briehl v. General Motors Corp., 172 F.3d 623 (8th

Cir. 1999)(citations and internal quotations omitted). See also, Peters v. General

Service Bureau, Inc., 277 F.3d 1051,1057 (8th Cir. 2002)("Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion.").

28 U.S.C. § 2255 states in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

"A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Baranski v. U.S., No. 4:05CV657 CAS, 2006 WL 472451, *3 (E.D.Mo. Feb. 27, 2006), aff'd, 515 F.3d 857 (8th Cir. 2008)(internal citations and quotations omitted).

### III. DISCUSSION

Purkey argues first that the Court misapplied the law and should vacate the judgment and strike the affidavit provided by trial counsel, Fred Duchardt. Purkey states that the attorney-client privilege was waived, but not to the extent of Mr. Duchardt's disclosures. Secondly, Purkey argues that the Court misapplied the law and should vacate the judgment and receive testimony as to the allegations in the Motion to Vacate. Purkey argues that there are disputed facts contained in the affidavits that he presented and Mr. Duchardt's affidavit, which cannot be resolved without a hearing.

The Government argues that there was nothing improper in Mr. Duchardt's affidavit and that he did not inappropriately breach the attorney-client relationship and

2

instead revealed only that information that was necessary in order to respond to the numerous allegations of ineffective assistance of counsel. Additionally, the Government argues that Court correctly determined that there was no need for a evidentiary hearing because the trial record, the affidavit of Mr. Duchardt and the affidavits submitted by Purkey were sufficient for the Court to determine that a hearing was not necessary.

With regard to the affidavit of Mr. Duchardt, the Court finds that there is no reason to strike this affidavit. As stated in the Order directing Mr. Duchardt to file the Affidavit, because Purkey argued that Mr. Duchardt was ineffective, he waived his attorney-client privilege. Post-conviction counsel argue that Mr. Duchardt's affidavit goes too far and reveals too much. However, simply because they do not like what was said in the Affidavit is no reason to strike the affidavit. Purkey makes numerous and detailed claims of ineffectiveness against Mr. Duchardt. The revelations in the affidavit were necessary in order to rebut those allegations.

Counsel for Purkey also argues that this Court should hold an Evidentiary Hearing. However, as stated in the Order denying Purkey's Motion to Vacate, Set Aside or Correct His Sentence, "[a] district court does not err in dismissing a movant's § 2255 Motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. United States, 447 F.3d 1130,1132 (8th Cir. 2006) (citing Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199, 124 S.Ct. 1460, 158 L.Ed.2d 116 (2004)). Purkey argues that this Court must weigh the mitigation evidence that was presented against the mitigation evidence that

3

*could* have been presented and that the Court must allow the development of facts outside the record. Purkey cites to <u>Williams. v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), and <u>Nelson v. United States</u>, 297 Fed.Appx. 563 (8th Cir. Oct. 27, 2008)[1] in support of this proposition. In <u>Williams</u>, the attorney failed to introduce five different categories of mitigating evidence. In this case, there is no claim that Mr. Duchardt failed to introduce entire categories of evidence, post-conviction counsel simply claim that he should have introduced *more* mitigation witnesses. Mr. Duchardt submitted twenty-seven mitigating factors to the jury and called eighteen mitigation witnesses who testified concerning the sexual, physical and psychological abuse that petitioner suffered during his childhood and adolescence. In spite of this substantial amount of mitigation testimony, not one juror voted for a single mitigating factor. So, even if petitioner's counsel had called different or additional witnesses or introduced more or additional mental health or abuse evidence, there is not a "reasonable probability" that the result would have been different. In <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984), the Court stated, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694. In the instant case, even considering the additional mitigation evidence that Duchardt could have presented, the Court finds that it does not "undermine confidence in the outcome." This conclusion

---

[1] The Court finds <u>Nelson v. United States</u>, 297 Fed.Appx. 563 (8th Cir. Oct. 27, 2008), distinguishable because in that case, both sides agreed that an evidentiary hearing was necessary. In this case, the Government does not concede that a hearing is necessary.

4

is supported by the jury's actions in failing to find a single mitigating factor. Accordingly, the Court finds that no hearing is necessary, because even if Purkey's allegations are true, he would not be entitled to relief.

### IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Purkey's Motion to Alter or Amend the Judgment (Doc. # 91).

Purkey had also filed a Pro Se Motion to Withdraw Habeas Proceedings and to Set an Expeditious Execution Date Set (Doc. # 99). However, shortly after he filed this Motion, Purkey's counsel filed a Motion asking that Purkey's pro se motion be withdrawn stating that he had spoken with Purkey and he requested that his counsel notify the Court that he did not wish to dismiss this action or have an execution date set. Accordingly, the Motion to Withdraw is hereby **GRANTED** (Doc. # 100) and Purkey's Pro Se Motion (Doc. # 99) is hereby **WITHDRAWN**.


Date:  12/22/09  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge

5

| | | |
|---|---|---|
| WESLEY IRA PURKEY, | ) | No. 06-8001-CV-W-FJG |
| Movant, | ) | |
| | ) | |
| v. | ) | APPLICATION FOR CERTIFICATE |
| | ) | OF APPEALABILITY |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 2253(c)(1) and Rule 22(b)(1), Federal Rules of Appellate Procedure (FRAP), Purkey requests a certificate of appealability on the four issues addressed herein. Purkey seeks to appeal from this Court's denial of his Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 47), his Motion to Strike the Statement of Frederick A. Duchardt, Jr. (Doc. 83), and his Motion to Set Matter for an Evidentiary Hearing (Doc. 84). This Court's order was dated September 29, 2009 (Doc. 89), and the order denying the motion to alter or amend the judgment was dated December 22, 2009 (Doc. 102).[1] Under Rule 22(b)(1), this Court "must either issue a certificate of appealability or state why a certificate should not issue."

**A. The legal standard governing issuance of a certificate of appealability**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires, as a precondition to appellate review of the denial of a motion brought pursuant to 28 U.S.C. § 2255, that a certificate of appealability issue upon a showing that the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[1] A notice of appeal is filed contemporaneously herewith.

1

2253(c)(2).  *See Hohn v. United States*, 524 U.S. 236, 249 (1998).  The Supreme Court of

the United States has determined definitively what standards must be met by a litigant

who seeks a COA. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*,

529 U.S. 473 (2000).  In essence, the Court has adopted to AEDPA the standards that

applied to the issuance of the former certificate of probable cause required in pre-AEDPA

*habeas* litigation, as that standard was enunciated in *Barefoot v. Estelle*, 463 U.S. 880

(1983).[2]

> In *Slack*, the Court stated:

> Where a district court has rejected the constitutional claims on the merits,
> the showing required to satisfy § 2253(c) is straightforward: The Petitioner
> must demonstrate that reasonable jurists would find the district court's
> assessment of the constitutional claims debatable or wrong.

> *Slack*, 529 U.S. at 484.

> In *Miller-El*, the Court summarized its view as follows:

> Consistent with our prior precedent and the text of the habeas corpus
> statute, we reiterate that a prisoner seeking a COA need only demonstrate
> "a substantial showing of the denial of a constitutional right." 28 U.S.C. §
> 2253(c).  A petitioner satisfies this standard by demonstrating that jurists of
> reason could disagree with the district court's resolution of his
> constitutional claims or that jurists could conclude that the issues presented
> are adequate to deserve encouragement to proceed further.

*Miller-El*, 537 U.S. at 327.  The Court explained further:

> The COA determination under § 2253(c) requires an overview of the claims
> in the habeas petition and a general assessment of their merits. We look to
> the District court's application of AEDPA to petitioner's constitutional

---

[2] Prior to AEDPA, there was no requirement that a certificate of probable cause issue as a precondition to appellate review of a challenge to a *federal* conviction. The former requirement of a certificate of probable cause applied only to state prisoners acting pursuant to 28 U.S.C. § 2254.

2

claims and ask whether that resolution was debatable among jurists of reason. This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it.

*Miller-El*, 537 U.S. at 336. As developed further in *Miller El*, the issuance of a COA,

does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in *Slack* would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "has already failed in that endeavor." *Barefoot*, *supra*, [463 U.S.] at 893, n.4.

*Miller El*, 537 U.S. at 337. Also in accord with this approach are *Tennard v. Dretke*, 124

S.Ct. 2562, 2569, 2573 (2004) and *Banks v. Dretke*, 540 U.S. 668, 705 (2004). *See also*,

*Carson v. Director*, 150 F.3d 973, 975 (8th Cir. 1998) ("[Petitioner] had made a

'substantial showing that reasonable courts might differ' as to whether the jury

instructions violated his due process rights," and, therefore, a COA properly issued).

There is one additional facet to this discussion. That this 2255 arises in the context

of a death-sentence is an additional reason that favors granting the COA. In *Barefoot v.*

*Estelle*, the Court noted that "in a capital case, the nature of the penalty is a proper

consideration" in determining whether to issue a COA. *Barefoot*, 463 U.S. at 893. *See*

*also Jermyn v. Horn*, 266 F.3d 257, 279 n. 7 (3d Cir. 2001) ("'In a capital case, the nature

of the penalty is a proper consideration in determining whether to issue a [COA]'");

*Graves v. Cockrell*, 351 F.3d 143, 150 (5th Cir. 2003) ("Any doubt regarding whether to

grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be

considered in making this determination"); *Clark v. Johnson*, 202 F.3d 760, 763 (5th Cir. 2000) ("[I]n capital cases, doubts as to whether a COA should issue must be resolved in favor of the petitioner"); *Valerio v. Crawford,* 306 F.3d 742, 767 (9th Cir. 2002) ("Because this is a capital case, we resolve in Valerio's favor any doubt about whether he has met the standard for a COA").

### B. A COA should issue with regard to the following issues

1. A COA should issue to review the question of whether Purkey was denied the effective assistance of counsel in that counsel failed to adequately investigate and present the available mitigation evidence.

