UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

**FILED**

DEC 3 0 2010

**MICHAEL GANS
CLERK OF COURT**

WESLEY I. PURKEY,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

Case No. 10-3462

Dist. Court #06-8001-CV-W-FJG

(W.D.MO)

---

MOTION FOR AN ORDER BY THE COURT WITHDRAWING HABEAS COUNSEL(s) GRANTING
PURKEY LEAVE TO PROCEED PRO SE IN THIS ACTION AND/OR IN THE ALTERNATIVE
GRANTING PURKEY MOTION TO WITHDRAW THIS APPELLATE REVIEW

The Petitioner Wesley I. Purkey (hereafter ("Purkey"), acting pro se
seeks an Order of the Court withdrawing present habeas counsel(s) Tersa Norris
and Gary Brotherton from representing him in these capital habeas proceedings
because of irrevocable conflicts of interest denying Purkey effective represent-
ation in these appellate proceedings, and thereafter granting Purkey the right
to proceed pro se as authorized unlaw and/or in the alternative if the Court
should deny withdraw of present habeas counsel and for him to proceed pro se
in this action then in the alternative grant Purkey's motion to withdraw
appellate review of such action. In support of this motion Purkey states the
following:

        A Laconic Statement Of Applicable Facts In Support Of The
        Irrevocable Conflicts Denying Purkey Effective Representation

1.

**RECEIVED**

DEC 3 0 2010

**U.S. COURT OF APPEALS
EIGHTH CIRCUIT**

1.      In preparation of the § 2255 Ptition lead Counsel Tersa Norris visited Purkey on only two separate dates, whereas the same held true with Mr. Gary Brotherton appointed as second counsel in such habeas representation. In the three years since the filing of an denial of relief requested through the 2255 Petition Ms. Norris has visited Purkey one time which was a collateral visit to the primary legal visitation she traveled to the United States Penitentiary at Terre Haute, Indiana for with a recent appointment of another client on death row.  Time, distance and expense are the reasons given for the absolute absence of visitation for meaningful preparation of drafting appellate materials in the case sub judice.

2.      Through court appointed counsel Purkey asserted numerous claims through is 2255 Petition and the Memorandum in Support of such Motion, which the district court holistically denied across the board relying almost entirely on the 117-page affidavit prepared by Purkey's trial counsel, Mr. Fred Duchardt. The Government in turn after delineating a prolix 32-page factual history of the case through its responsive 2255 pleading "incorporated verbatim Mr. Duchardt's affidavit" as a surrogate for the Government's Brief and Memorandum of Law in support of such opposition to Purkey 2255 Ineffective Assistance of Counsel Claims ("IAC")and alike issues presented.

3.      Mr. Duchardt's 117-page affidavit (Doc. 73) is permeated not only with legal conclusions in-lieu of fact based contentions, but the affidavit is layered with imbued legal arguments in opposition of claims Purkey presented through his 2255 claims.  Court appointed counsel sought to strike Mr. Duchardt's affidavit/government brief anent violation of ethical standards under the applicable ABA Guidelines.  The district court without anaylsis in toto denied such Motion To Strike under ethical challenges presented by habeas counsel.

4. In combination with the alleged ethical violations presented anent Mr. Duchardt's 117-page affidavit Purkey contends that such affidavit imbued with legal arguments and analysis stands in glaring violation of applicable rules of law governing such affidavits, Rule 56(e);Fed.R.Civ.P.- made applicability to Federal Habeas Corpus Proceedings under Rule 81(a);Fed.R.Civ.P. Both habeas counsel, particularly Tersa Norris demonstrate ossify obstinacy in meaningfully presenting this issue to the court on appeal and because of this unreasonable and unyeilding position Purkey seeks leave of the court to proceed pro se in these proceedings. Because as well establish law clarifies that no such claims of ineffective assistance of counsel exist in Habeas Proceedings, and based on the capital nature of the appellate proceedings sub judice this claim of Mr. Duchardt's affidavit standing in staunch violation of applicable law governing such needs to be meaningfully and comprehensively presented.

## The Federal Rules Of Civil Procedure Apply In The Context Of Habeas Suits To The Extent That They Are Not Inconsistent With Habeas Corpus Rules

Contrary to appointed counsel Tersa Norris who remains unreasonably obstinate in face of the copious authority clarifying that the Federal Rules of Civil Procedures, including Rule 56(e) are applicable to Habeas Suits under the mandates set forth through Rule 81(a)(2);Fed.R.Civ.P. The Civil Rules "govern the procedures in the United States district courts in all suits of a civil nature" Mayle v. Flix, 545 U.S. 644, 125 S.Ct. 2562, 2569 (2005); Harvest v. Castro, 531 F.3d 737, 744 (9th Cir. 2008). This includes "proceedings for Federal Habeas Corpus," Rule 81(a)(2), but only to the extent that the practice is not set forth in statutues of the United States [or] the Rules Governing Sectioln 2254/2255 Cases. Woodford v. Garceau, 538 U.S. 202, 208, 123 S.Ct. 1398 (2003), and do not contradict or undermine the provisions of the habeas

3.

corpus statute. Gonzales v. Crosby, 545 U.S. ___, ___, 125 S.Ct. 2641 (2005).
This Court has clarified that "[t]he Federal Rules of Civil Procedure govern
habeas proceedings unless superseded by the rules governing section 2254 or
225. Fed.R.Civ.P. Rule 81(a)(4); Barnett v. Roper, 541 F.3d 804,807 (8th Cir.
2008).

