**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

**NO.  10-3462**

**WESLEY IRA PURKEY,**
**Appellant,**

**v.**

**UNITED STATES OF AMERICA,**
**Appellee.**

*On Appeal from the United States District Court*
*for the Western District of Missouri*
*The Honorable Fernando J. Gaitan, Jr., Chief Judge*

**MOTION FOR LEAVE TO FILE OVERLENGTH**
**BRIEF ON DIRECT APPEAL FROM A JUDGMENT OF CONVICTION**
**AND SENTENCES OF DEATH**

COMES NOW Appellant, Wesley Ira Purkey, by undersigned counsel, and

pursuant to FRAP 32(a)(7)(B) and local Rule 28A(k) requests leave of this Court to file

a brief  of 40,000 words or less, which exceeds the ordinary length permitted for an

appellant's brief.  Mr. Purkey requests this relief for the following reasons:

1.      Wesley Ira Purkey is incarcerated on death row at USP-Terre Haute,

Indiana.

2.      This appeal challenges the district court's denial of Mr. Purkey's motion

pursuant to 28 USC § 2255, seeking to vacate, set aside or correct his conviction for

murder and the resulting sentence of death. This appeal addresses trial counsel's prejudicially deficient performance in failing to conduct a proper mitigation investigation, prepare mitigation witnesses or present copious mitigation evidence at trial and the district court's refusal to hold an evidentiary hearing while disregarding of the thirty-one (31) declarations submitted by Mr. Purkey while relying exclusively on the one declaration submitted by the Government.

3. FRAP 32(a)(7)(B)(i) allows 14,000 words for an appellant's brief. Counsel request leave to file an overlength brief of no more than 40,000 words. This is necessary to competently and effectively[1] brief the deficient and highly prejudicial performance by trial counsel, which led to Mr. Purkey's conviction and death sentence.

4. Briefs in capital cases require substantial additional space due to the greater volume of facts and complexity of issues relevant to their determination. Additional space in capital cases is justified by the literal "life and death" stake in the court's resolution of substantial errors that produce unwarranted capital convictions and death sentences. Death is different, and its qualitative difference requires greater reliability than any other sentence. *Woodson v. N.C.*, 428 U.S. 280, 305 (1977).

---

[1] The Supreme Court is currently considering whether post-conviction counsel in jurisdictions that preclude direct appeal consideration of trial counsel's effectiveness must themselves provide effective assistance in what amounts to the movant's first appeal of right as to his Sixth Amendment right to effective trial counsel. *See, e.g., Martinez v. Ryan*, No. 10-1001; *Cook v. Arizona*, No. 10-9742.

5.     The application for certificate of appealability (COA) filed by counsel totaled nearly 34,500 words. Briefing will require greater fact development as well as additional sections required by FRAP 28(a). Counsel are striving to present Mr. Purkey's case as concisely as possible without sacrificing factual development and legal analysis. This is a daunting task given the amount of information that must be compiled and analyzed.

6.     Overlength briefs have been warranted in many capital appeals. In another 2255 appeal, this Court granted appellant's request to file a brief of 20,000 words or less. *See, Sinisterra v. United States*, No. 08-1925. Sinisterra's brief, however, sought only to discuss matters contained in an application for COA that comprised twelve (12) pages or about 3,700 words. Mr. Purkey's application for COA was far more complicated – amounting to about ten times more argument – i.e., 137 pages or about 34,500 words. *See also, United States v. Robert Bolden*, No. 06-3264 (36,000 words); *United States v. Honken*, No. 05-3871 (36,000 words).

7.     Complicating counsel's efforts is the district court's heavy reliance on trial counsel's 117-page declaration in opposition to Mr. Purkey's § 2255 motion. That declaration must be liberally discussed and, in some cases, generously quoted.

8.     Counsel have no desire to file a needlessly lengthy brief. Counsel reasonably believe that Mr. Purkey's case cannot be competently argued without an

extension of up to 40,000 words.

9. Mr. Purkey's brief is due to be filed on September 6, 2011; counsel make this request within the time constraints of Eighth Circuit Local Rule 28A(k).

WHEREFORE, appellant Wesley Ira Purkey respectfully requests an order granting him leave to file an overlength brief of up to 40,000 words.

Respectfully submitted,

| | |
|---|---|
| Teresa L. Norris, Esq. | Gary E. Brotherton, Esq. |
| P.O. Box 11744 | 601 W. Nifong Blvd., Ste. 1C |
| Columbia, SC 29211 | Columbia, Missouri  65203 |
| (803) 765-1044  (Phone) | (573) 875-1571  Phone |
| (803) 765-1143  (Fax) | (573) 875-1572  Fax |
| teresa@blumelaw.com | GEBrotherton@LegalWritesLLC.com |
| Co-counsel to Appellant | Co-counsel to Appellant |

By: /s/ Gary E. Brotherton
GARY E. BROTHERTON

CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States by filing via CM/ECF.

/s/ Gary E. Brotherton
GARY E. BROTHERTON

Dated: Columbia, Missouri
August 22, 2011