FILED

AUG 2 2 2011

MICHAEL E. GANS
CLERK OF COURT

UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

WESLEY I. PURKEY,

Appellant,

vs.

Case No. 10-3462

UNITED STATES OF AMERICA,

Appellee.

---

## MOTION TO WITHDRAW COUNSEL
### TO PROCEED PRO SE IN THESE APPELLATE PROCCEDINGS
### AND
### TO WITHDRAW APPELLATE PROCEEDINGS

The Appellant Wesley I. Purkey (hereafter "Purkey") acting pro se in this matter does request that the Court withdraw Purkey's habeas Court Appointment Counsel Teresa Norris and Gary Brotherton because of irrevocable communication break-down, thereafter allowing Purkey to proceed pro se in these habeas appellate proceeding, which thereafter Purkey request these appellate proceedings to be terminated. In support of this request Purkey offers the following:

1. On August 10th, 2011 Purkey docketed his pro se Motion To Withdraw these appellate proceedings because of alleged proscribed conditions of his confinement. On August 12th, 2011 the Court issued an order for appointed habeas counsel to prepare a response to Purkey's Motion to Withdraw Appellate Proceedings. This response is still pending filing by court appointed counsel.

2. Because of irrevocable break-down in communication between Purkey and

1.

RECEIVED

AUG 2 2 2011

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

irrevocable difference Purkey request this Court to withdraw counsel and to allow him to proced pro se in these appellate proceedings. Both Teresa Norris and Gary Brotherton have reiterated many times over that they will not allow Purkey to assist in these habeas appellate proccedings, and have clarified through Gary Brotherton's statement that, "we will run roughshod over your case and that there is absolutely nothing that you can do about it." In fact this declaration has been reiterated many times over the past three and a half years when Purkey has tried to discuss issues of both law and fact predicating his habeas proceedings.

3. Prior to filing Purkey's Petition A Certificate Of Appellability he sua- stressed to both court appointed habeas counsel that they needed to obtain necessary authority demonstrating that a COA was not needed for the appellate court to ascertain and review interrelated habeas evidentiary matters such as the affidavit prepared and filed on behalf of the government by his trial counsel, Fred Duchardt. Even though Purkey emphasized to both habeas counsel that Duchardt's afidavit although characterized as 'evidentiary materials' was not synonymous with 'evidentiary material' of trial nature, but is actually a 'interrelated material' to the §2255 filing itself. When Purkey tried to explain to both habeas counsel that the definition of 'interrelated', as here is the same as is inter- preted through statutory construction that, "[I]t is a bacis principle of statutory construction that, a specific statute over a general provision of that statute are considered interrelated when closed positioned." Such evidentiary matters of interrelated nature to a §2255 habeas proceedings include affidavits, depositions and documents attached in support or opposition of the petition. See Snelling v. Publisher Cleaning House, 180 Fed.Appx. 609, 611 (8th Cir. 2006). The affidavit itself is not considered an evidentiary matter, but the affidavit

2.

contains evidentiary material. The right to file an affidavit in habeas proceedings is found in the general provisions of 28 U.S.C. §2246. In other words the filing of an affidavit is but one of multiple proceedings within the larger habeas action itself, i.e. interrelated. See Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004).

4. As both court appointed habeas counsels' have readily proclaimed that they paln to present this issue to the court of Purkey's trial attorney's affidavit utterly failing to satisfy requirements under Rule 56(e);Fed.R.Civ.P., although the court never granted, nor clarified denying a COA regarding this matter through the COA Petition. Both counsel(s) have reiterated that they do not need to mount so much as a cursory research anent authority for this court to review this matter in Purkey's appellate proceedings. In fact they have went so far to contend that they will submit they issue and hope for the best and if the court rejects review -"('O'well)"they tried. Because of both habeas counsel(s) ossify obstinacy in the past to concede that the Fed.R.Civ.P. are applicable to habeas proceedings and they exhaustive efforts Purkey had to mount to disgorge habeas counsel(s) from this untenable position he is thoroughly aware that their obstinacy in this matter will not be resolved, and thereby potentially devastating to Purkey because of the significance of this issue on his appeal. Both counsel claims that they pro forma representation and cursory research anent this issue of law and others is all that is necessary. Mr. Gary Brotherton reiterated and clarified that, "[W]e will decide what issues to present in your habeas apellate proceedings and what research is or is not necessary and that is how it is." For clarification purpose[s] he stated that, "we will and can run roughshod over your case and that there is nothing you can do about it."

5. Further, both appointed habeas counsel(s) clarified that they are

3.

'sick and tired' of hearing Purkey whine about the conditions of his confinement on death row. They stressed that he had no right to complain over being served uncooked and spoiled food on the so-called religious diet in the past four years, nor being denied medical treatment after suffering food borne poisoning from such. Further clarifying that Purkey did not have a right to practice his relgious beliefs, i.e. Buddhism or to be provided with a religious diet under the tenets of his religious beliefs. Mr. Brotherton clairified that Purkey needed to suck this up and deal with it. That he had other death row inmates as clients and they did not experience any of this issues of their confinement, and further Purkey was the "only inamte on death row that was complaining about the conditions of confinement." Further, Both court appointed habeas counsel with perspecuity clarified that, "Purkey had no right to adequate dental or medical treatment and that he needed to suck that stuff up." They have both reiterated that Purkey needed to stop complaining about the harassment denying him sleep every night by C.O.(s) Buescher, Baker and other such 12-8 staff, he needed to suck it up and deal with. In fact both habeas counsel(s) have advocated on Warden Lockett's behalf in condoning his position that Purkey should of thought about the conditions of his confinement before he started killing people, and that as stated when other inamtes have complained about issues permeating the conditions of their confinement on death row that, "the victim's families needed to be contacted and consulted with such whinny and weak complaints."

WHEREFORE' Purkey prayers this Court to grant his request to withdraw counsel, proceed pro se in these appellate proceedings and to withdraw such appellate proceedings.

DATED: August 18th, 2011          RESPECTUFLLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Appellant/Pro Se

## Certificate Of Service

The undersigned certifies that on this 18th day of August, 2011 that he served a true and correct copy of the foregoing on the United States via U.S. Mail, sufficient first class postage prepared and attached to:

Kathlenn D. Mahoney
Asst. U.S. Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kanasas City, MO 64106

Wesley I. Purkey
Deponent

5.