**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

| | | |
|---|---|---|
| **WESLEY IRA PURKEY,** | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 10-3462 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Appellee. | ) | |

**GOVERNMENT'S REPLY TO COUNSEL'S**
**RESPONSE TO APPELLANT'S *PRO SE* MOTIONS TO**
**REMOVE COUNSEL, PROCEED *PRO SE*, AND DISMISS HIS APPEAL**

Briefing was stayed in this case pending the response of Purkey's attorneys to his *pro se* motions to remove counsel, proceed *pro se*, and dismiss his appeal from the denial of his motion under 28 U.S.C. § 2255. Since it is clear that Purkey is not serious about any of these requests, the United States requests that the *pro se* motions be dismissed and the briefing schedule be reinstated.

As Purkey's attorneys have noted, Purkey has a history of repeatedly filing *pro se* motions, which are technically titled as "motions to dismiss" whatever happens to be pending at that time, or to set an execution date, but which are really just self-absorbed complaints about his conditions of incarceration. Attached to this response are four of Purkey's five prior *pro se* motions and the corresponding withdrawals of those motions filed in the district court.

Purkey's repeated attempts to manipulate and delay the judicial system should be ignored, as they were in the district court. If this Court were to remand the matter

to the district court for discovery, mental health evaluations, and a hearing as requested by his counsel, Purkey will have succeeded in manipulating this Court into dragging out the appellate process for years, or perhaps indefinitely, because he could always obtain another mental evaluation and hearing with any *pro se* motion to dismiss and/or to proceed without counsel. Purkey's history shows he has no desire to do anything except complain about the prison food and the prison guards, until his attorneys pay him sufficient attention, at which time he withdraws the motions that he knew were without merit or effect from the outset. His repeated *pro se* motions cannot be taken at face value, and even his attorneys acknowledge that Purkey is inaccurate at best in representing his communications with his attorneys. (Response, p. 9.)

As Purkey's attorneys also acknowledge, Purkey has no constitutional right to counsel in the appeal of a post-conviction motion, nor any right to proceed *pro se. Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152, 163 (2000) (the Constitution does not include a right to an appeal, nor to self-representation); *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (the Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions").

This Court does not typically consider *pro se* arguments where the appellant is represented by counsel. *United States v. Moore*, 481 F.3d 1113, 1114 (8th Cir. 2007). Even in a capital case, and even where a defendant appeared to be much more serious about dismissing his appeal than Purkey is, this Court did not deviate from that

practice.  *Paul v. United States*, 534 F.3d 832, 852 (8th Cir. 2008) (motion to remand to district court for mental evaluation denied, and appeal continued as to issues granted in certificate of appealability).

Accordingly, the United States respectfully requests that this Court dismiss Purkey's *pro se* motions and reinstate the briefing schedule.

Respectfully submitted,

BETH PHILLIPS
United States Attorney

By  */s/ Kathleen D. Mahoney*

KATHLEEN D. MAHONEY
Assistant United States Attorney
Chief, Fraud & Corruption Unit

By  */s/ David M. Ketchmark*

DAVID M. KETCHMARK
First Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Appellee*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 16, 2011, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

*/s/ Kathleen D. Mahoney*
Kathleen D. Mahoney
Assistant United States Attorney