IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI


WESLEY I. PURKEY,

                    Petitioner/Pro Se,

vs.                                    Case No. #06-8001-CVW-FJG

UNITED STATES OF AMERICA,

                    Respondent.

---

### THIRD MOTION TO WITHDRAW HABEAS COUNSEL
### AND
### FOR LEAVE TO PROCEED EITHER PRO SE AND/OR TO BE APPOINTED AS CO/COUNSEL

Petitioner Wesley I. Purkey, herafter "Purkey" does bring this **Third Motion** for habeas counsel to be withdrawn and for leave to proceed pro se, and/or in the alternative to be appointed as co/counsel and in support of said request does state the following:

1.   Since appointment of Ms. Teresa Norris, South Carolina and Mr. Brotherton, Missouri Purkey has filed pleadings in the case sub judice to be relieved of both because of irreconcilable difference respectively August 18th, 2007 and September 6th, 2007.  Through those close proximity pleadings Purkey simultaneously delineated and enunicated reasons his request for relief were predicated.  The Court without peruse of the claims asserted by Purkey dismissed the two motions based on supposedly voluntary requesting by Purkey

1.

Case 4:06-cv-08001-FJG   Document 57   Filed 12/14/07   Page 1 of 8

withdrawing said motions to relieve counsel and to proceed pro se. Such supposedly voluntary withdrawal of said motions were actually given under false pretenses of actions to be taken by both habeas counsel, thereby such withdrawal of the same were coerced, because both counsel have reneged on their agreement to allow Purkey what the constitution guarantees, and that is **for Purkey to be allowed to assistant in his own criminal proceedings.** Both counsels' have paid lip service to this constitutional guarantee, but more so Teresa Norris has and continue to breach this constitutional right through her commandeering, controlling and strong-arm tacits denying Purkey the right to assist in these proceedings, whereas Mr. Brotherton has and continues to show a overwhelming passive resistance to such at Purkey's expense.

2. Since the appointment of Teresa Norris and Gary Brotherton, Ms. Norris with exception of one (1) time has not responded to the many correspondence Purkey has sent to her addressing issues, authority and germane facts predicating issues to be presented and/or were being requested for presenting through Purkey's § 2255 petition. In fact Ms. Norris has made it perspicuously clear that she did not have time to be answering this **shit**, and that if Purkey expected her to waste time responding to his analysis of claims to be raised and/or were being requested to be raised then he would be waiting a long time, because she was not going to do it. Here she was a person of her word, although she has a habit of selectively being that when convenient. Because of her ossify obstinancy to allowing Purkey to assist in his **own habeas proceedings** and in combination with other detrimental circumstances surrounding both counsels preparation of Purkey's habeas and memorandum in support he filed the dual pleading for thier withdraw. Some but not all are still germane and are aggravating factors stimulating the filing of this instant pleading, as others presented through those two

2.

pleadings are no longer of issue. Those that are, in respect with this motion will be set forth through the subsequent paragraphs.

3. After much controversy and anguish Ms. Norris agreed to allow Purkey a partial amount of the issues he sought for presentation through his 2255 petitition. Further' she agreed to allow Purkey to review drafts of the issues to be presented and analyzed through the simultaneous filing of the memorandum of law in support of the October 16th, 2007 filing of the 2255. Contrary to Ms. Norris's assurances that she would allow Purkey to review drafts of isues being presented through the momorandum of law, only Mr. Brotherton allowed Purkey to do so with issues he was preparing. But' here it is noteworthy that allowing Purkey to review these issues Mr. Brother drafted was only a facade in allowing Purkey to assist with modifications of such, whereas the ensured changes to be made after allowing Purkey meaningful imput were simply left out without advising Purkey of such. Ms. Norris has made it vividly clear that she only tolerates Purkey's involvement with his own habeas petition, and in reality provides him with a placebo of assistance with his own habeas petition that his life literally hinges on. In retrospect' Ms. Norris and Brotherton after assuring Purkey that he would be allowed to assist in preparation of his own habeas petition and memorandum of law in support of filed such leaving him to believe that the modifications he sought and which they had approved were actually left out. This is the type of devious and despicable actions Purkey has had to deal with anent dealing with Ms. Norris, and in the same vein with Mr. Brotherton who does not possess the temerity to answer these devious and sordid deeds of lead counsel, Norris. In fact Mr. Brotherton continues to show absolute and total acquiesce to Norris's heavy handedness and commandeeringness of Purkey's case. In support of the central claim that Mr. Norris is the central problem in denying Purkey the right

Case 4:06-cv-08001-FJG   Document 57   Filed 12/14/07   Page 3 of 8

to assist in his own habeas proceedings it is noteworthy that Mr. Brotherton is second counsel in two other federal death row cases, one on direct and the other in collateral proceedings, whereas he does not have the same issues bearing with lead counsel in either of thsoe two cases. That is because neither lead counsel in either of those other two death row cases is controlling, commandeering and strong-arming their clients' cases, as Ms. Norris is in Purkey's habeas proceedings.

