**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

**NO. 10-3462**

**WESLEY IRA PURKEY,**
**Appellant,**

**v.**

**UNITED STATES,**
**Appellee.**

*On Appeal from the United States District Court*
*for the Western District of Missouri*
*The Honorable Fernando J. Gaitan, Jr., Chief Judge*

---

# APPELLANT'S ADDENDUM

---


Teresa L. Norris, Esq.
P.O. Box 11744
Columbia, SC 29211
(803) 765-1044 (Phone)
(803) 765-1143 (Fax)
teresa@blumelaw.com
Co-counsel to Appellant

Gary E. Brotherton, Esq.
601 W. Nifong Blvd., Ste. 1C
Columbia, Missouri 65203
(573) 875-1571 Phone
(573) 875-1572 Fax
GEBrotherton@LegalWritesLLC.com
Co-counsel to Appellant

# TABLE OF CONTENTS

Order & Judgment denying 2255Motion .............................................. ADD1

Order denying Rule 59(e) Motion ........................................................ ADD13

Nelson v. United States (unpublished) ................................................. ADD18

Certificate of Service ........................................................................ ADD22

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| WESLEY IRA PURKEY, | ) |
| | ) |
| Movant, | ) |
| | ) Civil Case No. |
| v. | ) 06-8001-CV-W-FJG |
| | ) |
| UNITED STATES OF AMERICA, | ) Criminal Case No. |
| | ) 01-00308-01-CR-W-FJG |
| Respondent. | ) |

## ORDER

Currently pending before the Court is movant's Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 47); Motion to Strike Statement of Frederick A. Duchardt, Jr. (Doc. # 83); Motion to Set Matter for an Evidentiary Hearing (Doc. # 84) and Motion for Leave to File Late Response to Motion to Strike Statement of Frederick A. Duchardt Jr. (Doc. # 87).

### I. BACKGROUND

Movant was indicted on October 10, 2001 for the kidnaping, rape and murder of Jennifer Long in violation of 18 U.S.C. § 1201(a), 1201(g) and 3559 (d). On November 5, 2003, petitioner was convicted of these crimes. The penalty phase of the trial began on November 10, 2003 and concluded on November 19, 2003. The jury unanimously concluded that the aggravating factors outweighed the mitigating factors and determined that petitioner should be sentenced to death. On January 23, 2004, petitioner was sentenced to death. On February 2, 2004, movant filed his notice of appeal with the Eighth Circuit Court of Appeals. On November 7, 2005, the Eighth Circuit issued an opinion affirming his conviction and sentence. See United States v.

Purkey, 428 F.3d 738 (8th Cir. 2005). Rehearing and rehearing en banc were denied on January 13, 2006. Movant's petition for certiorari was denied by the United States Supreme Court on October 16, 2006. Purkey v. United States, 549 U.S. 975 (2006).

## II. STANDARD

28 U.S.C. § 2255(a) provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919, 113 S.Ct. 1278, 122 L.Ed.2d 672 (1993)).

## III. DISCUSSION

### A. Ineffectiveness of Counsel

To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely

deferential approach in evaluating counsel's performance. 466 U.S. at 689, 104 S.Ct. at 2065-66. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' See Michel v. Louisiana, 350 U.S. 91,101, 76 S.Ct.158,164, 100 L.Ed.2d 83 (1955)." Id. Additionally, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. "Although the two prongs of the 'ineffective assistance' analysis are described as sequential, courts 'do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice.'" United States v. Vesey, No. C06-0075-MWB, 2009 WL 1324076, *5 (N.D. Iowa May 12, 2009) (citing Boysiewick v. Schriro, 179 F.3d 616, 620 (8th Cir. 1999), cert. denied, 528 U.S. 1141, 120 S.Ct. 989, 145 L.Ed.2d 938 (2000)).

