**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

| | |
|---|---|
| **WESLEY IRA PURKEY,** | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )     No. 10-3462 |
| | ) |
| **UNITED STATES OF AMERICA**, | ) |
| | ) |
| Appellee. | ) |

### GOVERNMENT'S MOTION TO STRIKE PORTIONS OF PURKEY'S BRIEF NOT COVERED BY COA

The Government moves to strike two parts of the brief filed by the appellant, Wesley I. Purkey, because they are beyond the certificate of appealability (COA) granted by this Court.

Purkey appeals from the denial of his motion for post-conviction relief pursuant to 28 U.S.C. § 2255. This Court granted a COA as to six specific issues and denied all of Purkey's other requests for a certificate. Notwithstanding this Court's ruling, Purkey has briefed two issues for which a certificate of appealability was not granted. The United States of America moves to strike those portions of Purkey's brief, because they are outside the scope of the certificate granted.

The Government also requests that this Court not "take the motion with the case," since such a disposition will essentially force the Government to brief two issues that this Court does not have jurisdiction to consider.

# I. **Statement of the Case**

A jury convicted Purkey of the kidnaping, rape, and murder of Jennifer Long, in violation of 18 U.S.C. §§ 1201(a), 1201(g) and 3559(d), and sentenced him to death. On January 23, 2004, following a denial of Purkey's motion for a new trial, the Chief District Judge for the Western District of Missouri, the Honorable Judge Fernando J. Gaitan, Jr., sentenced Purkey to death. This Court affirmed Purkey's convictions and sentence. *United States v. Purkey*, 428 F.3d 738 (8th Cir. 2005). Purkey's motion for rehearing and rehearing *en banc* was denied on January 13, 2006. The United States Supreme Court denied Purkey's petition for a writ of certiorari on October 16, 2006. *Purkey v. United States*, 549 U.S. 975 (2006).

Purkey then moved for a writ of habeas corpus under 28 U.S.C. § 2255. He asserted 22 grounds for relief in his § 2255 motion, arguing primarily that he was denied his Sixth Amendment right to effective assistance of counsel at trial and sentencing. The district court denied relief without a hearing. (D.E. 89.)[1] Purkey sought a COA from the district court on several issues, all of which the district court denied. Purkey then sought a COA from this Court on ten issues designated by Purkey as follows:

> III.    Claims on Which a COA Should Issue
>
>> A.    Jurists of Reason Could Debate Whether Counsel rendered Ineffective Assistance in Their Investigation and Presentation of Mitigating Evidence;

---

[1] "D.E." refers to the docket entry number in Case No. 06-08001-CV-W-FJG-P.

1. Counsel failed to obtain the services of a mitigation specialist or to otherwise adequately investigate, prepare, and present mitigation evidence;

   (a) Failure to retain a mitigation specialist;

   (b) Failure to adequately investigate;

   (c) Failure to adequately prepare and present the testimony of Stephen Peterson, M.D.;

   (d) Failure to adequately prepare and present the expert testimony of Mark Cunningham, Ph.D.;

   (e) Failure to adequately prepare and present the expert testimony of Bruce Leeson, Ph.D.;

   (f) Failure to adequately investigate and prepare witnesses, which resulted in counsel calling alleged mitigation witnesses that were prejudicial;

   (g) The District Court's ruling;

2. An evidentiary hearing should have been conducted regarding Purkey's claims of ineffective assistance of counsel;

3. The District Court's findings are insufficient to allow meaningful appellate review.

B. Jurists of reason could debate whether [Fred] Duchardt's 117-page affidavit should have been stricken;

C. Jurists of reason could debate whether counsel rendered ineffective assistance in not calling Dr. Peterson to rebut the Government's charge that Purkey had recently fabricated his recantation of the kidnaping.

(Purkey App. COA, i-ii.)

