**IN THE**
**UNITED STATES COURT of APPEALS**
**EIGHTH CIRCUIT**

No. 10-3462

WESLEY IRA PURKEY,
Appellant,

v.

UNITED STATES OF AMERICA,
Appellee.

_____

**APPELLANT'S SUGGESTIONS IN OPPOSITION TO THE GOVERNMENT'S MOTION TO STRIKE PORTIONS OF APPELLANT'S BRIEF**

_____

COMES NOW Appellant, Wesley Ira Purkey, by his undersigned counsel, and objects to the "Government's Motion to Strike Portions of Purkey's Brief not Covered by COA" filed December 15, 2011 (hereinafter "Strike").

Introduction

By and large, Mr. Purkey agrees with the procedural facts set out in the Government's motion to strike. Strike 2-4. It is important to stress, however, that the Government sought the affidavit of trial counsel (Fred Duchardt), obtained it, relied extensively on it and incorporated it into the Government's answer to Mr. Purkey's 2255 motion. District Court Doc. No. 73. The Government's answer and Mr.

Duchardt's 117-page affidavit attached to it are contained in the record before this Court. Appendix 544-720; *see also* FRAP 10(a)(1) (the record consists of, *inter alia*, "the original papers and exhibits filed in the district court); *Ortiz v. United States*, No. 08-1749, 2011 U.S. App. LEXIS 25076, *32 (8th Cir. Dec. 19, 2011) (finding extraordinary facts that demanded the record to be expanded).

Mr. Purkey, however, takes issue with the final paragraph under the Government's descriptive heading "Statement of the Case." *See* Strike 4. That paragraph is almost entirely argument rather than fact, and Mr. Purkey objects to the assertions therein. The Government complains that Mr. Purkey has "blatantly disregarded this Court's order ruling on his application for COA" and presented "two issues" for which no COA was granted. *Id.* Specifically, the Government asks this Court to strike Issues "I.f" and III from Appellant's Opening Brief. *Id.* Mr. Purkey will take these in turn.

Issue "I.f"

In Point I of Mr. Purkey's brief, he has argued that his trial attorneys rendered ineffective assistance in their investigation, preparation, and presentation of his mitigation case. App.Br. 15-76. In paragraph (f) of Point I, Mr. Purkey has discussed the District Court's ruling on the claims of ineffectiveness. App.Br. 72-76. It is puzzling why the Government has opined that the District Court's ruling is something

not encompassed within this appeal. It is axiomatic that an appeal to this Court necessitates a review and discussion of the district court ruling being appealed. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) ("a prisoner seeking a COA need only demonstrate 'a substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c). A petitioner satisfies this standard by demonstrating that *jurists of reason could disagree with the district court's resolution…*.") (emphasis added). Logically, this can only be accomplished by reviewing–and thereby discussing–the District Court's ruling. *See United States v. DeBerry*, 2011 WL 6145345, *2 n.2 (10th Cir. Dec. 12, 2011) (Section of brief asserting error in the District Court's ruling was "subsumed within" the five issues for which a COA was granted). The Government's effort to strike paragraph (f) from Issue I is spurious, and this Court must reject it.

Issue III

In trying to evade review of trial counsel's affidavit, the Government relies solely on headnote law for the general proposition that this Court will not review an issue on appeal for which no COA was granted. Strike 5-7, *citing inter alia*, *Cox v. United States*, 294 F.3d 959 (8th Cir. 2002) (Cox raised two substantive claims on appeal without a COA); *Scott v. United States*, 473 F.3d 1262 (8th Cir. 2007) (Scott raised, at oral argument, a substantive claim without a COA); *Armstrong v. Hobbs*, __ F.3d __, No. 11-1049, 2011 WL 6155038 [2011 U.S. App. LEXIS 24622] (8th Cir. Dec. 13,

2011) (Armstrong briefed two substantive issues for which he did not have a COA); *New v. United States*, 652 F3d 949 (8th Cir. 2011) (New briefed substantive issues for which he did not have a COA). Each of these is irrelevant to Mr. Purkey's argument in Issue III of his opening brief.

In his third issue on appeal, Mr. Purkey argues:

> Whether the district court abused its discretion in refusing to strike Duchardt's 117-page affidavit that far exceeded the scope of the limited waiver of privilege effected by Purkey's allegations of ineffectiveness; made purely legal arguments disputing Purkey's legal memorandum in support of the 2255 motion; and suggested there were documents to corroborate his assertions but failed to provide such documents along with his affidavit.

