United States Court of Appeals
For The Eighth Circuit

Wesley I. Purkey,
        Appellant,

    v.                              Case # 10-3462

United States,
        Appellees.

_____

Second Motion Requesting Appellate
Proceedings to be stayed Pending
Intervention by The Court to
Address Interference by USP/TH
Prison officials With access to
Purkey's Habeas Counsel

_____

The appellant Wesley I. Purkey acting
prose, hereafter "Purkey" brings this
second motion before the Court Re-
questing that it stay such appellete to

- 1 -

ADDRESS the deliberate and Malicious interference by USP/TH Arizca officiers to Purkey's habeas Counsel denying him meaningful communication with Counsel. Purkey previously filed a Petition to stay these appellate proceedings and deliniate issues such Request was premised on. The issues presented through the initial continue and such conditions have been enforced by usp/th staff in the special Confinement unit. This amended pleading follows that initial March 14th, 2012 filing.

## Amended Issues Denying
## Purkey Meaningful Access to Counsel

1. After being literally dragged to and from the law library by officers Newman, Johnson and Allen March 5, 2012 threaten

one spit in Parker's face he was denied Law Library access, Phone access and Recreation for the following two weeks. On March 18th, 2012 he was allowed to make one (1) to his daughter and then allowed one (1) more call and Recreation for the first time in over two weeks on March 19th, 2012! Further, for the first time Parker was allowed use of the Law Library on both March 18th and 19th, but this access was to be short lived.

2. On MARCH 20, 2012 after requesting use of the phone to call Mrs. Teresa Norris, Parker's lead habeas Counsel and making such request under appropriate process of submitting a written request

- 3 -

Purkey was told by C.O. A. Johnson that, "Someone else has the phone and I do not care about your request." Shortly thereafter Purkey discussed this matter with the Johnson's superior, OFC Singleton. Officer Singleton advised Purkey that, "I do not give a Damn about your phone request to your attorney. Don't ask for the phone any more."

3. This same date C.O. Johnson reiterated his previous threats that, "you continue to file these grievances against me, you will not be getting anything "Period here." "He went on to closey. "you want to continue to write me up — I'll write you up. We'll see who wins this game."

4. Both of Parker's habeas Counsel(s) are visibly aware of the conditions of Parker's confinement regarding these issues herein, as well as those presented through Parker's initial pleading filed with the Court.

Wherefore, Parker request the Court to stay these appellate proceedings to address the deliberate and malicious denial of Parker's access to habeas counsel regarding his right to assistance in these Capital proceedings!

Dated: March 21, 2012

Respectfully Submitted,

_Wesley I. Parker #1469045_

− 5 −

United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
, Pro Se

## Certificate of Mailing

The undersigned Wesley I. Purkey does state
that he provided a true and correct copy of this
instrument via U.S. Mail, 1st Class postage pre-
paid to: Kathleen D. Mahoney, Asst U.S. Attorney,
400 E. Ninth St., 5th Flr, K.C., MO 64106 this
21 day of March, 2012.

Wesley I. Purkey

Cap Cer

Mr. Edwards

Purkey

Please official me
with 3 copies of the
enclosed pleadings!

Thank you

Bestrr

3(20112

Deniel 4/22/12
by
Edwards

held 13 Pages
app. Response

April 2, 2012

Mr. Gaas,

Please find enclose my pro se pleadings to be filed with the court. Court officials refused me photocopies after holding the pleadings 12 days.

I have no alternative to afford softcopied copies for parties this pleading with the court.

Thank you

Wesley S. Purkey

**RECEIVED**

APR - 5 2012

U.S. COURT OF APPEALS
EIGHTH CIRCUIT