

**U. S. Department of Justice**

*David E. Ketchmark*
*Acting United States Attorney*
*Western District of Missouri*

*Charles Evans Whittaker Courthouse*     *(816) 426-3312*
*400 East 9th Street, Fifth Floor*     *FAX (816) 426-5186*
*Kansas City, Missouri 64106*

September 19, 2012

Michael E. Gans, Clerk
Eighth Circuit Court of Appeals
111 South 10th Street, Room 24.329
St. Louis, Missouri 63102

  Re: *Wesley Purkey v. United States*
    No. 10-3462 WMKC

Dear Mr. Gans:

  This case has been briefed and is set for oral argument tomorrow, September 20, 2012, before Judges Bye, Shepard, and Gruender. The Government respectfully supplements its brief, pursuant to Fed. R. App. P. 28(j), with a recently decided 8th Circuit case, *Williams v. United States*, – F.3d –, 2012 WL 4069742, (8th Cir., Sept.18, 2012) as additional support. The district court in *Williams* had found trial counsel ineffective for failure to investigate mitigation evidence, specifically that trial counsel had not developed evidence of Williams' abuse as a child, nor mental health evidence that Williams had depression, drug and alcohol dependence, and post-traumatic stress disorder. *Id.* at *3-4.

  This Court reversed, holding that, "[g]iven the strength of the case in aggravation and the countervailing considerations with respect to the new mitigating evidence, we believe the Supreme Court of Missouri and the postconviction court reasonably concluded that there was not a reasonable probability that trial counsel's alleged deficiencies affected the outcome of the trial." *Id.* at *8. This Court compared the aggravation and undiscovered mitigation evidence with that in *Link v. Luebbers*, 469 F.3d 1197, (8th Cir. 2006), where the petitioner had presented substantial undiscovered mitigation similar to that presented by Williams: physical, sexual and emotional abuse in childhood, drug and alcohol abuse, and a diagnosis of post-traumatic stress disorder. *Id.* at *13 (citing *Link*, 469 F.3d at 1201). This Court in *Link* held, "the likelihood of a different outcome had the evidence been presented is not sufficient to undermine our confidence in the verdict reached by the jury." *Id.* at 1205. This Court in *Williams* found the undiscovered mitigation to be similar and reversed the district court's finding of ineffective assistance. *Williams* at *13.

The United States suggests that Purkey's proposed mitigation is far weaker and far more cumulative than that in either *Link* or *Williams*, so the district should be affirmed in this case.

Respectfully submitted,

DAVID KETCHMARK
Acting United States Attorney

By　*/s/ Kathleen D. Mahoney*

KATHLEEN D. MAHONEY
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2012, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A copy will be served on participants in the case by the CM/ECF system or by U.S. Mail, postage prepaid.

*/s/ Kathleen D. Mahoney*
Kathleen D. Mahoney
Assistant United States Attorney