**FILED**

SEP 18 2013

**MICHAEL GANS**
**CLERK OF COURT**

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

WESLEY I. PURKEY,

        Appellant/defendant,

vs.

        Case No. #10-3462

UNITED STATES OF AMERICA,

        Appellee/respondent.

---

## MOTION FOR AN EXTENTION OF TIME FOR FILING PETITION FOR PANEL REHEARING AND TO WITHDRAW COUNSEL AND TO PROCEED PRO SE IN THESE PROCEEDINGS

The Appellant Wesley I. Purkey hererafter ("Purkey"), acting pro se in this matter respectfully request an extention of time of thirty (30) days to file a Petition for Panel Rehearing pursuant to Rule 40;Fed.R.App.P. and to be allowed to withdraw appointed counsel and to proceed pro se in these proceedings. Further' Purkey request pursuant to Rule 41;Fed.R.App.P. that the court issue a stay in these proceedings if Purkey's request to proceed pro se is denied, thereby allowing him to file a peremtory mandamus to the United States Supreme Court seeking an order of enforcement upon this court granting Purkey his most fundamental right under law that he is entitled to acting in perpria persona in this capital proceedings. In support of these request for an extension of time, to withdraw court appointed counsel and to be allowed to proceed pro se in these proceedings Purkey offers the following in support thereof:

<u>Extension Of Time Requested</u>

The mandate was issued in this case on September 6th, 2013 and under the Rules of Appellate Procedure Purkey has a fourteen (14) day period to file a

**RECEIVED**

SEP 18 2013

**U.S. COURT OF APPEALS**
**EIGHTH CIRCUIT**

1.

Motion/Petition for Panel Rehearing. <u>Rule 40;Fed.R.App.P.</u> Because of Purkey's circumstances on death row at the United States Penitentiary, Terre Haute, Indiana he has limited access to the facilities law library on the Special Confinement Unit. In regard with the several distinct issues of law to be assayed anent the Mandate issued by the court denying in toto Purkey's request for habeas relief he will require additional time to meaningfully prepare and file such Petition for Panel Rehearing. The government will not be prejudiced in any manner by the court granting this request for an additional thirty days until October 16th, 2013 for filing such Petition for Rehearing by Purkey.

<u>Request To Withdraw Counsel and To Proceed Pro Se</u>

Despite the Panel's denying Purkey's pro se motions filed to withdraw counsel and to proceed pro se in its September 6th, 2013 mandate such ruling effected only that immediate action and does not have collateral application here. As previously noted via proir pro se filings by Purkey there has been and ossified complete breakdown in coomunications between Purkey and counsel of record and such conflicts of interest are irreconcilable. Furthermore, counsel(s) have advised Purkey via phone communications September 9th, 2013 that they did not care what Purkey's wishes were regarding this case because the court appointed them to represented him and that they could not whatever they wanted to in this case and that they was absolutely nothing that he could do about it. In other words both counsel(s) have vividly reiterated to Purkey that they can run rough-shod over his case with absolute impunity. In fact as previously noted via prior filings by Purkey to the Court clarified that Mr. Brotherton enunciated that, "it did not matter whether Purkey lived or died because they (counsel) would be paid." Ms. Norris, lead counsel has echoed these same sentiments advising Purkey during the September 9th, 2013 phone call that, "the court appointed us to your case, we work for the court and the court does not give a damn about your pro se filings.

2.

Brotherton and I will continue to do whatever we choose to do in your case and there is absolutely nothing that you can do about it." The breakdown in communications between Purkey and "court appointed counsel) is prodigious and irreconcilable.

## Purkey Has A Fundamental Sixth Amendment Right To Respresented Himself In These Capital Proceedings

A federal criminal defendant has both a constitutional and statutory right to proceed without counsel. See Faretta v. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975); 28 U.S.C. § 1654. The Supreme Court has clearly enunciated that a defendant's right of self-representation is unqualified when the defendant asserts that right. Id. at 819; see also United States v. Young, 287 F.3d 1352, 1353 (11th Cir.2002). The Eleventh Circuit analyzing the Supreme Court's holding in Faretta stated that, "[T]o invoke his Sixth Amendment right, a defendant needs to "clearly and unequivocally" asserted his desire to proceed pro se." Nelson v. Alabama, 292 F.3d 1291, 1295 (11th Cir.2002)(habeas case); see also United States v. LaChance, 817 F.2d 1491, 1498 (11th Cir.1987); and also Dorman v. Wainwright, 798 F.2d 1358, 1366 (11th Cir.1986)(habeas case(s)). Here Purkey has "clearly and unequivocally" asserted his desire to proceed pro se in these capital proceedings which he has a fundamental Sixth Amendment right to do so, id. Faretta, 422 U.S. at 819 and thereby' the court should grant Purkey's request to proceed pro se in this action. Underscoring and driving home the essence of Purkey's request to proceed pro se in this matter could not be of more paramount importance, whereas Purkey's life is at stake and whether or not to grant Purkey's request to represent himself in these proceedings should definitively lie with him - not two court appointed attorneys' who by their own declaration believe that they can run rough-shod over Purkey's case with absolute impunity. Purkey has both a Sixth Amendment right and statutory right to represent himself in these capital proceedings. Id., 422 U.S. at 819; see also McKaskle v. Wiggins,

3.

465 U.S. 168, 177-78, n.8, 104 S.Ct. 944, 950-51, n.8, 79 L.Ed.ed 122, 123, n.8 (1984)("[d]efendant has a fundamental Sixth Amendment right to proceed pro se and absent extraordinary circumstances the court should recognize such constitutional entitlement.")

## If The Court Should Deny Purkey His Fundamental Right To Represent Himself Then He Request A Stay Of These Proceedings So He Can Seek An Order By The Supreme Court To Enforce Such Sixth Amendment Right

If the Court should deny Purkey's request to proceed in these proceedings pro se then he respectfully request a "Stay" pursuant to Rule 41;Fed.R.App.P. to seek an order from the Supreme Court via a "Peremtory Mandamus" to enforce his Sixth Amendment right for self representation.

WHEREFORE, Purkey prays that the Court will grant him a thirty day extension for filing a "Petition for Panel Rehearing", as well as the fundamental right to proceed pro se in this matter.

Dated: September 16th, 2013

RESPECFULLY SUBMITTED,

_Wesley I. Purkey_

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Appellant/Pro Se

## Declaration Of Mailing

The undersigned does attest under pains of perjury that he did mail the above "Motion For An Extension Of Time For Filing Petition For Panel Rehearing and To Withdraw Counsel And To Proceed Pro Se In These Proceedings" to the United States Court of Appeals for the Eighth Circuit on this 16th day of September, 2013 pursuant to 28 U.S.C. §1746 via United States Mail first class postage prepaid to: Michael Gans/U.S. Court of Appeals, 111 S. 10th St., St. Louis, Mo. 63102.

_____

Wesley I. Purkey
declarant

Certificate Of Service

The undersigned does attest under pains of perjury and pursuant to 28 U.S.C. §1746 that because administrative personnel, John Edwards refusal to provide him with copying of this pleading that he was unable to serve a copy on the United States.

_____

Wesley I. Purkey
declarant