This ground was asserted as Grounds V through X in the 2255 Motion. Doc. 47 at 10-33. The facts and legal bases for relief were argued in detail in the Suggestions and Memorandum of Law In Support of the 2255 Motion and the Reply. Doc. 52 at 11-36; Doc. 82 [Reply] at 2-53. This ground asserts that, while trial counsel did present some mitigating evidence, counsel failed to adequately investigate and present significant mitigation evidence to the jury and to the defense experts for incorporation into their testimony. Purkey submitted numerous affidavits in support of his arguments, a number of which contradicted the asserted "factual" statements by trial counsel concerning his investigation.

In essence, counsel was ineffective in the same fashion as counsel in *Wiggins v. Smith*, 539 U.S. 510 (2003) and *Rompilla v. Beard*, 545 U.S. 374 (2005). Counsel failed to retain the services of a mitigation specialist, conducted only minimal background social history interviews himself, and, therefore, could not provide the complete and accurate information to the testifying experts for the defense or the jury.

4

Moreover, all of counsel's alleged "strategy" reasons offered even for the failure to interview witnesses, let alone present their testimony, lead to the same problem as in *Wiggins* and *Rompilla* where the issue was "not whether counsel should have presented a mitigation case. Rather, we focus on whether the investigation supporting counsel's decision not to introduce mitigating evidence of Wiggins' background *was itself reasonable*." *Wiggins*, 537 U.S. at 523 (emphasis in original).

Just as in *Wiggins* and *Rompilla*, there could be no valid reason for failing to adequately investigate. Likewise, in the absence of information that would have been obtained in an adequate investigation, counsel could not make a valid tactical decision not to present evidence that counsel was not even aware of.

Nonetheless, at bottom, Purkey's trial counsel urged this Court to find his performance effective when he did not interview a number of the relevant mitigation witnesses (including Rex Newton, Ph.D., a neutral mental health expert employed by the State of Oregon, and Dion Leiker and Floyd Bose, former law enforcement officers in the State of Kansas), and inadequately interviewed Purkey's family members by attempting to elicit sensitive information in the presence of other people. Counsel also advanced numerous strategic reasons for not calling powerful mitigation witnesses when he had not even interviewed those witnesses and could, therefore, have no idea what they would say.

As *Wiggins*, *Rompilla*, the Guidelines, and the other authorities cited in the 2255 Motion (Doc. 47), the Memorandum in Support (Doc. 52), and the Reply (Doc. 82), make clear, the Sixth Amendment demands more of trial defense counsel in a capital case.

5

Counsel in this case was simply ineffective and Purkey was prejudiced by counsel's failures because he was deprived of powerful mitigation evidence, including:

- corroboration and substantive information from Purkey's brother, Gary, and Purkey's friend, Peggy Martenay Noe, regarding Purkey's father's violence and his mother and grandmother's sexual abuse of Purkey and his brother;

- rebuttal evidence, countering the government's argument of recent fabrication, establishing Purkey's prior report of the sexual abuse to Dr. Newton in the Oregon Department of Corrections;

- rebuttal evidence from Dr. Newton countering the government's arguments that Purkey was racist and active in prison gangs; and

- significant positive character evidence, including very favorable testimony from two former law enforcement officers, Mr. Bose and Ms. Leiker.

Counsel also failed to adequately prepare defense witnesses for their testimony. This failure resulted in expert witnesses Bruce Leeson, Ph.D., Stephen Peterson, M.D., and Mark Cunningham, Ph.D., failing to provide any meaning or details to describe the generic label of "sexual abuse" endured by Purkey and in the experts losing credibility during cross-examination due to their unfamiliarity with portions of Purkey's background records and history. Important lay witnesses, Gary Hamilton and Angie Genail, provided only superficial, generic testimony due to the failure to adequately prepare them for their testimony. Finally, due to the failure to adequately interview and prepare "mitigation" witnesses, William Grant, M.D. and Mark Russell, counsel presented testimony that was more aggravating than mitigating.

In ruling on these issues, this Court simply made conclusory findings that Purkey "failed to overcome the presumption that Mr. Duchardt's actions were not sound trial strategy." The Court also made conclusory findings that counsel's "actions did not fall below an objective standard of reasonableness" and Purkey could not establish prejudice from counsel's actions or inactions. Doc. 89 at 4. Specifically, the Court relied on the assertion that "no jurors voted for a single mitigating factor," Doc 89 at 11, based on the evidence counsel presented to support the logically faulty extension of that assertion – i.e., jurors would, therefore, have necessarily rejected any and all evidence that counsel could have *but did not* prepare and present.

In addressing whether Purkey is entitled to a certificate of appealability, this Court need only make a threshold inquiry rather than fully considering whether Purkey has established entitlement to relief. *Miller-El v. Cockrell*, 537 U.S. at 337. This Court's assessment requires only "an overview of the claims" and "a general assessment of their merits." *Id.* At minimum, Purkey has established that reasonable jurists could debate whether he is entitled to relief, even if he might not prevail after "the case has received full consideration." *Id.* at 338. While Purkey submits that he can and will prevail on the merits, the question here is only "the debatability of the underlying constitutional claim, not the resolution of the debate." *Id.* at 342. Because the debatability has been established, Purkey is entitled to a certificate of appealability on this claim.

2.  <u>A COA should issue to review the question of whether an evidentiary hearing should have been conducted regarding Movant's claims of ineffective assistance of counsel, and whether this Court's findings are sufficient to provide for meaningful appellate review.</u>

a.  An evidentiary hearing is required.

In dismissing Purkey's motion without an evidentiary hearing, this Court, per force, accepted the allegations in Purkey's 2255 motion as true. After all, § 2255 requires a hearing as follows: "Unless the motion and *the files and records of the case* conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255 (emphasis added); *accord*, *Nelson v. United States*, 297 Fed. Appx. 563, No. 07-3071 (8th Cir. Oct. 27, 2008) (remanded because evidentiary hearing was required on several claims of ineffective assistance);[3] *Koskela v. United States*, 235 F.3d 1148 , 1149 (8th Cir. 2001) (remanded because evidentiary hearing was required on claim of ineffective assistance in failing to call certain witnesses).[4]

---

[3] Attached per FRAP 32.1.

[4] *See also Latorre v. United States*, 193 F.3d 1035 (8th Cir. 1999) (remanded because evidentiary hearing was required because the record was inconclusive on movant's claim); *Smith v. United States*, 182 F.3d 1023 (8th Cir. 1999) (remanded because evidentiary hearing was required regarding prisoner's ineffective assistance of counsel claim); *Shaw v. United States*, 24 F.3d 1040 (8th Cir. 1994) (remanded because evidentiary hearing was required because the claim of ineffective assistance was not "inadequate on its face"); *Neary v. United States*, 998 F.2d 563 (8th Cir. 1993) (remanded because evidentiary hearing was required on claim of ineffective assistance); *United States v. Unger*, 665 F.2d 251 (8th Cir. 1981) (remanded because evidentiary hearing was required on claim of ineffective assistance not refuted by the record); *Rose v. United States*, 513 F.2d 1251 (8th Cir. 1975) (remanded because evidentiary hearing was required on movant's claim that he was incompetent at the time of his guilty plea).

Interestingly, this Court's judgment relies heavily on the 117-page affidavit provided by Frederick Duchardt, while ignoring the thirty-one affidavits filed by Purkey.[5] The competing affidavits filed in this case clearly establish "question[s] of fact." *West v. United States,* 994 F.2d 510 (8th Cir. 1993) (remanded for evidentiary hearing because movant's allegations were sufficient to make a "question of fact"). In addition, the numerous factual disputes in the assertions made in the copious affidavits Purkey has filed and the one provided by Duchardt cannot be resolved without taking testimony. *See*, *e.g.*, *Watson v. United States*, 493 F.3d 960 (8th Cir. 2007) (remanded because evidentiary hearing was required before court could decide credibility questions); *Donahue v. United States*, 2000 U.S. App. LEXIS 18 (8th Cir. 2000) (remanded because evidentiary hearing was required where the government presented only the affidavit of trial counsel as evidence to rebut the claim of ineffective assistance of counsel). Nonetheless, this Court held:

> [N]o hearing is necessary in this case, because even if movant's allegations are true, and Mr. Duchardt was ineffective for failing to call certain witnesses or to present a more complete mitigation case, movant would not be entitled to relief. As noted above, of the twenty-seven mitigating factors which were presented to the jury, no jurors voted for a single mitigating factor. So, even if movant's counsel had called different or additional witnesses or introduced more or additional mental health or evidence relating to his abuse as a child and young adult, it is unlikely that the jury would have considered this mitigating evidence or that they would have sentenced movant to life in prison.

---

[5] Eight with his original motion (DOC 47), four with his supporting memorandum (DOC 52), fourteen with his reply (DOC 82) and five with his motion to strike Duchardt's affidavit (DOC 83).

(Doc. 89 at 10). In reaching this conclusion, this Court applied three critical principles in a way that is certainly debatable among reasonable jurists.

First, the "reasonable probability of a different result," has a unique importance in the capital context. The sentencing phase is "the most critical phase of a death penalty case." *Smith v. Mullin*, 379 F.3d 919, 939 (10th Cir. 2004), *quoting Romano v. Gibson*, 278 F.3d 1156, 1180 (10th Cir. 2002). It is then that "the jury is called upon to make a 'highly subjective, unique, *individualized* judgment regarding the punishment that a particular person deserves,'" *Turner v. Murray*, 476 U.S. 28, 33 (1986) (emphasis added), *quoting Caldwell v. Mississippi*, 472 U.S. 320, 340 n.7 (1985). In the federal death penalty scheme, a non-unanimous jury in the penalty phase spares the defendant's life. *See* 18 U.S.C. § 3591 et seq. In *Wiggins v. Smith*, 539 U.S. 510, 536 (2003), the Court noted that in this type of death penalty scheme, confidence in the outcome is undermined where there is "a reasonable probability that *at least one juror* would have struck a different balance." (emphasis added).