### Applicability Of Rule 56(e) In Habeas Proceedings

Moore's Federal Practice - Criminal [8] Applicability of Federal Rules of
Civil Procedure set out the Civil Rules that the courts have held applicable
in habeas corpus proceedings which clearly designates Rule 56(e). Under Rule
56(e) which govern affidavits accompanying motions for summary judgment and/or
in this petitions for or in oppositions to 2254 or 255 Petitions "must be based
on first hand knowledge . . . and show that the affiant is competent to testify
to such matters and that such matters would be admissible at trial." Ricks v.
Xerox Corp., 877 F.Supp. 1468, 1470 n. 1 (D.Kan. 1995), af'd 96 F.3d 1453 (10th
Cir. 1996). However, affidavits and depositions which are not generally admiss-
ible at trial, are admissible in summary judgment proceedings/habeas proceedings
to establish the truth of what is attested to or deposed, provided that the
affiant's or dependent's testimoney would be admissible if he were testifying.
Eisenstadt v. Centel Corp., 113 F.3d 738, 742 (7th Cir. 1997). Where counsel,
as in this case is the appropriate affiant, such affidavit still must satisfy
requirements under Rule 56(e). See Sitts v. United States, 811 F.2d 736, 741-
42 (2d Cir. 1987). Mr. Duchardts "117-page affidavit" does not come within shouting
distance of satisfying Rule 56(e) requirements and here is why:

### Fred Duchardt's Affidavit Does Not Come Within Shouting Distance Of Satisfying Requirements Under Rule 56(e)

This Court recognized over fourty (40) years ago that Rule 81(a)(2) expressly

4.

makes the Civil Rules applicable to Habeas Corpus Proceedings. Stewart v. Bishop, 403 F.2d 674, 678 (8th Cir. 1968). Since that time all the lower courts have consensus gentium held that Rule 81(a)(2) makes the Civil Rules applicable to Habeas Corpus Proceedings and thereby, have affirmatively applied such, including Rule 56(e). See Newman v. Hopkins, 6 F.3d 1111, 1113 (D.C.Neb 1998); Youngbear v. Brewer, 415 F.Supp. 807, 810 (C.D.Iowa 1976); and U.S. v. Papakee, 485 F. Supp.2d 1032, 1036 (N.D.Iowa 2007); see also Alphin v. U.S., 809 F.2d 236, 240 (4th Cir. 1987)(under Rule 81(a)(2),a Rule 56(e) is applicable to Habeas Corpus Proceedings). Here the lion share of Purkey's trial attorney, Fred Duchardt's 117-page affidavit is layered with arguments of law, as well as performing analysis of authority presented against him through Purkey's 2255 Petition which does not come within shouting distance of tentatively satisfying requirements under Rule 56(e) for affidavits accompanying Habeas Corpus Petitions and/or responsive pleadings in opposition. Whereas, the district court, as Purkey will request this Court to do, should of have sua sponte striken Mr. Duchardt's affidavit in whole or either in part that utterly failed to comply with requirements under Rule 56(e).

Under 56(e) requirements affidavits must be made on personal knowledge. Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008). Further, affidavits must also contain specific facts, which, in turn would be admissible at trial. Howard v. Kansas City Police Dpt., 570 F.3d 984, 997 (8th Cir. 2009). Thus, hearsay statements, conclusory averments, unfounded self-serving declarations, admbiguous statements, specualation or conjecture, and inadmissible expert testimoney/opinions are generally improper in Rule 56(e) affidavits. Id.; Stagman v. Ryan, 176 F.3d 986, 995 (7th Cir. 1999). Affidavits submitted by attorneys must satisfy requirements of Rule 56(e). Moore v. Fargo Police Dpt., 297 Fed.Appx 569, 571

5.

(8th Cir. 2008). "[T]he policy of Rule 56(e) is to all the affiant to contain all evidentiary matter, which, if the affiant were in court and testifying on the witness stand, would be admissible as part of his testimoney." 6 Moore's Federal Practice, § 56.22 [1] at 1321-22 (1982). "[H]earsay statements that would not be admissible at trial as exception to the hearsay rule may not be contained in the affidavit...." Id. at 1322. Clearly the legal arguments and analysis presented through Mr. Duchadrt's 117-page affidavit do not fall under any of the hearsay exceptions, nor would they undisputably be admissible at trial while he was testifying on the witness stand, thereby should of been striken by the court without consideration in denying Purkey's 2255 relief and/or in denying his requested COA(s) on applicable issues relied on.