4. From the on-set of both Mr. Brotherton and Ms. Norris's appointment they assured Purkey that they would petition the court for funds to obtain a polygraph test anent Purkey's adamant denial that he ever kidnap Ms. Long, as the government flaunted to the jury. In fact this claim was to be presented through Purkey's habeas petition and addressed through the supporting memorandum of law, although Teresa without telling Purkey eighty-sixth from both. Purkey requested and Mr. Brotherton approved that this information that Purkey had been trying sedulously from the time of Mr. Duchdart's appointment to be allowed polygraph testing anent the kidnapping claim, and in fact that Purkey was still begging to have an polygraph administered at this date. Further' Purkey is willing to forego these collateral proceedings if he should fail such polygraph testing. Here again, after clearly telling Purkey that they would petition the court for funding to obtain a polygraph examiner and testing laying down sufficient grounds for the same to the court both counsels' have reneged on such, including to include these issues in Purkey Habeas Proceedings which his life depends on. The Eighth Circuit have found just such polygraph testing to be relevant in this type of case. See **U.S. v. Waters,** 194 f.3d 926, 937 (8th Cir. 1999); and **U.S. v. Williams,** 95 F.3d 723 (8th Cir. 1996). Purkey is still willing to take such polygraph examination at this point, and in fact is in reality begging to do so.

4.

5. Through specious and disingenuous arguments Ms. Norris has and continues to deny issues and arguments to be presented in Purkey's habeas petition and attached memorandum of law in support. Even though certain issues have been litigated and decided by this Court and the Eight Circuit, only renders them to authority of 'law of the case', not written in stone, as the Eighth Circuit en banc did not review them, or has the Supreme Court granted Cert. for review of the same. Under Point XX of Purkey's petition and argued through the later filed memorandum of law Ms. Norris again behid Purkey's back deleted that this issue of law was wrongfully decided by this Court and the Eighth Circuit Panel because of the erroneous rule of law it was reviewed under. Beyond the Hammer anaylsis for the failure to appripriate find 'obvious mitigators', which relies in pertinent part of allowing mitigating factors to not only be considered, but as well as for the jury to constitutional weigh the same. Here' as Purkey stressed to both habeas counsels' and which they considered would be presented, but was not in the memorandum of law is the fact that this claim of the jury, not only failing to vote on obvious migitating factors but that the jury's failure to memoralize their voting on mitigating factors was in violation of statutory provisions under 18 U.S.C. § 3593(a). See **U.S. v. Green,** 407 F.3d 434, 442-43 (1st Cir. 2005). Whether a death penalty jury is required to memorialize their votes on a defendant's migitating factors is vested through the language of the governing statute. Id. This is just one of many issues that habeas counsel had originally guaranteed Purkey would be presented through his habeas petition, and then deviously left out after Purkey being advised that they would be presented.

5. Because of habeas counsels' ineptness and/or plain incompetency Purkey's petition and supporting memorandum has foregone material affidavits in support of germane issues being raised. Two such affidavits were to be provided by Purkey's

5.

daughter, Angie C. Genial, Basehor, KS and a second affidavit by his counsin, her husband and his aunt. Although all these individuals have repeatedly tried to afford these materials to habeas counsel they have been totally inept in obtaining them. When confronted habeas counsel for jsutification for not obtaining these materials they chose to mark significant disparaging remarks toward Purkey's daughter and family in general, in lieu of admitting their own ineptness and incompetency in doing so. Such disrespect and derogatory comments by counsels toward Purkey's family and especially daughter who plead for her dad's life during trial will not be tolerate in anyway, shape or form from Norris or Brotherton.

### Purkey Request That He Be Appointed As Co/Counsel
### and/or
### Ms. Norris Be Withdrawn From These Habeas Proceedings
### and
### Mr. Brotherton Be Allowed To Proceed As Habeas Counsel/
### and Purkey Appointed As Co/Counsel

6. Because of the breakdown in communications between habeas counsel and Purkey as delineated and enunicated above, and as well through the other two pleadings requesting relief of habeas counsel, Purkey request to be appointed as co/counsel along with Ms. Norris and Mr. Brotherton. If the Court should decline to do so which would Purkey would in that case not be allowed to fully assist and review all materials prior to filing with the court, he then request that Ms. Norris be withdrawn as counsel and Mr. Brotherton be allowed to remain. As well as in that case that Purkey be appointed as Co/counsel along with Mr. Brotherton. If the Court should deny such request to appoint Purkey counsel in either of the two instances, then Purkey request that the court relief him of both habeas counsel and allow him to proceed pro se in this matter.

6.

## CONCLUSION

WHEREFORE' petitioner request for the foregoing reasons and others set forth through the previous two pleading previously filed into the Court that the Court grant the relief requested herein.

Dated: December 11th, 2007

RESEPCTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United State Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner/Pro Se

## DECLARATION UNDER PENALTY OF PERJURY

The undersiged Wesley I. Purkey does attest under penalty of perjury that the above and foreging information is true and correct to the best of his knowledge and beliefs pursuant to 28 U.S.C. § 1746.

Wesley I. Purkey
Declarant/Petitioner

## CERTIFICATE OF SERVICE

The undersigned Wesley I. Purkey does certify that he mailed a true and correct copy of the foregoing motion via U.S. Mail, First Class Postage Prepaid on this 11th day of December, 2007 to:

7.

Mr. Matt. J. Whitworth
Asst. U.S. Attorney
Charles Eveans Whittaker Courthuose
400 East Ninth Street, 5th Floor
K.C., MO 64106

&

Teresa Norris
Attorney At Law
1247 Sumter Street, Second Floor
Columbia, South Carolina 29201

Wesley I. Purkey
Petitioner/Pro Se

8.