In his § 2255 motion, movant makes seventeen allegations regarding the ineffectiveness of his trial and appellate counsel, Mr. Frederick Duchardt, Jr. These allegations focus on Mr. Duchardt's failure to object to certain statements made during the trial, failure to obtain the services of a mitigation expert or to adequately prepare a mitigation case, failure to adequately present expert testimony, failure to call certain witnesses and failure to impeach certain witnesses. In response to these allegations, Mr. Duchardt filed a 117 page affidavit, in which he goes into extensive detail to refute movant's claims. The Government argues that Mr. Duchardt's affidavit provides

significant insight into why he made certain strategical decisions before and during the trial. Additionally, the Government notes that Mr. Duchardt called a total of twenty-two witnesses on movant's behalf. Eighteen of these witnesses testified as mitigation witnesses who testified concerning the sexual, physical and psychological abuse that movant suffered during his childhood and adolescence.

The Court has reviewed Mr. Duchardt's affidavit, as well as the briefs and arguments presented by counsel and finds that movant has failed to overcome the presumption that Mr. Duchardt's actions were not sound trial strategy. The Court finds that Mr. Duchardt's actions did not fall below an objective standard of reasonableness. Additionally, even if Mr. Duchardt's actions were considered to fall below the standard of reasonableness, movant has not shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Movant filed a Motion to Strike the Affidavit of Mr. Duchardt alleging that he violated his duty of confidentiality and his duty of loyalty. Movant also argues that he failed to give adequate notice of the contents of the Affidavit or to allow movant to object to portions of the affidavit, before it was provided to the Government. Movant argues that Mr. Duchardt divulged confidential information that he acquired in the course of his investigation that was otherwise generally unknown. Movant argues that no attorney could conclude that such disclosure was necessary in order to answer the limited allegations of ineffectiveness.

In Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974), cert. denied, 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975), the Court stated:

> It has long been the law that a client may waive protection of the [attorney-client] privilege, either expressly or impliedly. . . . One of the circumstances which may support a conclusion of a waiver is an attack by the client upon his attorney's conduct which calls into question the substance of their communications. A client has a privilege to keep his conversations with his attorney confidential, but that privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence. . . . Surely, a client is not free to make various allegations of misconduct and incompetence while the attorney's lips are sealed by invocation of the attorney-client privilege. Such an incongruous result would be inconsistent with the object and purpose of the attorney-client privilege and a patent perversion of the rule.

See also Stobaugh v. U.S., No. 06-3317-CV-S-RED, 2007 WL 628420, *1, n.1 (W.D.Mo. Feb. 27, 2007)("Stobaugh waived the attorney-client privilege when he claimed that his attorney's advice constituted ineffective assistance of counsel."). In the instant case, the Government requested that the Court order Mr. Duchardt to file an Affidavit so that the Government could adequately respond to movant's motion. Mr. Duchardt declined to provide an affidavit unless he had an attorney-client waiver from movant or unless the Court ordered him to provide evidence in response to the allegations. In an Order dated February 1, 2008, this Court found that movant had waived his attorney-client privilege as to his ineffective assistance of counsel claims and directed Mr. Duchardt to prepare an affidavit in response to movant's allegations. The Court finds that Mr. Duchardt did not act improperly in filing the Affidavit nor did he violate his duty or loyalty or his duty of confidentiality, as the attorney-client privilege had been waived. Accordingly, movant's Motion to Strike the Statement of Frederick A. Duchardt, Jr. (Doc. # 83) is hereby **DENIED**.

### B. Violation of Due Process

Movant argues that he was denied due process due to: 1) certain misconduct on the part of the Government; 2) because no reasonable juror could have found beyond a reasonable doubt that he kidnaped the victim and also because 3) he was sentenced based on arbitrary factors when the jury did not vote on mitigating evidence.

#### 1. Alleged Government Misconduct

Movant claims that the Government created the false impression that movant referred to the federal penitentiary as "Club Fed" and that "Club Fed" had more lenient conditions than the Kansas Department of Corrections system. The Government argues that movant did not raise this claim either at trial or on appeal and that the claim is procedurally defaulted. In order to obtain relief, the Government argues that movant must show actual prejudice from this error. Additionally, the Government notes that the prosecution has the right to introduce evidence concerning a defendant's post-defense statements to members of law enforcement as admissions against interest. The Government argues that there was no attempt to mislead the jury that Purkey had used the term "Club Fed." The Court agrees and finds that there was no misconduct on the part of the Government by referencing the term "Club Fed."