On June 10, 2011, this Court issued the following order ruling on Purkey's

application for certificate of appealability:

> The application for a certificate of appealability is granted in part.
> The issues upon which a certificate is granted are those appellant
> designated as Part III(A)(1)(b)-(f) and III(A)(2) as set forth in the
> application. All other requests for a certificate are denied. Appellant's
> brief is due July 11, 2011.[2]

Purkey filed his brief on November 15, 2011. His brief encompasses eight

issues and includes two for which this Court did not grant a COA. The two issues

briefed for which no certificate was granted are designated in his brief as: I.f. "The

District Court's ruling;" and III. "Duchardt's Affidavit Exceeded the Scope of the

Attorney-Client Waiver Resulting from Purkey's Claims of Ineffectiveness." In his

application for COA, Purkey designated these claims, as noted above, as III(A)(1)(g)

and III(B), respectively. Because Purkey blatantly disregarded this Court's order ruling

on his application for COA, those portions of his brief should be stricken, so that the

United States need not respond to, and this Court need not consider, issues for which

no certificate was granted.

## II.  Arguments and Authorities

Title 28 U.S.C. § 2253(c) governs appeals from the denial of a motion filed

pursuant to Title 28 U.S.C. § 2255:

> (1) Unless a circuit justice or judge issues a certificate of appealability,
> an appeal may nobyet be taken to the court of appeals from -

---

[2] This Court's order is attached to this motion as Exhibit A.

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Habeas appeal procedures were amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, 1217-18 (April 24, 1996). Under that act, an appellate court may not review the denial of an order denying a § 2255 motion unless a certificate of appealability is first issued. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The certificate must specify which of the applicant's claims satisfy the foregoing test. *See* U.S.C. § 2253(c)(3). Accordingly, appellate review may consider only "the specific issue or issues" listed in the COA. *Revels v. Sanders*, 519 F.3d 734, 739 (8th Cir. 2008); *see also Hubbeling v. United States*, 288 F.3d 363, 364 (8th Cir. 2002) (despite unambiguous limitation in his certificate, Hubbeling argued additional theories on appeal; court considered only the issue specified in the certificate); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (plain language of § 2253 limits appellate review to issues specified in COA).

This Court declines to consider issues in which no COA was granted, even though defendants may include them in their brief. For example, in *Cox v. United*

*States*, 294 F.3d 959, 960 (8th Cir. 2002), the movant appealed the denial of a § 2255 motion, asserting four grounds for relief. This Court reviewed only the two issues granted in the COA and affirmed the district court. *Id.*

Likewise, this Court declined to decide an issue on appeal for which no COA had been granted in *Scott v. United States*, 473 F.3d 1262, 1263 (8th Cir. 2007). Scott appealed the denial of a § 2255 motion, claiming he was denied his Sixth Amendment right to effective assistance when his counsel failed to file a notice of appeal of an adverse Rule 35 decision. *Id.* at 1262. The district court granted a COA on that issue only. *Id.*

In resolving the appeal, this Court first held: "Our 'appellate review is limited to the issue specified in the certificate of appealability.'" *Id.* (quoting *Carter v. Hopkins*, 151 F.3d 872, 874 (8th Cir. 1998)). Scott also raised a claim at oral argument that he had a due process right to effective assistance of post-trial counsel, but after finding no Sixth Amendment right to effective assistance of post-trial counsel, this Court declined to consider that issue, stating: "fatally, [the issue] was not included in the certificate of appealability." *Id.*

More recently, in *Armstrong v. Hobbs*, — F.3d —, No. 11-1049, 2011 WL 6155038 (8th Cir. Dec. 13, 2011), and *New v. United States*, 652 F.3d 949 (8th Cir. 2001), this Court again declined to review issues that were not covered by the COA. In *Armstrong*, the court announced: "Armstrong's other two arguments are not within the scope of the Certificate of Appealability for this case, and thus, we decline to

address them." *Armstrong*, *id.*, at \*5. In *New*, the court rejected New's attempt to raise issues outside the scope of the COA in similar summary fashion: "New did not obtain a certificate of appealability on these issues, and we therefore decline to address them. *New*, 652 F.3d at 953 n.3.

With respect to the first issue Purkey briefed without a COA in this case, the sufficiency of the district court's ruling, Purkey has nowhere even attempted to argue he does not need a COA to present this issue on appeal. But even if he had attempted to make such an argument, it would certainly have failed. In his brief, Purkey complains only about the *substance* of the order: "the district court simply made conclusory findings that Purkey 'failed to overcome the presumption that Mr. Duchardt's actions were not sound trial strategy.'" (Purkey Brf. 72.) "The District Court simply ignored the significance of the fact that Purkey's jury found that he did not pose a future danger (underlying criminal Doc. 487, p. 7)" (Purkey Brf. 74.)