App.Br. xvii, 107-130. Unlike any of the errors at issue in the cases cited by the Government, this is not a substantive challenge to the merits or one seeking 2255 relief. The simple fact is that Issue III involves neither a substantive nor a procedural issue. Rather, it is a preliminary evidentiary issue, separate from a challenge to the merits, and, as such, it is subsumed within the issues for which the COA was granted. *See* 28 U.S.C. § 2246.

The Government presumes that Purkey will argue that this issue may be raised as a procedural issue without a COA. Strike 7. That presumption stopped the Government from considering the real reason that a COA is not necessary–i.e., the District Court's consideration of Mr. Duchardt's 117-page affidavit was a preliminary

4

evidentiary issue that cannot be excised from its ruling on the merits of Mr. Purkey's

significant constitutional claim of ineffective assistance of counsel. Certainly, the

circumstances in which a COA is necessary for a preliminary evidentiary issue are

analogous to the circumstances in which a COA is necessary on a procedural issue.

For example, a COA is only necessary for review of a procedural issue when the

procedural issue was dispositive to the district court's judgment. *See Moshier v.

United States*, 402 F.3d 116, 117 (2nd Cir. 2005). However, it is also true that no

COA is needed for non-dispositive procedural rulings that simply must be resolved in

order to review the claim(s) for which a COA was granted. *See McCoy v. United

States*, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (noting that procedural issues that

must be resolved before the court can address the underlying claim specified in a COA

are presumed to be encompassed within the COA); *accord Stewart v. Secretary,

Florida Department of Corrections*, 355 Fed. Appx. 275, 279 (11th Cir. 2009).

Without an "explicit statement" denying review of a procedural claim that must be

resolved before the constitutional claim may, itself, be decided, the COA must be

deemed to encompass the procedural claim as well. *Jones v. Smith*, 231 F.3d 1227,

1231 (9th Cir. 2000), *comparing Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999)

("A merits panel may therefore expand the issues for review to include issues that the

motions panel specifically rejected"), *cert. denied sub nom., Hiivala v. Lambert*, 529

U.S. 1009 (2000).

This Court granted a COA to review the District Court's ruling on Mr. Purkey's claims of ineffective assistance of counsel. In denying those claims, the District Court relied exclusively on Mr. Duchardt's 117-page affidavit. Appendix 922-923. The merit of Mr. Purkey's ineffective assistance of counsel claims cannot be determined without this Court first determining the admissibility of Mr. Duchardt's 117-page affidavit. The two issues are inseparably intertwined. Indeed, the District Court discussed the two under the same section of its Order denying Mr. Purkey's 2255 motion: "III. Discussion: A. Ineffectiveness of Counsel" Appendix 921-924 (relying on the copious assertions of strategy asserted in Mr. Duchardt's 117-page affidavit as a basis for overruling Mr. Purkey's 2255 motion).

Claims of ineffective assistance involve, by their nature, matters not contained in the record of the criminal proceedings. *See, e.g., Lindhorst v. United States*, 585 F.2d 361, 365 (8th Cir. 1981), *citing Walker v. Johnston*, 312 U.S. 275 (1941) ("[a]n opposing affidavit by the Government is not part of 'the files and records of the case' which can be taken to 'conclusively show that the prisoner is entitled to no relief,' within 28 U.S.C. § 2255"); *accord Paters v. United States*, 159 F.3d 1043 (7th Cir. 1998) (noting a circuit rule that all 2255 petitions must be accompanied by an affidavit demonstrating that <u>evidence</u> exists to prove the claims asserted); *Kafo v. United States*,

467 F.3d 1063, 1068 (7th Cir. 2006) (an affidavit in support–or by extension in opposition–to a 2255 claim becomes part of the <u>evidence</u> and permits the district court to make a ruling); *Thompson v. Greene*, 427 F.3d 263, 268-270 (4th Cir. 2005) (answer to a *habeas* petition deemed insufficient when necessary documents are not attached to it). Further, before ruling on a § 2255 motion, a district court may ask the parties to expand the record with <u>evidence</u>, including <u>affidavits</u>. Affidavits are specifically noted as one such form that such <u>evidence</u> may take. Rules Governing Section 2255 Cases, Rule 7(b).