Second, to prove that he was prejudiced by his attorneys' deficient performance at trial, Purkey does not even have to prove that but for that deficient performance one such juror *would have* voted to spare his life; only that such is a "reasonable probability." In *Kyles v. Whitley*, 514 U.S. 419 (1995), the Court made clear:

> The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.

*Id.* at 434; *see also Strickland v. Washington*, 466 U.S. 668, 693 (1984) ("a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case"); *Nix v. Whiteside*, 475 U.S. 157, 175 (1986) ("a defendant need not establish that the attorney's deficient performance more likely than not altered the outcome in order to establish prejudice"). "[T]he adjective ["reasonable"] is important." *Kyles*, 514 U.S. at 434. Indeed, as explained in *Strickland* itself:

> "[R]easonable probability of a different result" is thus *less than a preponderance of the evidence*. It is present when an evaluation of all of the evidence that should have been before the jury is "sufficient to undermine confidence in the outcome."

*Strickland*, 466 U.S. at 693 (emphasis added).

Finally, in a capital case, a "reasonable probability" of a different sentence can only be determined by weighing the full "body of mitigation evidence" that was presented and that could have been presented that "might well have influenced the jury's appraisal of [the defendant's] moral culpability." *Williams v. Taylor*, 529 U.S. 362, 398 (2000). Without hearing the mitigation evidence that *could have been* presented, this Court has nothing with which to judge whether, when added to the mitigation actually presented, the full body of mitigation produced a "reasonable probability" that at least one juror would have voted to spare Purkey's life. Instead of looking at the full body of mitigation that the jury should have heard, this Court's judgment contorts the law and concludes that since the jury was not swayed by the mitigation that was presented it also would have rejected the full body of mitigation that *could have been* presented. This unsupported reasoning will make it impossible for any capital defendant to prove

11

prejudice. Specifically, under this Court's reasoning, even if trial counsel had presented no mitigation evidence prior to the jury's rejection of mitigating factors, Purkey could not establish prejudice in §2255 proceedings. That is not the state of the law.

Equally problematic with this Court's conclusion in this regard is its inconsistent opinion as to what the jury did or did not do with respect to finding mitigating factors. On the one hand, in rejecting Purkey's claim that his jury did not even acknowledge the mitigating factors before voting on them, this Court's judgment finds that the jury "simply chose not to give any weight to that evidence, which under the law they are entitled to do." (Doc. 89 at 9). But, then, to find that Purkey could not establish any prejudice from his claims of ineffective assistance of counsel, this Court's judgment opines that "no jurors voted for a single mitigating factor." (Doc. 89 at 11). Neither statement can be made with any certainty. The fact is that the Verdict form is simply blank as to any mitigating factor. At trial, this Court was initially willing to ask the jurors to complete the form, but the Government retorted, "Absolutely no[t]." (TR 2313). No inquiry was made, though Purkey's case is the only case out of the Western District of Missouri in which the jury simply left the form *blank* as to all mitigating factors.[6]

The lack of any voting on Purkey's mitigating factors makes it impossible to ascertain what evidence the jury considered to be mitigating, how it may have weighed

---

[6] *Compare United States v. Moore*, No. 94-00194 (W.D. MO) (votes indicated – deadlocked); *United States v. Ortiz*, No. 98-00149 (W.D. MO) (votes indicated – death verdict); *United States v. Sinisterra*, No. 98-00311 (W.D. MO) (votes indicated – death verdict); *United States v. Tello*, No. 98-00311 (W.D. MO) (votes indicated – non-unanimous verdict); *United States v. Nelson*, No. 99-00303 (W.D. MO) (votes indicated – death verdict); *United States v. Haskell*, No. 00-00395 (W.D. MO) (votes indicated – life verdict); *United States v. Smith*, No. 02-05025 (W.D. MO) (votes indicated – non-unanimous verdict); *United States v. Montgomery*, No. 05-06002 (W.D. MO) (votes indicated – death verdict).

that evidence and how the full body of mitigating evidence that could have been presented would have been viewed by each *individual* juror. Indeed, the Eighth Circuit recognized as much in Purkey's direct appeal, noting that a "jury's identification of proven mitigating factors facilitates appellate review, especially when we have to evaluate the effect of any error on the sentence that the jury recommended." *United States v. Purkey*, 428 F.3d 738, 763 (8th Cir. 2005); *see also United States v. Rodriguez*, 2009 U.S. App. LEXIS 20921, *51-52, No. 07-1316 (8th Cir. September 22, 2009) (noting that the recorded votes on the mitigating factors facilitated appellate review).

In *Rodriguez*, the Government had argued that "the issue of punishment for the Defendant is not an issue of how it affects his family." *Id*. at 50. The majority agreed that this argument crossed the line. *Id*. at 50-51. Pointing to the jury's penalty-phase verdict form, however, the majority noted that the jury had "unanimously found that six members of Rodriguez's family 'will suffer emotional pain if [Rodriguez] is executed.'" *Id*. at 52. Thus, the recorded votes established that the *Rodriguez* jury had not "ignore[d] the family-impact" but simply imposed death in spite of that factor. *Id*. The same review cannot be had here because Purkey's jury did not record *anything*. Thus, there can be no assurance that the jury actually considered the mitigation, let alone that the jury considered it and rejected it. A blank form simply does not support either contradictory inference that this Court reaches.

This Court's judgment hinges on an assessment that it is "unlikely" that the jury "would have sentenced movant to life in prison" even if it heard his full body of mitigating evidence because it was not moved by what it actually heard. Aside from the

unsupported reasoning, this ignores the trouble the jury quite obviously had in returning its death verdict.  The jury struggled for nearly eleven hours over the course of two days: It began deliberating at 11:30 a.m. on November 18, 2003, and recessed for the night at 4:15 p.m. (TR 10, 2297, 2309).  The jury resumed deliberations at 8:37 a.m. on November 19, 2003 (*United States v. Purkey*, No. 4:01-cr-00308-FJG, Doc. 482), and it returned its verdict just over six hours later at 2:45 p.m.  *Id.*  This totals 10 hours, 53 minutes.  This was not a "slam dunk" for the Government even with the incomplete mitigation case presented by trial counsel.  Thus, it cannot be said that had the jury heard the full body of mitigating evidence available to trial counsel that there is no reasonable probability that even one juror would have held out for a life verdict.  This issue is, at minimum, debatable among jurists of reason and, therefore, warrants a certificate of appealability.

      b.      The judgment is insufficient to provide for meaningful appellate review.

Finally, this Court's conclusory judgment rejecting Purkey's allegations of ineffective assistance are not in accord with § 2255, which requires this Court to determine the issues and make findings of fact and conclusions of law with respect thereto.  Purkey has presented seventeen allegations of ineffective assistance of counsel and supported those with twenty-six affidavits.[7]  Nonetheless, this Court's judgment largely ignores the allegations and never discusses any of the specific claims or evidence that counsel should have found and offered at trial.  The entire discussion of Purkey's

---

[7] This excludes the five affidavits submitted with Purkey's motion to strike Duchardt's affidavit.

ineffective assistance claims fills less than two pages. While the findings mandated by §

2255 do not require this Court to enumerate every fact, this Court "must formulate

findings on the ultimate facts necessary to reach a decision." *Collins v. Henderson*, 180

F.3d 988, 990 (8th Cir. 1999). Ultimately, the findings of fact must "afford a reviewing

court a clear understanding of the basis of th[is] [C]ourt's decision." *Id*. The only

reference even to any type of claim Purkey presented came in the concluding paragraph

of this discussion and then only generically recited that Purkey had alleged that his

attorneys were "ineffective for failing to call certain witnesses or to present a more

complete mitigation case." (Doc. 89 at 11). This does not formulate the facts necessary

to reach the conclusion that, even if Purkey could show that counsel's performance was

deficient, he could not prove that he was thereby prejudiced. Reasonable jurists could

debate this issue and a certificate of appealability is warranted.

> 3. A COA should issue to review the question of whether Frederick Duchardt's 117-page affidavit exceeded the scope of Purkey's waiver of his attorney-client privilege.

In denying Purkey's motion to strike the 117-page affidavit prepared by Frederick

A. Duchardt, which is more in the form of a formal adversary's brief, this Court relied

solely on the black letter law that justified its initial Order to execute *an* affidavit. (Doc.

89, pp 4-5, *citing Tasby v. United States,* 504 F.2d 332, 336 (8th Cir. 1974), *cert. denied*,

419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975) and *Stobaugh v. United States*, No.

06-3317-CV-S-RED, 2007 WL 628420, *1, n.1 (W.D.Mo. Feb. 27, 2007)). This misses

the point. Purkey never contended that his attorney could not execute *an* affidavit;

indeed, he did not oppose the Government's motion for an Order compelling Duchardt to

do so. Purkey's objection to *this* affidavit is that (a) Duchardt unearthed far more attorney/client privileged communications than what Purkey's post-conviction claims warrant (b) without giving Purkey adequate notice so he could seek relief from the disclosures before they fell into the Government's hands and (c) conducted independent legal research and analysis seeking to disprove his former client's legal arguments (*See* Doc. 83 at 8-29).