In Moore v. Fargo Police Dep't, the Court clarified that even attorneys affidavits msut satisfy Rule 56(e) requirements and stated that Rule 56(e) clearly indicates that facts stated in an affidavit must do more than present legal conclusions and arguments. Id at 571; Citing Friedel v. City of Madison, 832 F.2d 965, 969-70 (7th Cir. 1987). Because legal argumentation is an expression of legal opinion and is not a recitation of a fact to which an affiant is competent to testify, legal argument in an affidavit may be disregarded. Pfeil v. Rogers, 757 F.2d 850, 862 (7th Cir. 1985). This Court reiterated that excusing an attorney from requirements of Rule 56(e) "is a tactic fraught with peril" and that attorneys affidavits must still satisfy requirements of Rule 56(e)." Moore, 297 Fed.Appx at 570. No authority to Purkey's knowledge has held contrary to this Court's reiterated holdings that attorneys are required to satisfy Rule 56(e) requirements in presenting affidavits in either habeas and/or nor habeas setting of civil nature and more than likely because Habeas Corpus proceedings are civil in nature. See Mayle v. Felix, 545 U.S. at 655 n.4. As previously noted, Civil

6.

Rules are applicable to Habeas Corpus Proceedings pursuant to Rule 81(a)(2); Fed.R.Civ.P. <u>See Newman v. Hopkins, 6 F.Supp.2d 1111, 1113-14 (D.Neb.1998, rev'd on other grounds, 192 F.3d 1132 (8th Cir. 1999).</u> Thereby, the lion-share of Purkey's trial attorney's 117-page affidavit which presented legal arguments and conclusions should of been and should be striken, and this case returned to the district court for reassessment of Mr. Duchardt's affidavit and its overall consideration in denying Purkey's 2255 relief.

<u>Additional Reasons Counsel Should Be Withdrawn From Representing Purkey</u>

5.    After the completion of filing Purkey's 2255 Petition both appointed counsel appriased Purkey that his case was dead and that no further research or investigation of issues would be taken. This characterization has been maintained by counsel to date - almost two years after the case was fully briefed and awaiting judication still no further research or investigation had been taken anent regarding issues germane to Purkey's capital proceedings. In fact as of December 20th, 2010 both counsel have clarified that they have not had time to actually began to focus on Purkey's appellate proceedings and that they did not intend to present anything beyond a token arguments of the issue Rule 56(e) presented herein.

6.    Both habeas counsel advised Purkey without providing any governing authority that he was not allowed to present a Rule 59(e) Motion To Alter or Amend The Judgment Order by the district court in denying across the board his request for COA(s) on appeal. This contention by counsel(s) is clearly not supported under the applicable governing law of Rule <u>59(e)</u>;Fed.R.Civ.P.

7.    Both counsel(s) have assured Purkey that they will not advance any objections to his request to the court for them to be withdrawn from representing him in these capital habeas proceedings, particularly because of the ultimate break-

down in communications and irrevocable difference that have existed for a protracted period of time and that continue to permeate Purkey's ability to assist in these capital habeas proceedings. Both habeas counsel(s) have reiterated, as in this instant matter over an inordinate period of time that prisoners such as Purkey who do not possess the intelligence, legal discernment and/or have a law degree on their wall does have the knowledge for applicable analytical ability to interpret and disgest tenets of law governing issues presented through various legal litigation, thereby as in this instance Purkey is being denied his fundamental rights to assist in these capital proceedings.

## Contrary To Habeas Counsel A COA Is Not Required On This Procedural Issue

Both Habeas Counsel have reiterated on numerous occasions that they will need to include this issue of Mr. Duchardt's affidavit not satisfying Rule 56(e) requirements through requesting the appellate court for a COA anent such. Continuing their ossify obstinacy to Purkey's advising both of these learned licenced attorneys that a COA is not required on procedural issues in a 2255 proceedings they remain totally unreceptive to hearing such legal mandate. This Court has clarified that rules governing 28 U.S.C. § 2255 proceedings do not mandate a Certificate of Appealability on procedural issues involved with §2255 proceedings. Roney v. U.S., 205 F.3d 1061, 1063 8th Cir.2000); quoting Nichols v. Bowersox, 172 F.3d 1068, 1070 n.2 (8th Cir.1999). Thereby, under this court controlling law a COA is not required for the court to entertain this procedural issue of law governing the submission of Mr. Duchardt's affidavit, whether or not it satisfies Rule 56(e) requirements.

## Conclusion

For the reasons stated above, this Court should grant Purkey's requested

relief withdrawing Ms. Tersa Norris and Mr. Gary E. Brotherton in representing

Purkey in these capital habeas proceedings, allowing Purkey to proceed pro

se and/or permit him to withdraw appellate review of his §2255 petition, as

denied by the district court.

Dated: December 28th, 2010

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Appellant/Pro Se

## Certificate Of Service

The Undersigned certifies that he has served copies of the foregoing
Motion via U.S. Mail, First Class Postage attached on this 28th day of December,
2010 to:

Tersa Norris, Esq
1247 Sumter, Second Floor
P.O. Box 11744
Columbia, SC 29201

AUSA Matt Whitworth
U.S. Courthouse
400 East 9th Street
Rm. 5510
Kansas City, KS 64106

Wesley I. Purkey
Deponent