Movant also argues that Government counsel created a false impression when he told the jury that movant had just walked into Court and recanted the kidnaping. Movant argues that this was false since he told Agent Tarpley and Detective Howard in December 1998 and told Michael Speakman and Dr. Peterson in 2003 that the victim had come with him voluntarily. However, on direct examination of Agent Tarpley, the

Government asked if movant had just changed his story.

The Government argues that neither movant nor the Government ever contended that Jennifer Long was grabbed off the street and kidnaped. The kidnaping crime occurred later when movant pulled a knife out of his glove box and placed it under his right thigh and refused to let Ms. Long out of his truck. This is consistent with what movant said in his statements to Tarpley and Howard and Speakman. The confusion comes when movant met with his psychiatrist, Dr. Peterson and in describing the events of January 22, 1998, he changed his story and claimed that he never kidnaped Ms. Long. In his report, Dr. Peterson wrote, "Ultimately, he killed her at home. He believes she came to his house willingly so it wasn't kidnaping. He told the kidnaping story 'for the FBI so he could get into the federal system.'" The Government did not come into possession of Dr. Peterson's report until August 13, 2003, shortly before trial. Looking at the accounts from Tarpley, Howard and Speakman, it is apparent that movant did change his story when he spoke with Dr. Peterson. Therefore, the Court finds that there was no misconduct in Government counsel asking whether movant had changed his story.

**2. Denied Due Process Because No Reasonable Juror Could Have Found Beyond A Reasonable Doubt That Movant Kidnaped Jennifer Long.**

Movant argues that the only evidence that he kidnaped Ms. Long came from his own mouth and he later repudiated the kidnaping. Movant argues that his confession to Tarpley and Howard was not trustworthy, and that less than a month after the indictment, the government knew from its star witness, Michael Speakman, that movant had denied kidnaping Ms. Long. Movant argues that the corroborating evidence led to

the inference that Ms. Long voluntarily accompanied him to his home in Kansas, because there were multiple opportunities that she had to escape, but she did not. Movant argues that the Government relied on his confession because that is all it had. Movant argues that the Government mislead the jury by stating that he had repudiated the kidnaping not two years before trial, but right before trial. Without this misleading of the jury, movant argues that no reasonable juror could have found beyond a reasonable doubt that he kidnaped Ms. Long.

As discussed above, the Government did not know from Speakman's statements to the FBI that Purkey was recanting his claim that he kidnaped Ms. Long. The only thing that he told Speakman was that he had not snatched the girl from the street as Keith Nelson had done. Rather, Purkey described his initial contact with the girl as more like they were "partying" and that it was not forcible. This is consistent with what movant told Tarpley and Howard. The Court finds that the Government did not in any way mislead the jury. A reasonable juror could have disbelieved movant's argument and found beyond a reasonable doubt that he kidnaped Ms. Long.

**3. Denied Due Process Because the Jury Did Not Vote On Mitigating Evidence.**

Movant argues that the jury left blank the entire section of the verdict form related to findings upon mitigation evidence. He argues that it is one thing for a jury not to give much weight to mitigation evidence, but it quite another thing for a jury to decide not to acknowledge the evidence at all.

In United States v. Paul, 217 F.3d 989, 999-1000 (8th Cir. 2000), the Court stated, "Neither the FDPA nor Lockett [v. Ohio, 438 U.S. 586, 605, 98 S.Ct. 2954, 57 L.Ed.2d

973 (1978)] and Eddings [v. Oklahoma, 455 U.S. 104, 115, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982)] require a capital jury to give mitigating effect or weight to any particular evidence. . . . There is only a constitutional violation if there exists a reasonable likelihood that the jurors believed themselves precluded from considering relevant mitigating evidence." In that case, six jury members refused to find the defendant's age to be a mitigating factor, even thought it was undisputed that the defendant was eighteen at the time of his offense. The Court has reviewed the Verdict Form completed in this case and finds no error in the fact that the jury failed to find any mitigating evidence in this case. Movant has not shown that the jurors were precluded from considering any mitigating evidence, they simply chose not to give any weight to that evidence, which under the law they are entitled to do.