Clearly, then, this issue cannot be considered without a COA, and therefore this part of Purkey's brief must be stricken.

Presumably, Purkey intends to argue that he does not need a COA for the other issue he briefed without a COA, that is, whether the district court erred in not striking Mr. Duchardt's affidavit, on the theory that it involves "procedural error." Purkey spends 24 pages of his brief complaining about Mr. Duchardt's affidavit. (Purkey Brf. 107-30.) He argues, as he did before the district court and before this Court in his application for COA, that Mr. Duchardt exceeded the scope of Purkey's attorney-client

waiver, that Mr. Duchardt made legal arguments in his affidavit, and that Mr. Duchardt asserted facts based on his own investigation. (Purkey App. COA 104-26; Purkey Brf. 107, 117, 128.) Purkey's substantive disagreements with Mr. Duchardt's affidavit were considered and denied by the district court, Purkey's application for a COA was denied by the district court, and his application for a COA on this issue was finally denied by this Court.

In his application for a COA on the district court's denial of Purkey's motion to strike Mr. Duchardt's affidavit, Purkey first argued that a COA was not necessary, asserting that the issue was "procedural," rather than substantive. In support, he cited *Slack v. McDaniel*, 529 U.S. 473, 484 (2000):

> The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

(Purkey App. COA 104.)

*Slack* does not control Purkey's case, as his petition was not dismissed on procedural grounds; rather it was ruled on the merits. Second, *Slack* does not hold that a certificate of appealability is *unnecessary* where the issue is solely procedural, but merely that the standard for granting a COA is somewhat lower. Indeed, Purkey acknowledged in his second argument that he might need a COA on the issue of

whether Mr. Duchardt's brief should have been stricken. "Alternatively, should this Court determine that a COA is required under *Slack*, it must apply the lower burden." (Purkey App. COA 105.) Despite this acknowledgment, and this Court's unambiguous denial of his COA, he briefed the issue anyway.

In his application for COA, Purkey cited two cases from this Court for his proposition that he did not need a COA to appeal the district court's denial of his motion to strike Mr. Duchardt's affidavit, both of which were decided prior to *Slack*. (Purkey COA 104-05.) The first case involved a ruling on a statute of limitations issue for which a COA had been granted. *Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir. 1999) (en banc). This Court found, in *dicta* contained in a footnote, that no COA was necessary, because the statute of limitations issue appealed was procedural. *Id.* at 1070. *Nichols*, however, was decided a year before *Slack*.

The other case upon which Purkey relies involved a claim that the district court erred in failing to appoint counsel for a hearing, contrary to Rule 8(c) of the Rules Governing Section 2255 Proceedings. *Roney v. United States*, 205 F.3d 1061, 1062 (8th Cir. 2000). This Court, relying on *Nichols*, held that a claim that merely involved the failure to appoint counsel did not require a certificate of appealability. *Id.* at 1062. But *Roney* was decided more than a month prior to *Slack*.

*Slack* clearly holds, contrary to *Nichols* and *Roney*, that even in § 2254 or § 2255 appeals that involve only procedural rulings, a COA is required. Accordingly, even if

the two claims at issue involved merely procedural issues, Purkey would still need a COA.

However, even if *Slack* had held that a COA was not necessary to appeal a strictly procedural ruling, and therefore *Nichols* and *Roney* were still good law, Purkey still would need a COA to litigate these two additional issues on this appeal, since the two issues he is attempting to raise involve substantive, rather than procedural, issues. Procedure is defined as: "A specific method of course of action. The judicial rule or manner for carrying on a civil lawsuit or criminal prosecution." Black's Law Dictionary (9th ed. 2009). The two cases cited by Purkey in his application for COA involve indisputably procedural issues – the statute of limitations, and the appointment of counsel. In contrast, both issues Purkey briefed without a COA in this case are substantive: Purkey argues that the substance of the district court's order was deficient and the substance of Mr. Duchardt's affidavit was deficient and improper.