Indeed, here the Government sought and obtained Mr. Duchardt's affidavit for the sole purpose of providing the District Court with <u>evidence</u> in opposition to Purkey's 2255 claims. The Government then attached Mr. Duchardt's 117-page affidavit to its answer and relied on the arguments therein to provide the bulk of its 2255 response. *See* Appendix 580-590, 593, 600, 602. Ironically, the Government, now, complains that "Purkey spends 24 pages of his brief complaining about Mr. Duchardt's affidavit. (Purkey Brf. 107-30)." Strike 7. While the Government's opposition to Mr. Purkey's 2255 motion contained only 30 pages of argument, that brevity was made possible by the "extensive detail" provided by Mr. Duchardt's 117-page affidavit, which, as noted, the Government largely incorporated by reference. It is impossible to surmise how Purkey could address the merits of his ineffective assistance of counsel claims without

also discussing Mr. Duchardt's 117-page affidavit at some length. Indeed, like the Government's response to Purkey's 2255 motion the District Court relied exclusively on Mr. Duchardt's "extensive detail" to find his actions to have resulted from sound strategy. Appendix 920-924. The District Court conceded, "The revelations in the affidavit *were necessary* in order to rebut [Purkey's numerous and detailed claims of ineffectiveness against Mr. Duchardt]." Appendix 968 (emphasis added).

In *Lowenfield v. Butler*, 485 U.S. 995, 995-996 (1988), Lowenfield sought a writ of *certiorari* after he was denied an evidentiary hearing (and relief) after a psychiatrist submitted an affidavit stating, "As a paranoid schizophrenic, Mr. Lowenfield's capacity to understand the death penalty would be impaired. Indeed, my clinical interview with Mr. Lowenfield indicated that he is currently unable to understand the death penalty." In dissenting from the denial of *certiorari*, Justice Brennan (joined by Justice Marshall) described "the affidavit, [as] the sole evidence before the courts." *See also Vasquez v. Hillery*, 474 U.S. 254, 258 (1986) (considering whether the contents of several affidavits in support of the *habeas* petition constituted "new" evidence);[1] *Harris v. Nelson*, 394 U.S. 286, 299 (1969) ("Flexible provision is made for *taking evidence* by oral testimony, by deposition, or *upon affidavit* and written interrogatory. 28 U. S. C. § 2246. Cf. §§ 2245, 2254 (e)") (emphasis added); *Wilcox v. Hopkins*, 249 F.3d 720, 724-

---

[1] Justice Marshall authored *Vasquez*.

25 (8th Cir. 2001) (upholding the district court's decision not to hold an evidentiary hearing where, among other things, the petitioner had not supported his request for a hearing in state court with *affidavit evidence*); *Sheppard v. Bagley*, 657 F.3d 338, 343 (6th Cir. 2011) ("In state court, *the relevant evidence comprised* Fox's testimony during the in camera hearing before the trial judge *and two affidavits*") (emphasis added); *In re Fowlkes*, 326 F.3d 542, 547 (4th Cir. 2003) ("The new *evidence* adduced by Fowlkes– *the Stokes and Barbour affidavits*–goes only to his actual innocence, *Brady*, and impartial jury claims; none of the new evidence that Fowlkes seeks to present supports his ineffective assistance claim") (emphasis added).

The affidavit in *Lowenfield* was buttressed by an *ex parte* discussion between the district court and the psychiatrist in which the psychiatrist conceded "[Lowenfield] is apparently able to understand that the execution is going forward in accordance with law." *Id*. at 998. It is impossible to glean from the dissent why the Court denied the petition for writ of *certiorari*; indeed, the denial of such a petition has no precedential value. Robert L. Stern et al., Supreme Court Practice § 5.7 at 307 (8th ed. 2002) ("a denial is not a precedent for, or an affirmance of, any proposition of law or fact involved in the lower court decision").

Under 28 U.S.C. § 2253(c)(2), a COA must be obtained to receive appellate review of assertions that the movant's <u>conviction</u> or <u>sentence </u>violated a right guaranteed

him by the constitution. But § 2253 cannot be read so broadly as to require a COA before receiving <u>any</u> appellate review. Indeed, this Court has consistently held that a COA is not required to obtain review of a non-merits ruling. *See, e.g., Nelson v. United States*, 297 Fed. Appx. 563, 566 (8th Cir. 2008). In *Nelson*, the movant asserted error due to the District Court's denial of a motion to recuse the judge. This Court explicitly held, "[Nelson] need not obtain a certificate of appealability to appeal this ruling <u>because it is separate from the merits of the § 2255 motion</u> and did not preclude the district court from ruling on the merits." *Id*. *Nelson* explained that *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) only requires a COA for review of a procedural issue "when that procedural issue <u>precluded</u> the district court from reaching the merits of the underlying constitutional claims." The District Court's refusal to strike Mr. Duchardt's 117-page affidavit did not preclude it from reaching the merits of Mr. Purkey's 2255 claims. Rather, the District Court's ruling on this preliminary evidentiary issue facilitated a ruling on the merits as Mr. Duchardt's 117-page affidavit provided the blueprint for the District Court's ruling. No COA is required in order for Mr. Purkey to appeal this evidentiary ruling. It is impossible for this Court not to review this evidentiary issue in order to determine, *inter alia*, whether an evidentiary hearing was required. This evidentiary issue is subsumed in every corner of the District Court's ruling on the merits; yet, it does not present an independent substantive claim of

10

constitutional error in Mr. Purkey's convictions or sentences.