This Court's judgment begins from the correct premise, i.e., "this Court found that movant had waived his attorney-client privilege as to his ineffective assistance of counsel claims…" (Doc. 89 at 5). This Court's conclusion "that Mr. Duchardt did not act improperly in filing the Affidavit nor did he violate his duty of loyalty or his duty of confidentiality, *as the attorney-client privilege had been waived*," (Doc. 89 at 5) (emphasis added), however, does not follow. *The* attorney-client privilege was not waived *to the extent of Duchardt's disclosures*. The waiver authorized by *Tasby* and the rules of professional conduct is much narrower than this Court's conclusion implies. Under ABA Model Rule 1.6(b)(5) a "lawyer may reveal information relating to the representation of a client to the extent the lawyer *reasonably* believes *necessary*...to respond to allegations in any proceeding concerning the lawyer's representation of the client..." (emphasis added); *accord* Missouri Supreme Court Rule 4-1.6(b)(3) and Comment to Rule 4-1.6, ¶ 17.[8]

> [T]he rule *allows disclosure of only that information which is reasonably necessary to respond to the specific allegations* of malpractice, ineffective

---

[8] The Missouri Supreme Court Rules of Professional Conduct govern counsel admitted to practice in this Court. Local Rule 83.5(c)(2).

assistance of counsel or ethical misconduct.  In certain instances, attorneys have exceeded this restriction, apparently in an effort to exact a toll upon the client alleging misconduct or malpractice against their attorney. The rule prohibits such, and an attorney's engaging in this type of conduct subjects him to disciplinary action, and possible civil liability.

J. McLain, "OPINIONS OF THE GENERAL COUNSEL: CONFIDENTIALITY – CAN YOU KEEP A SECRET?" 62 Ala. Law. 296, 297-298 (Sept. 2001) (emphasis added).

This Court's judgment, however, eliminates this limitation and transforms the limited waiver of privilege into a blanket waiver that gives counsel an unfettered license to disclose any and all privileged communications whether relevant to a claim of ineffectiveness or not.  Such an exception swallows the rule.  "An ethical code is not a garment that lawyers may don and doff at pleasure." *McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1264 (5th Cir. Tex. 1983).  The Professional Rules and *Tasby* required this Court to analyze each of Purkey's specific allegations of ineffectiveness and determine whether each response in Duchardt's 117-page affidavit was reasonably necessary to answer Purkey's specific allegations.  Because reasonable jurists could debate this issue, a certificate of appealability is warranted.

> 4.  <u>A COA should issue to review the question of whether trial counsel rendered ineffective assistance in not calling Dr. Peterson to rebut the Government's unfounded charge that Purkey had fabricated his recantation of the kidnaping "[r]ight before this trial" rather than having done so more than a year before trial.</u>

The Government elicited from Agent Tarpley that "[r]ight before this trial" was the first time he had ever heard that Purkey was claiming not to have kidnaped Ms. Long. Tr. 566.  The Government then elaborated to the jury that Purkey had just "change[d] his story" in order to avoid the death penalty; "he's trying to get out of it"; and "All the way

up, all the way through this case up until recently it's been I kidnaped her, I kidnaped her, I kidnaped her." Tr. 1135.

This, however, misled the jury. Purkey had denied the kidnaping throughout the course of his case. When he first met with anyone on the defense team, he told them that he did not kidnap Ms. Long; indeed, he frequently asked to take a polygraph with respect to the kidnaping. On August 13, 2003, Dr. Peterson authored his report, which detailed his four interviews of Purkey a year earlier – September 19, 2002; October 10, 2002; November 6, 2002; and December 30, 2002. During those interviews, Purkey had denied kidnaping Ms. Long, telling Dr. Peterson that she had gone with him voluntarily. Exhibit 23 at 45-46. Before trial, this Court sustained the Government's motion *in limine* to preclude Dr. Peterson from testifying that Purkey had denied kidnaping Ms. Long. Doc. 337, 440.

On November 4, 2003, *immediately* before court reconvened to hear the defense case-in-chief, Duchardt informed Purkey that he had to testify because the defense had nothing else on which to base its argument that there was no kidnaping. This had not been the plan before trial; indeed, O'Sullivan had *less than one hour* in which to prepare herself and her client. She told Purkey that if he mentioned his statements to Dr. Peterson, the court would strike his *entire* testimony. Neither she, nor Duchardt prepared Purkey to face cross-examination. He was left to flounder on his own.

On cross-examination, government counsel asserted, "here recently you have come up with this new story that you didn't kidnap her?" Tr. 1008. Believing O'Sullivan that his *entire* testimony would be struck if he documented his recantations, Purkey

simply replied, "That's true." Tr. 1008. Not only did defense counsel not correct this on re-direct, they did not rebut it by calling Dr. Peterson to testify. In this regard, Duchardt told Purkey after trial that he could have called Dr. Peterson, but he did not think to do it.

Trial counsel were ineffective in failing to call Dr. Peterson to testify about Purkey's prior consistent statement in order to rehabilitate Purkey. This would have supported counsel's defense theory and bolstered Purkey's credibility which was central to his defense. His prior consistent out-of-court statement was *not hearsay* when "offered to rebut an express or implied charge against the declarant of recent fabrication…." *United States v. Bercier*, 506 F.3d 625, 629 (8th Cir. 2007) *quoting* FRE 801(d)(1)(B).

Here, Dr. Peterson's testimony would have described Purkey's prior consistent out-of-court statement, offered to rebut the government's unfounded charge that Purkey had fabricated his recantation "[r]ight before this trial." Dr. Peterson could have testified that: Purkey invited Ms. Long to party with him, thinking he was talking to a prostitute. Exhibit 23 at 45. "[She] wanted to go to Kansas City, Kansas with him." *Id.* at 46. He told the FBI that he kidnaped her, however, so that he would get a "federal crime of kidnaping." *Id.*

These prior consistent statements came long before the charged recent fabrication, and reasonably competent attorneys would have offered them. Nothing was more important to Purkey's case than his own credibility. *See, e.g.,* Tr. 1104 ("It is ironic that both we and the government are *absolutely dependent on one man's credibility* and

believability in this case, and that one man is Wes Purkey.") (emphasis added). The government sought the upper hand by misleading the jury to believe that Purkey's recantation of the kidnaping had come not two years before trial but *right before trial*. And the simple fact is that there is no reasonable strategy for not calling Dr. Peterson, who was ready, willing and able to testify. Counsel's failure to do so did irreparable harm to Purkey. This issue is debatable amongst jurists and warrants a certificate of appealability.

<u>CONCLUSION</u>

For the reasons set forth above, this Court should grant a certificate of appealability on each of the asserted claims and grant any additional relief the Court may deem just or proper.

Respectfully submitted,

| | |
|---|---|
| Teresa L. Norris, Esq. | Gary E. Brotherton, Esq. |
| P.O. Box 11744 | 601 W. Nifong Blvd., Ste. 1C |
| Columbia, SC 29211 | Columbia, Missouri 65203 |
| (803) 765-1044 (Phone) | (573) 875-1571 Phone |
| (803) 765-1143 (Fax) | (573) 875-1572 Fax |
| teresa@blumelaw.com | GEBrotherton@LegalWritesLLC.com |
| Co-counsel to Movant | Co-counsel to Movant |

By:    /s/  Teresa L. Norris
TERESA L. NORRIS
Co-counsel to Movant

## CERTIFICATE OF SERVICE

This will certify that, on today's date, this application was served upon the United States by filing same via CM/ECF.

/s/ Teresa L. Norris
Teresa L. Norris

Dated: Columbia, SC
March 24, 2010

# United States Court of Appeals
### FOR THE EIGHTH CIRCUIT

———————————

No. 07-3071

———————————

|  |  |  |
|---|---|---|
| | * | |
| Keith D. Nelson, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |
| | * | |

———————————

Submitted: January 9, 2008
Filed: October 27, 2008

———————————

Before SMITH, BRIGHT, and HANSEN, Circuit Judges.

———————————

PER CURIAM.

This case pends upon the appellant's 150-page motion for a certificate of appealability.

Following his guilty plea to the kidnap and murder of a ten-year-old girl, a federal jury sentenced Keith D. Nelson to death. This sentence was affirmed on appeal, see United States v. Nelson, 347 F.3d 701 (8th Cir. 2003), and the Supreme Court denied certiorari review, Nelson v. United States, 543 U.S. 978 (2004).

Nelson then filed his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the district court.  The district court determined that no evidentiary hearing was necessary and that the claims Nelson raised were able to be determined by the trial record, and the court dismissed both Nelson's § 2255 motion and his companion motion to disqualify the district judge.  Nelson filed a motion pursuant to Federal Rule of Civil Procedure 59 to alter or amend the judgment entered on his § 2255 motion, which the district court denied.  He then filed a notice of appeal and sought a certificate of appealability from the district court, seeking certification on each of the some 60 separate claims of ineffective assistance of his trial and appellate counsel asserted in his § 2255 motion, the denial of his recusal motion, and the separate denial of his motion for additional funding of expert and investigative services.  The district court denied the certificate, and Nelson filed the pending motion for a certificate of appealability with this court.

We have carefully reviewed the pending motion and the district court's orders. We are satisfied that an evidentiary hearing should have been held on some of the Appellant's claims of ineffectiveness of counsel.  Our cases teach that issues regarding the ineffectiveness of counsel often require a hearing to consider evidence not disclosed on the face of the trial record.  See, e.g., Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992) (noting that remand for an evidentiary hearing is necessary where the record is inconclusive on a claim for ineffective assistance of counsel); United States v. Dubray, 727 F.2d 771, 772 (8th Cir. 1984) (noting in a direct appeal that ineffective assistance of counsel claims normally "cannot be advanced without the development of facts outside the original record" (internal marks omitted)).  Under § 2255, a hearing "may be denied only if 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" Saunders v. United States, 236 F.3d 950, 952 (8th Cir.) (quoting 28 U.S.C. § 2255), cert. denied, 533 U.S. 917 (2001).  We review for an abuse of discretion the district court's decision to deny such a hearing, but this review requires *de novo* consideration of the validity of the ineffective assistance of counsel claims as a matter of law in

-2-

order to decide if an evidentiary hearing in the district court is warranted. Id. "In some cases, the clarity of the existing record on appeal makes an evidentiary hearing unnecessary," but "[a]bsent such clarity, an evidentiary hearing is required." Latorre v. United States, 193 F.3d 1035, 1038 (8th Cir. 1999). Our examination of the claims asserted in this case convinces us that a fair and just determination of some of them required an evidentiary hearing to be held. We note that the Government's response to the original § 2255 motion informed the district court that such a hearing was necessary.