**4. Denial of Due Process Due to Cumulative Effect of Government Counsel's Misconduct.**

Movant argues that the cumulative nature of the prosecutorial misconduct requires reversal. In United States v. Hance, 501 F.3d 900 (8th Cir. 2007), the Court stated:

> 'To obtain a reversal for prosecutorial misconduct, the defendant must show that (1) the prosecutor's remarks were improper, and (2) such remarks prejudiced the defendant's rights in obtaining a fair trial.' . . .'If we reach the second step, we consider: (1) the cumulative effect of such misconduct (2) the strength of the properly admitted evidence of [defendant's] guilt; and (3) the curative actions taken by the trial court.'

Id. at 908, (citing United States v. Cannon, 88 F.3d 1495, 1502 (8th Cir. 1996)). The Court has examined the alleged prosecutorial errors and does not find any of them to be improper. Even if the remarks and/or actions were considered to be improper, they did not prejudice the defendant's right to a fair trial.

**C. Motion for An Evidentiary Hearing**

Movant argues that he is entitled to a hearing because there are disputed issues of fact that cannot conclusively be resolved on the basis of the record alone and those facts if true, would entitle him to relief. Movant argues that many of the allegations of ineffectiveness relate to activity outside the courtroom and the record can shed no light on these allegations. Movant states that the Court cannot determine whether to believe his witnesses or Mr. Duchardt's denials without hearing from the witnesses themselves, as this is the only way to judge their credibility.

The Government argues that an evidentiary hearing is both unwarranted and unnecessary and that all of the issues raised by movant in his § 2255 motion are resolvable by reviewing the record. The Government states that Movant has not shown that Mr. Duchardt's representation fell below an objective standard of reasonableness. Nor has he demonstrated that there is a reasonable probability that but for Mr. Duchardt's errors, the result of the proceeding would have been different.

In reply, Movant cites to the Eighth Circuit decision in Nelson v. United States, No. 07-3071 (8th Cir. Oct. 27, 2008), in which the Court stated, "[o]ur cases teach that issues regarding the ineffectiveness of counsel often require a hearing to consider evidence not disclosed on the face of the trial record."

"A district court does not err in dismissing a movant's § 2255 Motion without a hearing if (1) the movant' 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. United States, 447 F.3d 1130,1132 (8th Cir. 2006) (citing Sanders v. United

States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199, 124 S.Ct. 1460, 158 L.Ed.2d 116 (2004)). The Court finds that no hearing is necessary in this case, because even if movant's allegations are true, and Mr. Duchardt was ineffective for failing to call certain witnesses or to present a more complete mitigation case, movant would not be entitled to relief. As noted above, of the twenty-seven mitigating factors which were presented to the jury, no jurors voted for a single mitigating factor. So, even if movant's counsel had called different or additional witnesses or introduced more or additional mental health or evidence relating to his abuse as a child and young adult, it is unlikely that the jury would have considered this mitigating evidence or that they would have sentenced movant to life in prison. Accordingly, because the Court finds that the disputed issues would not entitle movant to relief, the Court hereby **DENIES** the Motion for an Evidentiary Hearing (Doc. # 84).

## IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** movant's Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 47); **DENIES** the Motion to Strike the Statement of Frederick A. Duchardt, Jr. (Doc. # 83); **DENIES** the Motion to Set Matter for an Evidentiary Hearing (Doc. # 84) and **DENIES AS MOOT** the Motion for Leave to File Late Response to Motion to Strike Statement of Frederick A. Duchardt Jr. (Doc. # 87).

Date: 09/29/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
**WESTERN DIVISION**

| | | |
|---|---|---|
| WESLEY IRA PURKEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 06-8001-CV-W-FJG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**JUDGMENT IN A CIVIL CASE**

____ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_X_ **Decision by Court.** This action came before the Court. The issues have been determined and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that

movant's Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255 is DENIED; the Motion to Strike the Statement of Frederick A. Duchardt, Jr. is DENIED; the Motion to Set Matter for an Evidentiary Hearing is DENIED; and the Motion for Leave to File Late Response to Motion to Strike Statement of Frederick A. Duchardt Jr. is DENIED.