But, as earlier emphasized, even for procedural issues, this Court has held that, subsequent to *Slack*, a COA is not only necessary, it is jurisdictional. *Watts v. Norris*, 356 F.3d 937, 942 (8th Cir. 2004). In *Watts*, the State of Arkansas responded to an Arkansas state prisoner's petition for a writ of habeas corpus by asserting two procedural defenses: "(1) that the petition was barred by the one-year federal statute of limitations contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1); and (2) that the petition was procedurally barred

because none of the six grounds asserted by petitioner had ever been raised in the Arkansas state courts." *Id*. at 939.

The district court dismissed the petition, citing the two grounds noted above, either of which was sufficient to support dismissal. *Id*. at 939-40. This Court issued a COA on only one issue, the statute of limitations issue, which implicated interplay between Arkansas Criminal Appellate rules and the AEDPA, and denied a certificate of appealability "as to all the other issues in the case." *Id*.

This Court became aware at oral argument that the district court judgment rested on two independent grounds, only one of which was properly before it, which raised the question of whether the court even had jurisdiction over the appeal. Since a favorable ruling on just one issue would not decide the case in favor of the petitioner, could the appeal be a real "case" or "controversy" as those terms are used in Article III of the Constitution? *Id*. The court found that its COA complied with 28 U.S.C. § 2253(c)(3), which requires identification of the specific issue or issues in which the applicant has made a substantial showing of the denial of a constitutional right, but that pursuant to the AEDPA statute it was "without jurisdiction to decide the issue" unless it expanded the COA to include the second issue, the procedural default issue. *Id*. at 941.

This Court ultimately held that the law did not permit the expansion of the COA on the procedural default issue, which left it without power to decide the statute of limitations issue, because the judgment of a federal court must have some concrete

consequence, and any ruling by the court would not affect the dismissal of the petition. "Lack of jurisdiction under Article III means that we may not proceed further with the case. We therefore do not answer the question on which the certificate of appealability was granted, and this appeal is dismissed for want of jurisdiction." *Id*. at 942.

In other words, even for issues that were incontrovertibly procedural, this Court held in *Watts* that a COA was necessary. This holding, obviously, is consistent with, and driven by, the Supreme Court's holding in *Slack*.

This Court was fully briefed on the issues Purkey sought to appeal (Purkey's application for COA was 134 pages) and issued an order granting a COA on six issues. In blatant violation of the unambiguous language in this Court's order, and without seeking an expansion of the COA, Purkey briefed an additional two issues. Accordingly, the Government requests that this Court enforce its COA, strike those portions of Purkey's brief, and *not take the issues with the appeal*. Otherwise, Purkey, and not this Court, has decided what issues are to be appealed, and he has unilaterally circumvented the statute requiring a COA. If this Court "takes the motion with the case," the Government will either be forced to brief issues not covered by the COA, or run the risk that this Court might, *sua sponte*, expand the scope of the COA after this case has been briefed.

The law is clear: Even for procedural issues, *Slack* and *Watts* require the appellant to obtain a COA covering those issues. Since Purkey is attempting to litigate two issues not covered by the COA, and for which a COA was expressly denied, those

portions of his brief should be stricken. The Government further requests that this Court stay the briefing schedule, pending resolution of the instant motion to strike.

### III. <u>Conclusion</u>

The United States respectfully requests that this Court strike the portions of Purkey's brief which he has designated as I(f) and III, and/or to order that the United States need not respond to those issues, and stay the briefing schedule pending resolution of the instant motion.

Respectfully submitted,

BETH PHILLIPS
United States Attorney

By    */s/ Kathleen D. Mahoney*

KATHLEEN D. MAHONEY
Assistant United States Attorney

*/s/ David M. Ketchmark*

DAVID M. KETCHMARK
First Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2011, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Teresa L. Norris
P.O. Box 11744
Columbia, South Carolina 29211

Gary Brotherton
601 West Nifong Boulevard, Suite 1C
Columbia, Missouri 65203


 */s/ Kathleen D. Mahoney*
Kathleen D. Mahoney
Assistant United States Attorney