The District Court's failure to strike Mr. Duchardt's 117-page affidavit did not preclude it from ruling on the merits of Mr. Purkey's 2255 claims; it enabled it. As such, no COA can be required. *See, e.g., United States v. Underwood,* 597 F.3d 661, 665 (5th Cir. 2010) (in addressing the COA issue of whether a defect in subject matter jurisdiction can be procedurally defaulted, the issue of whether the defendant consented to jurisdiction "is subsumed in the COA"); *Prieto v. Quarterman*, 456 F.3d 511, 516-17 (5th Cir. 2006) (concluding issue of whether district court could raise procedural default *sua sponte* was included within COA issue challenging the district court's application of a procedural default rule); *United States v. Camargo*, 119 Fed. Appx. 670, 671, 2005 WL 79118, *1 (5th Cir. 2005) (the question of whether counsel failed to consult with the defendant about whether he wished to appeal was "sufficiently interrelated" to the granted COA questions of whether trial counsel failed to advise the defendant of his appellate rights and whether counsel failed to file a notice of appeal as requested by the defendant); *Ferrell v. Hall*, 640 F.3d 1199, 1222-23 & n.15 (11th Cir. 2011) (claim of ineffective assistance of counsel in closing argument "is plainly an integral part" of the COA issue asserting ineffective assistance of counsel in the sentencing phase and was considered even though court had not granted a COA on the argument issue and the petitioner had not sought to expand the COA before briefing the issue); *Cunningham v.*

11

*United States*, 378 Fed. Appx. 955, 958 n.1, 2010 WL 1852650, *2 n.1 (11th Cir. May 11, 2010) (whether counsel had a duty to consult with the petitioner after his mother informed counsel of petitioner's desire to appeal was not "outside of the question posed" in the COA of whether the district court erred in finding that counsel was not ineffective for failing to file a notice of appeal); *Ojeda v. Secretary for the Department of Corrections*, 279 Fed. Appx. 953, 954 n.1, 2008 WL 2265168, *1 n.1 (11th Cir. 2008) (the question of whether an evidentiary hearing should have been granted "is subsumed into the question of whether counsel was ineffective," such that no COA was required on the hearing question).

In *Thompson v. Greene*, 427 F.3d 263, 267 (4th Cir. 2005), the Fourth Circuit granted a COA on the issue of "whether the Maryland Attorney General has a constitutional procedural due process obligation to serve a habeas petitioner with the exhibits used to support its Answer." There, the Fourth Circuit explained,

> We possess jurisdiction in this appeal pursuant to the COA. *See* 28 U.S.C. § 2253(c)(1)(A). Such a COA is issued only when a petition for habeas corpus relief has made a substantial showing of the denial of a constitutional right. *Id*. § 2253(c)(2). Once an appeal is properly before us, however, we are obliged to resolve any non-constitutional procedural matters first, because a reviewing court should "'not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of.'" *Slack v. McDaniel*, 529 U.S. 473, 485, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000) (quoting *Ashwander v. TVA*, 297 U.S. 288, 347, 80 L. Ed. 688, 56 S. Ct. 466 (1936) (Brandeis, J., concurring)); *see also Reid v. Angelone*, 369 F.3d 363, 372 n. 5 (4th Cir. 2004) (recognizing that court

12

may grant COA "and then affirm the denial of habeas relief on procedural grounds").