Accordingly, we grant a certificate of appealability on the following claims asserted by Nelson in paragraph 11 of his § 2255 motion, and we remand the case to the district court with directions to hold an evidentiary hearing on these claims (as numbered in Nelson's § 2255 motion) and to make its findings of fact and conclusions of law concerning them:

   A. Allegations of Trial Counsel's Constitutional Ineffectiveness:
   (2) & (3)   Failure to conduct adequate mitigation investigation including failure to move for a continuance to complete one.
   (4)   Failure to conduct adequate investigation of defendant's mental health.
   (5)   Advising or instructing defendant to decline to submit to a mental health examination by a government examiner.
   (15)   Failure to make objections:
                (e) to allegedly inflammatory and improper comments in the Government's closing argument and rebuttal.
   B. Allegations of Appellate Counsel's Constitutional Ineffectiveness:
   (1)   Failure to conduct adequate review of the trial record and the law.
   (2)(c) Failure to raise on appeal the Government's allegedly improper comments in closing arguments.

We deny a certificate of appealability on each and all of the other claims asserted in Nelson's § 2255 motion, and only those claims upon which we have granted a certificate are permitted to proceed.

Nelson also appeals the denial of his motion to recuse the district judge. He need not obtain a certificate of appealability to appeal this ruling because it is separate from the merits of the § 2255 motion and did not preclude the district court from ruling on the merits. See Trevino v. Johnson, 168 F.3d 173, 177 (5th Cir.), cert. denied, 527 U.S. 1056 (1999); see also United States v. Falls, 242 F.3d 377 (8th Cir. 2000) (unpublished) (noting that this court summarily affirmed the denial of a recusal motion but denied the application for a certificate of appealability). Cf. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (describing the circumstances in which a certificate of appealability should issue for a nonconstitutional procedural issue when that procedural issue *precluded* the district court from reaching the merits of the underlying constitutional claims). We review for an abuse of discretion the district court's denial of a motion to recuse. United States v. Martinez, 446 F.3d 878, 883 (8th Cir. 2006). Recusal is required if the judge has a personal bias against a party or in favor of an adverse party, 28 U.S.C. §§ 144, 455(b)(1), or if the judge's "impartiality might reasonably be questioned," id. § 455(a). Nelson sought recusal on the basis that the district court made statements in the order denying his request for additional funding for further expert and investigative assistance that indicated a bias against him. Specifically, he asserts that the district court prejudged his case by concluding that the additional funding requested was not likely to lead to a different result, and Nelson asserts that the district court's bias was shown when the court stated that Nelson's § 2255 counsel was "attempting to vilify trial counsel's judgment on trial strategy." (Request for Cert. of App. at 139.)

Nelson points to no evidence of bias other than the district court's statements in the ruling denying additional funding. Opinions formed by a judge as a result of what the judge has observed in earlier proceedings may not be characterized as bias

-4-

or prejudice. <u>Liteky v. United States</u>, 510 U.S. 540, 551 (1994). We have stated that "[r]ules against bias and partiality can never mean to require the total absence of preconception, predispositions and other mental habits." <u>United States v. Burnette</u>, 518 F.3d 942, 945 (8th Cir. 2008) (internal marks omitted), <u>cert. denied</u>, No. 07-11317, 2008 WL 2364260 (U.S. Oct. 6, 2008). The Supreme Court has stated succinctly that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky</u>, 510 U.S. at 555. The limited exception is where the circumstances demonstrate "a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Id.</u> Such a high degree of favoritism or antagonism is not demonstrated in the statements set forth by Nelson, nor do they indicate that the district judge is unable to fairly adjudicate Nelson's § 2255 motion. The district court did not abuse its discretion in refusing to recuse on the basis of statements made in the order denying additional funding. Because on this record the relevant statutes do not require the district judge to recuse, Nelson also cannot meet the "more rigorous standard" of demonstrating a violation of his due process right to an impartial judge. <u>United States v. Larsen</u>, 427 F.3d 1091, 1095 (8th Cir. 2005).

Finally, Nelson argues that the district court abused its discretion in denying his request for additional funding above the $21,900 already approved by the district court for expert and investigational services. <u>See</u> 18 U.S.C. § 3599(f). Because we grant the certificate of appealability on several issues and remand for an evidentiary hearing, it is unnecessary for us to reach the funding issue at this time. The district court, in its abundant discretion, should address in the first instance any additional funding requests that may arise on remand with regard to the issues on which we grant a certificate of appealability, bearing in mind that Nelson bears the burden of establishing that further expert testimony is necessary. <u>See id.</u> (stating the district court <i>may</i> authorize expenditures for investigative or expert services that the court finds to be "reasonably necessary"); <u>United States v. Thurmon</u>, 413 F.3d 752, 755 (8th Cir.) (burden of proof), <u>cert. denied</u>, 546 U.S. 1069 (2005); <u>see also</u> 18 U.S.C. § 3599(g)(2) (imposing a statutory limit of $7,500 unless services are of "an unusual

character or duration, and the amount of the excess payment is approved by the chief judge of the circuit").

For the reasons stated, we grant the application for a certificate of appealability in part, affirm the district court's denial of the motion to recuse, and remand the case for an evidentiary hearing and the entry of a new judgment on the § 2255 claims on which we have granted the certificate.

_____

Case 4:06-cv-08001-FJG   Document 107-1   Filed 03/24/10   Page 6 of 6   Nov 1 p56

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

WESLEY IRA PURKEY,                )
                Movant,                )
                                  )
      v.                                )      No. 06-8001-CV-W-FJG
                                  )
UNITED STATES OF AMERICA,          )
            Respondent.               )

## NOTICE OF APPEAL
## TO THE US COURT OF APPEALS FOR THE EIGHTH CIRCUIT

NOTICE is hereby given that I, Wesley I. Purkey, the movant herein, by his undersigned counsel, hereby appeals to the United States Court of Appeals for the Eighth Circuit from the final judgment entered on September 29, 2009, denying Movant's motion to set aside his conviction and sentence of death, and of the order entered on December 22, 2009, denying Movant's motion seeking to alter or amend that judgment. A motion for a certificate of appealability has been filed contemporaneously with the district court.

Respectfully submitted,

Teresa L. Norris, Esq.  
P.O. Box 11744  
Columbia, SC 29211  
(803) 765-1044  (Phone)  
(803) 765-1143  (Fax)  
teresa@blumelaw.com  
Co-counsel to Movant

Gary E. Brotherton, Esq.  
601 W. Nifong Blvd., Ste. 1C  
Columbia, Missouri  65203  
(573) 875-1571  Phone  
(573) 875-1572  Fax  
GEBrotherton@LegalWritesLLC.com  
Co-counsel to Movant

By:   /s/  Teresa L. Norris  
TERESA L. NORRIS  
Co-counsel to Movant

<u>CERTIFICATE OF SERVICE</u>

This will certify that, on today's date, this motion was served upon the United States by filing same via CM/ECF..

/s/ Teresa L. Norris
Teresa L. Norris

Dated: Columbia, SC
March 24, 2010

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

WESLEY IRA PURKEY,                    )
                                      )
                    Petitioner,       )
                                      )
v.                                    )  No. 06-8001-CV-W-FJG
                                      )
UNITED STATES OF AMERICA,             )
                                      )
                    Respondent.       )

## ORDER

Currently pending before the Court is petitioner's Motion for a Certificate of

Appealability (Doc. # 107).

## I.  BACKGROUND

On September 29, 2009, the Court entered an Order denying Purkey's Petition

for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2255.  On October 13, 2009, Purkey

filed a Motion to Alter the Judgment.  On December 22, 2009, the Court denied the

Motion to Alter the Judgment.  Purkey filed the instant Motion for a Certificate of

Appealability ("COA") on March 24, 2010.  Purkey is seeking a Certificate of

Appealability on four issues: 1) Whether he was denied effective assistance of counsel

due to his counsel's failure to adequately investigate and present the available

mitigation evidence; 2) Whether an evidentiary hearing should have been conducted

regarding Purkey's claims of ineffective assistance of counsel and whether this Court's

findings are sufficient to provide for meaningful appellate review; 3) Whether counsel's

affidavit exceeded the scope of Purkey's waiver of his attorney-client privilege and 4)

Whether counsel was ineffective in not calling Dr. Peterson to rebut the Government's

unfounded charge that Purkey fabricated his recantation of the kidnaping right before

trial rather than having done so earlier.

## II. <u>STANDARD</u>

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); <u>Garrett v. United States</u>, 211 F.3d 1075, 1076-77 (8th Cir.2000); <u>Carter v. Hopkins</u>, 151 F.3d 872, 873-74 (8th Cir.1998); <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir.1997); <u>Tiedeman [v. Benson]</u>,122 F.3d 518, 523 [(8th Cir. 1997)].  To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. <u>Cox</u>, 133 F.3d at 569 (citing <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir.1994)); <u>see</u> <u>also</u> <u>Miller-El</u>, 537 U.S. at 335-36 (reiterating standard). Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" <u>Miller-El</u>, 537 U.S. at 338 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484,120 S.Ct.1595, 146 L.Ed.2d 542 (2000)).

<u>Masse v. United States</u>, Nos. C08-0092-LRR,CR04-0072-LRR, 2010 WL

3724536, *3 (N.D.Iowa Sept. 16, 2010).

## III. <u>DISCUSSION</u>

### A.  Failing to Adequately Investigate & Develop the Mitigation Case

Purkey claims that his former counsel, Mr. Fred Duchardt, was ineffective for

failing to:

1.  Obtain corroboration and substantive information from Purkey's brother, Gary Hamilton and Purkey's friend, Peggy Martenay Noe, regarding Purkey's father's violence and his mother and grandmother's sexual abuse of Purkey and his brother.

2.  Obtain rebuttal evidence, countering the Government's argument of recent fabrication, establishing Purkey's prior report of sexual abuse to Dr. Newton in the Oregon Dept. Of Corrections.