09/29/09
Date

Ann Thompson
Clerk of Court

/s/ Rhonda Enss
(by) Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

WESLEY IRA PURKEY, )
)
Petitioner, )
)
v. ) No. 06-8001-CV-W-FJG
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## ORDER

Currently pending before the Court is petitioner's Motion to Alter or Amend the Judgment (Doc. # 91) and Motion to Withdraw Habeas Proceedings (Doc. # 99).

### I. BACKGROUND

On September 29, 2009, this Court entered an order denying Purkey's Motion to Vacate, Set Aside or Correct His Sentence (Doc. # 89). Purkey has now filed a Motion Seeking to Alter or Amend that Judgment.

### II. STANDARD

> A motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) serves the limited purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. . . . It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment. . . . District courts have broad discretion when deciding whether or not to grant a motion to amend judgment.

In re General Motors Corp. Anti-Lock Brake Products Liability Litigation, 174 F.R.D. 444, 446 (E.D.Mo. 1997), aff'd sub nom. Briehl v. General Motors Corp., 172 F.3d 623 (8th Cir. 1999)(citations and internal quotations omitted). See also, Peters v. General

Service Bureau, Inc., 277 F.3d 1051,1057 (8th Cir. 2002)("Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion.").

28 U.S.C. § 2255 states in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

"A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Baranski v. U.S., No. 4:05CV657 CAS, 2006 WL 472451, *3 (E.D.Mo. Feb. 27, 2006), aff'd, 515 F.3d 857 (8th Cir. 2008)(internal citations and quotations omitted).

## III. DISCUSSION

Purkey argues first that the Court misapplied the law and should vacate the judgment and strike the affidavit provided by trial counsel, Fred Duchardt. Purkey states that the attorney-client privilege was waived, but not to the extent of Mr. Duchardt's disclosures. Secondly, Purkey argues that the Court misapplied the law and should vacate the judgment and receive testimony as to the allegations in the Motion to Vacate. Purkey argues that there are disputed facts contained in the affidavits that he presented and Mr. Duchardt's affidavit, which cannot be resolved without a hearing.

The Government argues that there was nothing improper in Mr. Duchardt's affidavit and that he did not inappropriately breach the attorney-client relationship and

instead revealed only that information that was necessary in order to respond to the numerous allegations of ineffective assistance of counsel. Additionally, the Government argues that Court correctly determined that there was no need for a evidentiary hearing because the trial record, the affidavit of Mr. Duchardt and the affidavits submitted by Purkey were sufficient for the Court to determine that a hearing was not necessary.

With regard to the affidavit of Mr. Duchardt, the Court finds that there is no reason to strike this affidavit. As stated in the Order directing Mr. Duchardt to file the Affidavit, because Purkey argued that Mr. Duchardt was ineffective, he waived his attorney-client privilege. Post-conviction counsel argue that Mr. Duchardt's affidavit goes too far and reveals too much. However, simply because they do not like what was said in the Affidavit is no reason to strike the affidavit. Purkey makes numerous and detailed claims of ineffectiveness against Mr. Duchardt. The revelations in the affidavit were necessary in order to rebut those allegations.

Counsel for Purkey also argues that this Court should hold an Evidentiary Hearing. However, as stated in the Order denying Purkey's Motion to Vacate, Set Aside or Correct His Sentence, "[a] district court does not err in dismissing a movant's § 2255 Motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Buster v. United States, 447 F.3d 1130,1132 (8th Cir. 2006) (citing Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003), cert. denied, 540 U.S. 1199, 124 S.Ct. 1460, 158 L.Ed.2d 116 (2004)). Purkey argues that this Court must weigh the mitigation evidence that was presented against the mitigation evidence that

*could* have been presented and that the Court must allow the development of facts outside the record. Purkey cites to Williams. v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), and Nelson v. United States, 297 Fed.Appx. 563 (8th Cir. Oct. 27, 2008)[1] in support of this proposition. In Williams, the attorney failed to introduce five different categories of mitigating evidence. In this case, there is no claim that Mr. Duchardt failed to introduce entire categories of evidence, post-conviction counsel simply claim that he should have introduced *more* mitigation witnesses. Mr. Duchardt submitted twenty-seven mitigating factors to the jury and called eighteen mitigation witnesses who testified concerning the sexual, physical and psychological abuse that petitioner suffered during his childhood and adolescence. In spite of this substantial amount of mitigation testimony, not one juror voted for a single mitigating factor. So, even if petitioner's counsel had called different or additional witnesses or introduced more or additional mental health or abuse evidence, there is not a "reasonable probability" that the result would have been different. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), the Court stated, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In the instant case, even considering the additional mitigation evidence that Duchardt could have presented, the Court finds that it does not "undermine confidence in the outcome." This conclusion