*Id.* The "non-constitutional procedural" issue in *Thompson* was "the district court's ruling on the Attorney General's failure to serve the Exhibits." *Id.* The court, thus, first considered the merits of the "non-constitutional procedural" issue. *Id.*

Here, the subsidiary evidentiary issue is indistinguishable from the "non-constitutional procedural" issue in *Thompson.* Indeed, the District Court's ruling on the subsidiary evidentiary issue here is more obviously cognizable without a COA. An evidentiary ruling does not, itself, present a constitutional violation. For example, relevance cannot be found in the constitution, but it may, nonetheless, create error which is subservient to a constitutional claim. Here, whether the District Court abused its discretion in refusing to strike Mr. Duchardt's 117-page affidavit hinges not on the merit of Mr. Purkey's ineffective assistance of counsel claims but on the scope of Mr. Purkey's waiver of attorney-client privilege resulting from his allegations that Mr. Duchardt rendered ineffective assistance. The attorney-client privilege is a creature of statute and rule, not the constitution. If a COA is deemed necessary to review such error, the error will never be reviewed because a COA by its very nature requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). District courts cannot be given unreviewable discretion in making evidentiary rulings that form the entire basis for the court's disposition on the merits of the constitutional

13

claims.

Yet, unreviewable discretion is precisely what the Government seeks. And it does so without referring this Court to any authority. As this Court has consistently held, "it is not this court's job to research the law to support [a proponent's] argument." *Molasky v. Principal Mutual Life Ins. Co.*, 149 F.3d 881, 885 (8th Cir. 1998), *quoting Lusby v. Union Pacific R.R. Co.*, 4 F.3d 639, 642 (8th Cir. 1993); see FRAP 28(a)(6).

The Government simply tries to devise an insurmountable litmus test, asserting,

> Accordingly, appellate review may consider only the specific issue or issues listed in the COA. *Revels v. Sanders*, 519 F.3d 734, 739 (8th Cir. 2008); *see also Hubbeling v. United States*, 288 F.3d 363, 364 (8th Cir. 2002) (despite unambiguous limitation in his certificate, Hubbeling argued additional theories on appeal; court considered only the issue specified in the certificate); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (plain language of § 2253 limits appellate review to issues specified in COA).

Strike 5. Putting aside the impossibility of obtaining review of subsidiary evidentiary issues, this test ignores well-settled precedent from this Court. In denying rehearing *en banc* in *United States v. Morgan*, 244 F.3d 674, 674-675 (8th Cir. 2001), this Court stressed,

> that the panel decisions in this case and in *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000), should not be read as foreclosing the right of an Eighth Circuit hearing panel to exercise its discretion to consider *sua sponte* issues beyond those specified in a certificate of appealability, whether the certificate was issued by a district court or by an administrative panel of this court.

In *DeRoo*, *supra*, the panel exercised that discretion.

14

We question, *sua sponte*, whether DeRoo's Minnesota conviction of two counts of fifth degree sale of a controlled substance should have counted as a predicate offense for purposes of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). Although DeRoo has not raised this issue, *appellate courts can examine a critical issue affecting substantial rights sua sponte* in criminal cases under Federal Rule of Criminal Procedure 52(b). *See United States v. Granados*, 168 F.3d 343, 346 (8th Cir. 1999) (*per curiam*) (applying rule in section 2255 context) (*citing Silber v. United States*, 370 U.S. 717, 717-18, 8 L. Ed. 2d 798, 82 S. Ct. 1287 (1962)). Clearly, substantial rights are affected if DeRoo's prison sentence is longer than it should have been, and, thus, we have authority to review the issue for plain error. *See id.*

223 F.3d at 926 (emphasis added).

Here, Purkey's substantial rights are gravely affected by this preliminary evidentiary issue. Death, after all, is different. *Woodson v. North Carolina*, 428 U.S. 280, 305 (1977). That difference requires close scrutiny so as to produce heightened reliability that death is the appropriate punishment. *Id.* Such reliability cannot be achieved without appellate review of this subsidiary evidentiary issue that formed the entire basis for the District Court's ruling on the merits of Purkey's substantive constitutional claims.

Wherefore, Appellant Wesley Ira Purkey respectfully moves the Court to deny the Government's motion to strike Issues I(f) and III from his opening brief.

Respectfully submitted,

Teresa L. Norris, Esq.  
900 Elmwood Ave., Ste. 101  
Columbia, SC 29201

Gary E. Brotherton, Esq.  
601 W. Nifong Blvd., Ste. 1C  
Columbia, Missouri 65203

15

(803) 765-1044 (Phone)  (573) 875-1571 Phone
(803) 765-1143 (Fax)  (573) 875-1572 Fax
teresa@blumelaw.com  GEBrotherton@LegalWritesLLC.com
Co-counsel to Appellant  Co-counsel to Appellant

By: /s/ Gary E. Brotherton
GARY E. BROTHERTON
Co-counsel to Appellant

## CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States by filing via CM/ECF.

/s/ Gary E. Brotherton
Gary E. Brotherton

Dated: Columbia, MO
January 31, 2012