3.  Obtain rebuttal evidence from Dr. Newton countering the government's arguments that Purkey was racist and active in prison gangs.

2

4.  Obtain significant positive character evidence, including favorable testimony from two former law enforcement officers, Mr. Bose and Ms. Leiker.

Purkey also argues that Mr. Duchardt failed to adequately prepare defense witnesses for their testimony and this resulted in the expert witnesses being unable to provide any meaning or details to describe the generic label of "sexual abuse" and losing credibility during cross-examination because they were unfamiliar with portions of Purkey's background records and history.  Purkey argues that in ruling on the § 2255 motion, the Court simply made conclusory findings that Purkey "failed to overcome the presumption that Mr. Duchardt's actions were not sound trial strategy."  Purkey also argues that the Court make conclusory findings that counsel's "actions did not fall below an objective standard of reasonableness."  Purkey argues that in deciding whether a Certificate of Appealability should issue, the Court needs to only make a "general assessment of [the] merits"  and he has established the debatability of the underlying constitutional claim.

The Government argues that Mr. Duchardt presented eighteen witnesses in support of twenty-seven mitigating factors, and that the additional mitigating evidence which he argues Mr. Duchardt should have developed or introduced  would simply have been cumulative evidence.

Purkey argues that while Mr. Duchardt did conduct some investigation - he gathered records, retained mental health experts and interviewed family members and others who had known Purkey for several years, these efforts were only directed at the limited time frame surrounding the crimes.  For example, Purkey argues that Mr. Duchardt did not adequately interview Purkey's brother and he only interviewed his aunt and cousin by phone.  The only information obtained about Purkey's childhood was

3

from records.  Purkey argues that Mr. Duchardt failed to interview Peggy Noe, who was Purkey's common law wife and who knew Purkey when he was a young man.  He also did not interview Ms. Noe's daughter, two former law enforcement officers or Dr. Rex Newton, a prison psychologist who had treated Purkey for years before he committed the crime at issue.  If Mr. Duchardt had interviewed these witnesses, it would have confirmed that Purkey had complained to several people that he was sexually abused by his mother *before* he was facing capital murder charges.  Purkey argues that Mr. Duchardt failed to present corroborative evidence for the experts and to call unbiased lay witnesses who possesses enhanced credibility.  Purkey argues that he has made a threshold showing  that reasonable jurists could debate whether he is entitled to relief and thus he should be granted a Certificate of Appealability on this issue.

Purkey notes that this Court need only make a threshold inquiry rather than fully considering whether he has established that he is entitled to relief.  In the affidavit provided by Mr. Duchardt he recounts that he "located and obtained thousands of pages of records pertaining to Mr. Purkey and his family.  I thoroughly read all of the records and I had two professionals, psychiatrist, Dr. Stephen Peterson, M.D. and psychologist, Dr. Mark Cunningham, Ph.D., do the same.  Dr. Peterson and Dr. Cunningham produced comprehensive reports about their review.  Out of this preparatory work sprung a mitigation case consisting of eighteen lay and expert witnesses whose combined presentations cover over 500 hundred pages of transcript."  (Duchardt Affidavit, Doc. 73, Ex. A, pp. 49-50).  Mr. Duchardt explains in his affidavit that before trial, Purkey's brother, Gary Hamilton did not share as many details about their mother's sexual deviancy as he has since shared with Purkey's current counsel.  However, evidence of Purkey's sexual abuse by his mother was presented during the mitigation

4

case.  Additionally, Mr. Duchardt states that it is his recollection that he did speak with Peggy Noe, but that there were some problems either in her relationship with Purkey or in her background which is why Mr. Duchardt did not call her to testify. In an affidavit attached to Purkey's Reply Suggestions in Support of his § 2255 motion, Peggy Noe states that Mr. Duchardt did not contact her before or after trial and she never spoke with him.  (Margaret Noe Affidavit, Doc. # 82, Ex. 14).  Evette Noe also states in an Affidavit that Mr. Duchardt did not speak with her either, although she had tried to contact him on numerous occasions. (Evette Noe Affidavit, Doc. # 82, Ex. 15).  Mr. Duchardt notes that the Government was not disputing that Purkey had been sexually abused by his mother, so there was no real need to call Ms. Noe to counter this argument.  Mr. Duchardt also notes in his Affidavit that his recollections with regard to Peggy and Evette Noe were not as clear as the other witnesses because he gave to Purkey's current counsel all the file materials he had regarding these witnesses.

With regard to Dr. Rex Newton, Mr. Duchardt explains that he considered calling Dr. Newton, but decided against it because it would have opened the door and allowed the Government to present unfavorable evidence. Mr. Duchardt notes that while Purkey was housed in the Oregon prison system, he was engaging in activities that were against the rules and were possibly criminal.  Additionally, Mr. Duchardt states that he did not need to call Dr. Newton to testify that Purkey had told him in the late 80's that his mother had sexually abused him because the Government did not dispute the claim that Purkey was sexually abused.

Mr. Duchardt explains why he did not call Floyd Bose or his daughter Dion Leiker. (Duchardt Affidavit, Doc. 73, Ex. A, pp. 70-72).  Mr. Duchardt states that while they could have possibly provided helpful information regarding Purkey's character,

5

there were significant problems with their testimony - such as the fact that Purkey provided them with details regarding the murder of one of their family members who Purkey had known while in prison. Mr. Duchardt worried that presenting their testimony might demonstrate that Purkey was closely connected to prison violence. Additionally, he was worried that since Mr. Bose and Ms. Leiker had given Purkey money while in prison, it might appear that Purkey had provided them with information about the murder only for financial gain. It should be noted that in an Affidavit attached to Purkey's Reply Suggestions, Dion Leiker disagrees with Mr. Duchardt's statement that he had spoken with her. Ms. Leiker states, "I did not talk to Mr. Duchardt before Wes' trial or even before his sentencing. I spoke with Mr. Duchardt twice after Wes was transferred to the prison in Terre Haute, but neither conversation had anything to do with Duane or my friendship with Wes." (Leiker Affidavit, Doc. 82, Ex. 12). Ms. Leiker also states that her brother was not killed while in prison and that Purkey had overheard the information about the murder from another inmate. (Leiker Affidavit, Doc. 47, Ex. 21). Mr. Bose states in his affidavit that he gave Purkey $10.00 or $20.00 dollars a few times, but that Purkey never asked him for the money and it had nothing to do with the information Purkey provided about his son. (Bose Affidavit, Doc. 82, Ex. 13).

In <u>Wong v. Belmontes</u>, 130 S.Ct. 383, 175 L.Ed.2d 328 (2009), defendant alleged that his counsel was ineffective for failing to investigate and present sufficient mitigating evidence during the penalty phase of his trial. The Supreme Court stated:

> To prevail on this claim, Belmontes must meet both the deficient performance and prejudice prongs of <u>Strickland [v. Washington]</u>, 466 U.S., at 687, 104 S.Ct. 2052, [80 L.Ed.2d 674 (1984)]. To show deficient performance, Belmontes must establish that "counsel's representation fell below an objective standard of reasonableness." <u>Id</u>. at 688, 104 S.Ct. 2052. In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a

6

> criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." Id., at 688-689, 104 S.Ct. 2052. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id., at 689, 104 S.Ct. 2052.

Id. at 384-385. In reviewing the evidence which was presented and considering the evidence which was not presented, the Court does not find that reasonable jurists would disagree that Mr. Duchardt's performance was reasonable considering all of the circumstances. As he explains in his Affidavit, there were specific and strategic reasons as to why he did not call certain witnesses or inquire into matters with other witnesses. The Court finds that the decisions counsel made were based on a well reasoned trial strategy. Accordingly, the Court hereby **DENIES** a Certificate of Appealability on the claim that Mr. Duchardt failed to Adequately Investigate and Develop the Mitigation Case.

### B. Whether An Evidentiary Hearing Should Been Conducted and Whether This Court's Findings are Sufficient to Provide for Meaningful Review

Purkey argues that the Court relied on the 117-page Duchardt affidavit and ignored the 31 affidavits filed by Purkey. He argues that these competing affidavits alone establish questions of fact that cannot be resolved without taking testimony. Purkey argues that in a capital case, establishing a "reasonable probability that at least one juror would have struck a different balance," can only be determined by weighing the full body of mitigation evidence that was presented against that which could have been presented and which might have influenced the jury's decision. Purkey argues that without hearing the mitigation evidence that *could have been* presented, the Court has nothing against which to judge whether, when added to the mitigation evidence actually presented, the full body of mitigation evidence might produce a "reasonable

7

probability" that at least one juror would have voted to spare Purkey's life. Purkey argues that a "reasonable probability of a different result" is thus *less than a preponderance of the evidence.* It is present when an evaluation of all of the evidence that should have been before the jury is "sufficient to undermine confidence in the outcome." <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984). Purkey argues that the Court's analysis was flawed because by concluding that the jury was not swayed by the mitigation evidence that was presented it also would have rejected the full body of mitigation that *could have been* presented. Purkey argues that this reasoning would make it impossible for any capital defendant to prove prejudice. Purkey also argues that the Order is inconsistent because it states at one point that the jury "simply chose not to give any weight to that evidence [mitigating factors] which under the law they are entitled to do." Later in the Order it is stated that "no jurors voted for a single mitigating factor." Purkey argues that neither statement can be made with any certainty because the Verdict form is blank as to the mitigating factors. Purkey argues that this is the only case from the Western District of Missouri in which the jury simply left the form blank as to all the mitigating factors. He argues that this lack of voting on the mitigating factors made it impossible to ascertain what evidence the jury considered to be mitigating, how it may have weighed that evidence and how the full body of mitigating evidence that could have been presented would have been viewed by each individual juror. Purkey then argues that the jury must have had difficulty in returning its verdict because the jury deliberated for nearly eleven hours over the course of two days.

Purkey also argues that the Order denying his § 2255 claims was conclusory and did not discuss any of the specific claims or evidence that should have been offered at trial. He argues that this does not allow the Eighth Circuit a clear understanding of the

8

basis of this Court's decision.