[1] The Court finds Nelson v. United States, 297 Fed.Appx. 563 (8th Cir. Oct. 27, 2008), distinguishable because in that case, both sides agreed that an evidentiary hearing was necessary. In this case, the Government does not concede that a hearing is necessary.

is supported by the jury's actions in failing to find a single mitigating factor. Accordingly, the Court finds that no hearing is necessary, because even if Purkey's allegations are true, he would not be entitled to relief.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Purkey's Motion to Alter or Amend the Judgment (Doc. # 91).

Purkey had also filed a Pro Se Motion to Withdraw Habeas Proceedings and to Set an Expeditious Execution Date Set (Doc. # 99). However, shortly after he filed this Motion, Purkey's counsel filed a Motion asking that Purkey's pro se motion be withdrawn stating that he had spoken with Purkey and he requested that his counsel notify the Court that he did not wish to dismiss this action or have an execution date set. Accordingly, the Motion to Withdraw is hereby **GRANTED** (Doc. # 100) and Purkey's Pro Se Motion (Doc. # 99) is hereby **WITHDRAWN**.

Date: 12/22/09
Kansas City, Missouri

S/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
Chief United States District Judge



**Keith D. Nelson, Appellant, v. United States of America, Appellee.**

**No. 07-3071**

**UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT**

***297 Fed. Appx. 563*; *2008 U.S. App. LEXIS 22338***

**January 9, 2008, Submitted**
**October 27, 2008, Filed**

**NOTICE:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY: [**1]**

Appeal from the United States District Court for the Western District of Missouri. *United States v. Nelson, 347 F.3d 701, 2003 U.S. App. LEXIS 21360 (8th Cir. Mo., 2003)*

**COUNSEL:** For Keith D. Nelson (Federal Prisoner: 07440-031), Movant - Appellant: Gary E. Brotherton, I, LEGAL WRITES, Columbia, MO; David A. Ruhnke, RUHNKE & BARRETT, Montclair, NJ.

Keith D. Nelson, Movant - Appellant, Pro se, Terre Haute, IN.

For United States, Respondent - Appellee: Sheryle L. Jeans, Philip M. Koppe, Assistant U.S. Attorney, Matt Jeffrey Whitworth, Assistant U.S. Attorney, U.S. ATTORNEY'S OFFICE, Kansas City, MO.

**JUDGES:** Before SMITH, BRIGHT, and HANSEN, Circuit Judges.

**OPINION**

**[*564]** PER CURIAM.

This case pends upon the appellant's 150-page motion for a certificate of appealability.

Following his guilty plea to the kidnap and murder of a ten-year-old girl, a federal jury sentenced Keith D. Nelson to death. This sentence was affirmed on appeal, see *United States v. Nelson, 347 F.3d 701 (8th Cir. 2003)*, and the Supreme Court denied certiorari review, *Nelson v. United States, 543 U.S. 978, 125 S. Ct. 486, 160 L. Ed. 2d 355 (2004)*.

Nelson then filed his *28 U.S.C. § 2255* motion to vacate, set aside, or correct his

sentence in the district court. The district court determined that no evidentiary hearing was necessary and that the claims Nelson raised were able **[**2]** to be determined by the trial record, and the court dismissed both Nelson's *§ 2255* motion and his companion motion to disqualify the district **[*565]** judge. Nelson filed a motion pursuant to *Federal Rule of Civil Procedure 59* to alter or amend the judgment entered on his *§ 2255* motion, which the district court denied. He then filed a notice of appeal and sought a certificate of appealability from the district court, seeking certification on each of the some 60 separate claims of ineffective assistance of his trial and appellate counsel asserted in his *§ 2255* motion, the denial of his recusal motion, and the separate denial of his motion for additional funding of expert and investigative services. The district court denied the certificate, and Nelson filed the pending motion for a certificate of appealability with this court.