The Government argues that in this case there is no need for an evidentiary hearing, because Mr. Duchardt provided a very extensive, detailed affidavit. The Government also notes that all of the other cases which Purkey cited are distinguishable. Finally, the Government notes that the length of time the jury deliberated does not necessarily mean this was a close case. The jury was required to deliberate on 37 separate factors (10 aggravating and 27 mitigating) after listening to 31 witnesses testify over the course of several days. The Government also notes that the jury is presumed to follow the court's instructions, so Purkey's complaints that they did not fill in the mitigation form is without merit.

Purkey argues that an evidentiary hearing is required in this case because Mr. Duchardt's affidavit contradicts the affidavit of his co-counsel, Laura O'Sullivan as well as the affidavits of other witnesses. Purkey argues that this was the same situation which occurred in Sinisterra v. United States, 600 F.3d 900 (8th Cir. 2010), and the Eighth Circuit recently remanded that case for an evidentiary hearing. Thus, he argues that because he has shown that reasonable jurists could find this Court's refusal to hold an evidentiary hearing debatable, he is entitled to a Certificate of Appealability on this issue.

The Court disagrees and finds that the issues are resolvable based solely on the record and the pleadings. Purkey argues that the affidavits which he submitted create questions of fact which must be resolved by hearing the testimony of these witnesses. The Court has reviewed the affidavits of these witnesses as well as the affidavit of Mr. Duchardt's co-counsel, Laura O'Sullivan, and find the majority of the affidavits do not create issues of fact. Although some of the affidavits dispute Mr. Duchardt's

9

recollection of events, the Court does not find that these differences are significant.

Most of the affidavits are from individuals who state they would have testified in the

mitigation phase had Mr. Duchardt called them.  For example, Mr. Duchardt states in his

Affidavit that Debbie Prothero, who was Purkey's cousin, indicated that she had little

recollection of her relationship with Wes and she was in favor of the death penalty.  Mr.

Duchardt therefore decided not to call her in the mitigation phase.  However, in her

Affidavit, Ms. Prothero states:

> Being confronted with the prospect of my cousin being executed has really
> challenged my support of the death penalty.  I have prayed about it often.
> Wes is family, and I have never wanted to see him executed.  I spent
> hours on the phone with Mr. Duchardt, I helped my mother (Marguerite
> Hotchkiss) write out the details of the dysfunctional family Wes came from,
> and I maintained close communication with Wes while he was in pretrial
> confinement and since then. My actions demonstrate how wrong Mr.
> Duchardt got it.  As I previously stated, I would have been more than
> willing to testify on Wes' behalf.  Mr. Duchardt simply never suggested that
> to me.

 (Prothero Affidavit, Doc. 82, Ex. 6).  In their affidavits they offer details as to what

information they would have provided.  However, this additional information would only

have added to the *quantity* of mitigation evidence and would not have changed the type

or the nature of evidence which was offered.  As previously discussed, in the penalty

phase of the case Mr. Duchardt submitted 27 mitigating factors[1] and called 18

---

[1] The mitigating factors presented included: 1) Purkey's capacity to appreciate
the wrongfulness of his conduct or to conform his conduct to the requirements of the law
was significantly impaired; 2) Purkey committed the offense under severe mental or
emotional disturbance; 3) With proper medications, such as the medications which
Purkey is currently taking, Purkey's mental illness and behaviors can be managed;
4) Purkey suffered brain injuries as a result of car accidents, drug abuse or both;
5) Purkey suffered significant psychological and emotional damage as a result of the
serious physical and emotional abuse of him by his parents; 6) Purkey suffered
significant psychological and emotional damage as a result of sexual abuse of him by
his mother; 7) Purkey suffered significant psychological and emotional damage as a
result of his growing up in a dysfunctional home environment in which alcohol abuse,

witnesses to testify. Purkey argues that the Court's analysis was flawed because by

concluding that the jury was not swayed by the evidence that was presented, they

would have also rejected the evidence which *could* have been presented.  However,

---

sexual promiscuity and incestuous sex were modeled as proper behavior by his parents; 8) Purkey has never received treatment for the psychological and emotional damage which he suffered as a result of his parent's abuse of him; 9) Purkey's past criminal behavior is attributable, at least in part, to the brain injuries and psychological and emotional damage which he suffered earlier in his life; 10) Purkey became dependent upon alcohol and illegal drugs at an early age because of a genetic predisposition inherited from his parents and because such dependence was modeled for him by his parents and his older brother Gary; 11) Purkey's past criminal behavior is attributable, at least in part, to his alcohol and drug dependence; 12)  As a child, Purkey suffered from slow speech development, and for his entire life, Wes Purkey has suffered from the disability of stuttering; 13) While incarcerated, Purkey was the victim of serious physical abuse, that is stabbings; 14) While incarcerated, when given the opportunity to do so, Purkey completed a significant number of hours of college coursework; 15) While incarcerated, when given the opportunity to do so, Purkey received training and became qualified as a plumber; 16) Purkey has offered to donate a portion of his liver to his sister-in-law who is dying of liver failure; 17) Purkey should be sentenced to life imprisonment without release because Purkey was led to believe that he would receive that sentence if he provided information regarding the killing of Jennifer Long, and Purkey provided all of the information which was required; 18) The disappearance of Jennifer Long was solved only because Purkey came forward and admitted that he had killed Jennifer Long, and directed authorities to evidence about the killing; 19) By coming forward and admitting that he had killed Jennifer Long, and directing authorities to evidence about the killing, Mr. Purkey has shown remorse for what he did; 20) Purkey has repeatedly expressed his remorse for what he has done; 21) Purkey is the father of Angie Purkey Genail, and the two have carried on a loving, father-daughter relationship, with Purkey providing Angie Purkey Genail advice, nuturance and emotional support, even while he has been incarcerated; 22) Angie Purkey Genail loves her father Mr. Purkey very much; 23) If Purkey is sentenced to life imprisonment without possibility of release, he and Angie Purkey Genail would continue to carry on a loving, nuturing father-daughter relationship; 24) Purkey is the grandfather of Angie Purkey Genails's children Mikey, age 4 and Haley, age 1, and has carried on a loving, grandfatherly relationship, particularly with Mikey, speaking with Mikey on the telephone on numerous occasions; 25) If Purkey is sentenced to life imprisonment without possibility of release, he and his grandchildren Mikey and Haley would continue to carry on a loving, nuturing grandfather/grandchild relationship; 26) Purkey has loving and caring relationships with friends and family, and those relationships would continue if he was sentenced to life imprisonment without possibility of release; 27) In the last three years, Mr. Purkey has volunteered to offer good advice to many young men in trouble about how to avoid a life of crime, and would continue to do so if sentenced to life imprisonment without possibility of release.

Case 4:06-cv-08001-FJG   Document 115   Filed 10/28/10   Page 11 of 18   Nov 1 p69

the Court finds that there is not a "reasonable probability" that this additional evidence would have swayed at least one juror, because despite carefully filling out all the other areas of the Special Verdict Form, and signing their names below the Certification, not one juror indicated that they found the existence of a single mitigating factor. Purkey argues that it is impossible to tell how the jury weighed the mitigation evidence. However, the Verdict Form clearly states in the instructions: "[f]or each of the following mitigating factors, indicate, in the space provided, the number of jurors who have found the existence of that mitigating factor to be proven by a preponderance of the evidence." Thus, by leaving all of the spaces blank, the logical conclusion is that none of the jurors found the existence of *any* of the mitigating factors. This conclusion is bolstered by the fact that the jury completely filled out the remainder of the nineteen page Special Verdict Form, finding the existence of six Statutory Aggravating Factors and three Non-Statutory Aggravating Factors. The jury did not find that the Government had established beyond a reasonable doubt the future dangerousness of the defendant.

In <u>Paul v. U.S.</u>, 534 F.3d 832 (8th Cir. 2008), <u>cert.</u> <u>denied</u>, 130 S.Ct. 51 (2009), the Eighth Circuit considered a similar argument that an attorney should have presented additional mitigation evidence. The Court rejected that argument stating:

> Viewing Paul's proffer in the context of the trial record as a whole, we are not persuaded that there is a reasonable probability that if Paul's trial counsel had gathered and presented this additional evidence, then the jury would not have selected a sentence of death. Much of the new evidence cited by Paul is largely cumulative of evidence that was presented through his mother at the penalty phase of the trial. Paul's mother testified about Paul's difficult childhood, including the incident in which Paul's father struck Paul in the face with a knife and produced a wound that required extensive surgery. The jury clearly gave weight to her account, unanimously finding three mitigating factors relating to Paul's troubled upbringing. The additional evidence that Paul proffers concerning his compassionate nature is also largely duplicative. Paul's mother testified at trial that he cared for animals, shared a close relationship with

12

his great-grandmother, and supported his family financially.

Id. at 842.

The Eighth Circuit found that the additional witnesses might also have caused negative repercussions for Paul's case. The Court noted that "[n]othing that Paul offers detracts from the government's strong case in aggravation, and the weight of this evidence is a proper and significant factor in considering whether Paul has established prejudice." Id. at 843.

In Purkey's case, the Government also presented a very strong aggravation case. The jury heard testimony describing how Purkey first raped Jennifer Long, then stabbed her several times. Following the murder, he described how he put her body into a tool box and then used a chainsaw to dismember her body, put her body parts in plastic bags and then burned them in a fireplace. Purkey also described how he swept the ashes out of the fireplace and put any remaining bones into the bags and then threw the bags into a septic pond in Clearwater, Kansas. The jury also heard that Purkey confessed to murdering an eighty year old woman with a claw hammer. Additionally, the jury also heard that Purkey had kidnapped and robbed a man in 1980 and then shot him in the back of the head. The jury certainly weighed this strong aggravating evidence against all the mitigation evidence that Mr. Duchardt presented. The Court is capable without a hearing, of weighing the mitigation case which was presented against the mitigation case which could have been presented. The Court has determined that the additional evidence which Purkey argues should have been presented would have been as in the Paul case, largely cumulative to the evidence that was presented. The Court finds that it is not reasonably possible that the testimony of these additional witnesses would have swayed at least one juror to have voted for a life

13

sentence.  Accordingly, the Court finds that reasonable jurists would not find this issue debatable, thus there is no need to issue a Certificate of Appealability on whether the Court Should Have Conducted An Evidentiary Hearing.