We have carefully reviewed the pending motion and the district court's orders. We are satisfied that an evidentiary hearing should have been held on some of the Appellant's claims of ineffectiveness of counsel. Our cases teach that issues regarding the ineffectiveness of counsel often require a hearing to consider evidence not disclosed on the face of the trial record. See, **[**3]** e.g., *Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992)* (noting that remand for an evidentiary hearing is necessary where the record is inconclusive on a claim for ineffective assistance of counsel); *United States v. Dubray, 727 F.2d 771, 772 (8th Cir. 1984)* (noting in a direct appeal that ineffective assistance of counsel claims normally "cannot be advanced without the development of facts outside the original record" (internal marks omitted)). Under *§ 2255*, a hearing "may be denied only if 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" *Saunders v. United States, 236 F.3d 950, 952 (8th Cir.)* (quoting *28 U.S.C. § 2255*), cert. denied, *533 U.S. 917, 121 S. Ct. 2524, 150 L. Ed. 2d 696 (2001)*. We review for an abuse of discretion the district court's decision to deny such a hearing, but this review requires *de novo* consideration of the validity of the ineffective assistance of counsel claims as a matter of law in order to decide if an evidentiary hearing in the district court is warranted. Id. "In some cases, the clarity of the existing record on appeal makes an evidentiary hearing unnecessary," but "[a]bsent such clarity, an evidentiary **[**4]** hearing is required." *Latorre v. United States, 193 F.3d 1035, 1038 (8th Cir. 1999)*. Our examination of the claims asserted in this case convinces us that a fair and just determination of some of them required an evidentiary hearing to be held. We note that the Government's response to the original *§ 2255* motion informed the district court that such a hearing was necessary.

Accordingly, we grant a certificate of appealability on the following claims asserted by Nelson in paragraph 11 of his *§ 2255* motion, and we remand the case to the district court with directions to hold an evidentiary hearing on these claims (as numbered in Nelson's *§ 2255* motion) and to make its findings of fact and conclusions of law concerning them:

A. Allegations of Trial Counsel's Constitutional Ineffectiveness:

> (2) & (3) Failure to conduct adequate mitigation investiga-

tion including failure to move for a continuance to complete one.

(4) Failure to conduct adequate investigation of defendant's mental health.

(5) Advising or instructing defendant to decline to submit to a mental health examination by a government examiner.

(15) Failure to make objections:

(e) to allegedly inflammatory and improper comments in the Government's **[**5]** closing argument and rebuttal.

B. Allegations of Appellate Counsel's Constitutional Ineffectiveness:

**[*566]** (1) Failure to conduct adequate review of the trial record and the law.

(2)(c) Failure to raise on appeal the Government's allegedly improper comments in closing arguments.

We deny a certificate of appealability on each and all of the other claims asserted in Nelson's *§ 2255* motion, and only those claims upon which we have granted a certificate are permitted to proceed.

Nelson also appeals the denial of his motion to recuse the district judge. He need not obtain a certificate of appealability to appeal this ruling because it is separate from the merits of the *§ 2255* motion and did not preclude the district court from ruling on the merits. See *Trevino v. Johnson, 168 F.3d 173, 177 (5th Cir.)*, cert. denied, *527 U.S. 1056, 120 S. Ct. 22, 144 L. Ed. 2d 825 (1999)*; see also *United States v. Falls, 242 F.3d 377 (8th Cir. 2000)* (unpublished) (noting that this court summarily affirmed the denial of a recusal motion but denied the application for a certificate of appealability). Cf. *Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000)* (describing the circumstances in which a certificate of appealability should issue for a nonconstitutional **[**6]** procedural issue when that procedural issue *precluded* the district court from reaching the merits of the underlying constitutional claims). We review for an abuse of discretion the district court's denial of a motion to recuse. *United States v. Martinez, 446 F.3d 878, 883 (8th Cir. 2006)*. Recusal is required if the judge has a personal bias against a party or in favor of an adverse party, *28 U.S.C. §§ 144*, *455(b)(1)*, or if the judge's "impartiality might reasonably be questioned," id. *§ 455(a)*. Nelson sought recusal on the basis that the district court made statements in the order denying his request for additional funding for further expert and investigative assistance that indicated a bias against him. Specifically, he asserts that the district court prejudged his case by concluding that the additional funding requested was not likely to lead to a different result, and Nelson asserts that the district court's bias was shown when the court stated that Nelson's *§ 2255* counsel was "at-

tempting to vilify trial counsel's judgment on trial strategy." (Request for Cert. of App. at 139.)