### C. __Whether Mr. Duchardt's Affidavit Exceeded the Scope of the Privilege__

Purkey argues that the District Court should have stricken Mr. Duchardt's affidavit because a) he included more attorney/client privileged communication that what was necessary; b) Purkey was not allowed an opportunity to see the affidavit before it was disclosed to the Government and c) Mr. Duchardt conducted independent legal research and analysis seeking to disprove his former client's legal arguments. Purkey argues that this Court in rejecting his claim that the Affidavit did not exceed the privilege transformed the limited waiver of privilege into a blanket waiver that gave Mr. Duchardt an unfettered license to disclose any and all privileged communications whether relevant to a claim of ineffectiveness or not.

The Government argues that Purkey cites no authority for this Court to strike an affidavit which this Court ordered Mr. Duchardt to prepare.  The Government states that Purkey made numerous and detailed claims of ineffectiveness against Mr. Duchardt and the revelations were necessary in order to rebut those charges.

Purkey argues that Mr. Duchardt in his 117 page affidavit did not merely state the facts as he recalled them, but instead made legal arguments aimed at undermining Purkey's § 2255 motion.  Purkey argues that 21% of the affidavit is devoted to legal argument about the applicability of the cases and the strength of the arguments cited in Purkey's memorandum.  Purkey also argues that Mr. Duchardt disparaged several witnesses who Purkey argues should have been called in the mitigation case.  Purkey argues that reasonable jurists could find this Court's ruling debatable and thus he is

14

entitled to a Certificate of Appealability on this issue.

Purkey argues that the Professional Rules and <u>Tasby v. United States</u>, 504 F.2d 332, 336 (8th Cir.1974), <u>cert. denied</u>, 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975), require the Court to analyze each of Purkey's seventeen specific allegations of ineffectiveness and determine whether each response in Mr. Duchardt's 117 page affidavit was reasonably necessary to answer the allegations. The Court disagrees and does not find anything in the Rules or in <u>Tasby</u> which requires such an exercise. <u>Tasby</u> states, "[w]hen a client calls into public question the competence of his attorney, the privilege is waived." <u>Id</u>. at 336. <u>See</u> <u>also</u> <u>Bittaker v. Woodford</u>, 331 F.3d 715,716 (9th Cir.), <u>cert. denied</u>, 540 U.S. 1013, 124 S.Ct. 536, 157 L.Ed.2d 424 (2003)("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."). Purkey may not like the way that Mr. Duchardt drafted his affidavit or how he framed the issues, but the Court finds that the disclosures in Mr. Duchardt's affidavit were necessary in order to rebut the numerous charges of ineffectiveness raised by Mr. Purkey. Because the Court does not find that reasonable jurists could disagree regarding this issue, the Court will not issue a Certificate of Appealability on this issue.

### D. Failing to Call Dr. Peterson in Rebuttal

Purkey states that during his interviews with Dr. Peterson in the fall of 2002, he denied kidnaping Ms. Long, telling Dr. Peterson that she had gone with him voluntarily. Before trial, the Court sustained the Government's motion in limine to preclude Dr. Peterson from testifying that Purkey had denied kidnaping Ms. Long. On Nov. 4, 2003, before the court reconvened to begin the defense's case-in-chief, Mr. Duchardt

15

informed Purkey that he had to testify because the defense had nothing else on which to base its argument that there had been no kidnaping. Laura O'Sullivan told Purkey that the Court would strike his entire testimony if he mentioned his statements to Dr. Peterson. On cross, the Government asked Purkey if he had recently come up with a story that he had not kidnaped Ms. Long. Purkey responded, "That's true." Purkey argues that Mr. Duchardt should have rebutted this admission by calling Dr. Peterson to testify in order to rehabilitate Purkey.

The Government argues that as Mr. Duchardt points out in his affidavit, calling Dr. Peterson would have accomplished nothing because there is little significance as to when he recanted his confession. The Government also notes that it was certainly reasonable for Mr. Duchardt to not call Dr. Peterson to refute this allegation, because he did not want to risk jeopardizing Dr. Peterson's credibility during the guilt phase. The Government argues that Purkey is simply trying to second guess Mr. Duchardt's trial strategy.

Purkey argues that Mr. Duchardt did not make a reasoned "strategic" decision whether to call Dr. Peterson in rebuttal because immediately following Purkey's testimony, the court recessed for an offer of proof, followed by a brief discussion regarding the schedule for the next day, followed immediately by Mr. Duchardt announcing that the defense was resting its case in the guilt phase of the trial. Purkey argues that Laura O'Sullivan will testify that she did not recall any discussion after Purkey's testimony about calling Dr. Peterson to testify about the kidnaping recantation. Purkey argues that Mr. Duchardt has come up with his rationalization as to why he did not call Dr. Peterson after the fact, and that he did not consider whether he should have called him during the trial. Because reasonable jurists could find this Court's ruling on

16

this issue debatable, Purkey argues that he is entitled to a Certificate of Appealability.

The Court disagrees. As Mr. Duchardt notes in his affidavit, Purkey had discussions with Dr. Peterson in 2002, which was four years *after* Purkey's statements that he had kidnaped Jennifer Long and only one year *before* the trial. Mr. Duchardt also states that he did not want Dr. Peterson to have to testify regarding this issue because he believed that it might color the juror's perceptions of Dr. Peterson's testimony in the penalty phase of the trial. Mr. Duchardt stated in his affidavit:

> I knew that Dr. Peterson's testimony would be crucial in the penalty phase. The conclusions which Dr. Peterson would offer at the penalty phase were in no way dependent upon the truth or falsity of Wes' denial that there had been kidnapping. In fact, Dr. Peterson would not even testify unless the jury disbelieved Wes, and determined that there was a kidnapping. Had we done what Wes was suggesting, we would have brought Dr. Peterson in the first phase for the sole purpose to relate Wes' denial of the kidnapping. I believed that would have caused jurors to indelibly link Dr. Peterson, and therefore what he would say later, with the truthfulness of Wes' denial of the kidndapping.

(Duchardt Affidavit, Doc. 73, Ex. A, pp. 104-105).

In United States v. Monnier, No. 8:02CR429, 2010 WL 2483885, (D.Neb. June 4, 2010), the Court stated:

> Under Strickland, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. Rodela-Aguilar v. United States, 596 F.3d 457, 464 (8th Cir.2010). The Eighth Circuit has "consistently held that a reasoned decision not to call a witness 'is a virtually unchallengeable decision of trial strategy,' in part because 'there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences.'" Id. (quoting United States v. Staples, 410 F.3d 484, 488-89 (8th Cir.2005)).

Id. at *8. The Court finds that the decision not to call Dr. Peterson was a strategic decision that Mr. Duchardt made after weighing all of the options. Accordingly, because the Court finds that reasonable jurists would not find this point debatable, the Court

hereby **DENIES** a certificate of appealability on this issue.

### IV.  CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES**

Purkey's Motion for a Certificate of Appealability (Doc. # 107).

Date:    10/28/10                              **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                         Fernando J. Gaitan, Jr.
                                              Chief United States District Judge

18

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

WESLEY IRA PURKEY,                    )
                                      )
                    Movant,           )
                                      )
v.                                    ) No. 06-8001-CV-W-FJG
                                      )
UNITED STATES OF AMERICA,             )
                                      )
                    Respondent.       )

### JUDGMENT IN A CIVIL CASE

_____**Jury Verdict.** This action came before the Court for a trial
    by jury. The issues have been tried and the jury has
    rendered its
    verdict.

 **X**  **Decision by Court.** This action came before the Court. The
    issues have been determined and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED** that

Purkey's Motion for a Certificate of Appealability (Doc. # 107) is DENIED.

October 28, 2010                      Ann Thompson
Date                                Clerk of Court


  /s/ Rhonda Enss
(by) Deputy Clerk

U. S. COURT OF APPEALS - EIGHTH CIRCUIT
NOTICE OF APPEAL SUPPLEMENT

# MISSOURI WESTERN DISTRICT - **KANSAS CITY**

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case).

---

Case Caption: Purkey v. United States of America     Case No.   06-cv-08001-FJG

---

| Appellant: **Wesley Ira Purkey** | Appellee:    USA |
|---|---|
| Appellant's Attorney(s): | Appellee's Attorney(s): |

| | |
|---|---|
| **Gary E. Brotherton**<br>**Legal Writes, LLC**<br>**601 W. Nifong Blvd.**<br>**Building 1, Suite C**<br>**Columbia, MO 65203**<br>**(573) 875-1571**<br>**Fax: (573) 875-1572**<br>**Email: gebrotherton@legalwritesllc.com** | Kathleen D Mahoney<br>United States Attorney's Office<br>400 East 9th Street<br>5th Floor<br>Kansas City, MO 64106<br>(816) 426-3122<br>Fax: (816) 426-4328<br>Email: kate.mahoney@usdoj.gov |
| Court Reporter(s):<br><br>None | Please return files and documents to:<br>**United States District Court**<br>**400 East 9th Street, Room 1510**<br>**Kansas City, MO   64106**<br><br>Contact Person for Appeal:<br>**Willie Crespo**  816-512-5068 |

---

| Length of Trial:  0 | Fee:    Waived | IFP: Yes | Pending IFP Motion:        No |
|---|---|---|---|
| Counsel:<br>CJA | Pending Motions?<br>No | Local Interest? **No** | Simultaneous Release? **No** |

---

**Special Comments:**