Nelson points to no evidence of bias other than the district court's statements in the ruling denying additional **[**7]** funding. Opinions formed by a judge as a result of what the judge has observed in earlier proceedings may not be characterized as bias or prejudice. *Liteky v. United States, 510 U.S. 540, 551, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)*. We have stated that "[r]ules against bias and partiality can never mean to require the total absence of preconception, predispositions and other mental habits." *United States v. Burnette, 518 F.3d 942, 945 (8th Cir. 2008)* (internal marks omitted), cert. denied, *No. 07-11317, 129 S. Ct. 138, 172 L. Ed. 2d 105, 2008 U.S. LEXIS 7424, 2008 WL 2364260 (U.S. Oct. 6, 2008)*. The Supreme Court has stated succinctly that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky, 510 U.S. at 555*. The limited exception is where the circumstances demonstrate "a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. Such a high degree of favoritism or antagonism is not demonstrated in the statements set forth by Nelson, nor do they indicate that the district judge is unable to fairly adjudicate Nelson's *§ 2255* motion. The district court did not abuse its discretion in refusing to recuse on the basis of statements made in the order denying additional funding. Because on this record the **[**8]** relevant statutes do not require the district judge to recuse, Nelson also cannot meet the "more rigorous standard" of demonstrating a violation of his due process right to an impartial **[*567]** judge. *United States v. Larsen, 427 F.3d 1091, 1095 (8th Cir. 2005)*.

Finally, Nelson argues that the district court abused its discretion in denying his request for additional funding above the $ 21,900 already approved by the district court for expert and investigational services. See *18 U.S.C. § 3599(f)*. Because we grant the certificate of appealability on several issues and remand for an evidentiary hearing, it is unnecessary for us to reach the funding issue at this time. The district court, in its abundant discretion, should address in the first instance any additional funding requests that may arise on remand with regard to the issues on which we grant a certificate of appealability, bearing in mind that Nelson bears the burden of establishing that further expert testimony is necessary. See id. (stating the district court *may* authorize expenditures for investigative or expert services that the court finds to be "reasonably necessary"); *United States v. Thurmon, 413 F.3d 752, 755 (8th Cir.)* (burden **[**9]** of proof), cert. denied, *546 U.S. 1069, 126 S. Ct. 816, 163 L. Ed. 2d 642 (2005)*; see also *18 U.S.C. § 3599(g)(2)* (imposing a statutory limit of $ 7,500 unless services are of "an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit").

For the reasons stated, we grant the application for a certificate of appealability in part, affirm the district court's denial of the motion to recuse, and remand the case for an evidentiary hearing and the entry of a new judgment on the *§ 2255* claims on which we have granted the certificate.

## CERTIFICATE OF SERVICE

On the _14th__ day of November, 2011, the undersigned party served the *Appellant's Brief & Addendum* on the United States by delivering two copies via United States Priority Mail to: Kathleen D. Mahoney and David M. Ketchmark, U.S. Attorney's Office, 400 E. Ninth Street, 5th Floor, Kansas, City, MO 64106. Further, on the 16th day of November, 2011, the undersigned party served the *Appellant's Addendum* on the United States by filing same via CM/ECF.

Respectfully submitted,

Teresa L. Norris, Esq.
P.O. Box 11744
Columbia, SC 29211
(803) 765-1044 (Phone)
(803) 765-1143 (Fax)
teresa@blumelaw.com
Co-counsel to Appellant

Gary E. Brotherton, Esq.
601 W. Nifong Blvd., Ste. 1C
Columbia, Missouri 65203
(573) 875-1571 Phone
(573) 875-1572 Fax
GEBrotherton@LegalWritesLLC.com
Co-counsel to Appellant

_/s/ Gary E. Brotherton___
GARY E. BROTHERTON