WESLEY I. PURKEY,

        Petitioner,

                                         Case No. _____

vs.

UNITED STATES COURT OF APPEALS
    FOR THE EIGHTH CIRCUIT,

_____

## PETITION FOR A WRIT OF MANDAMUS

The Petitioner Wesley I. Purkey acting pro se in this action respectfully request that the Court exercise its authority under 28 USC § 1651(a)[28 USCS § 1651(a)] to compel the United States Court of Appeals for the Eighth Circuit to grant "Purkey" most fundamental constitutional and statutory right to <u>proceed pro se</u> in his capital appellate proceedings as this Court has delineated and enunciated under <u>Faretta v. Califorina, infra.</u> Contrary to this Court's unequivocal precedental mandate in <u>Faretta v. Califorina,</u> the Court of Appeals for the Eighth Circuit without reason is denying Purkey his fundamental Sixth Amendment right to respresent himself in his own capital appellate proceedings mandating in-lieu of that appointed counsel will continue in their representation of Purkey. In support of Purkey's request that this Court grant him a Petition for A Writ of Mandamus he states the following:

## JURISDICTION

The Supreme Court has the power to review virturally any decision of the federal court of appeals. <u>See 28 U.S.C.S. § 1254(1).</u> In exceptional circumstances amounting to a judicial 'usurpation of power," it may be challenged via a petition for a writ of mandamus. <u>Will v. United States,</u> 389 US 90, 95, 19 L.Ed.2d

1.

RECEIVED

OCT - ? 2013

U.S. COURT OF APPEALS
EIGHTH CIRCUIT

305, 88 Sup.Ct. 269 (2010).

## CONCISE SUMMARY OF GERMANE FACTS

Prior to the United States Court of Appeals For The Eighth Circuit September 6th, 2013 holding affirming Purkey's capital conviction and sentence in all respects, Case No. 10-3462 Purkey had prepared and filed a pro se motion before oral arguments to withdraw counsel because of protracted and ongoing conflicts of interest with court appointed counsel(s) Tersa Norris and Gary Brotherton, and requested to proceed pro se. The court denied such request by Purkey via its September 6th, 2013 ruling contending that Purkey's filing was untimely per se because it was filed after briefing was completed.

On September 18th, 2013 Purkey renewed his request to proceed pro se and for counsel to be withdrawn, and he as well requested additional time for preparing and filing a Peitition for Rehearing and/or Rehearing En Banc. The Court without explanation denied Purkey's request to proceed pro se, but granted his request for additional time for a Petition for Rehearing to be filed. A Copy of that Order is appendix to this pleading.

Both of Purkey's appointed capital habeas counsel has reiterated to him with perspicuity on several different occasions that the court(s) are not going to withdraw us from representing you; that the court appointed us; we do not work for you and we can do whatever we choose in your case whether you appreciate it or not. In fact counsel has clarified candidly that, "we get paid whether you live or not." Purkey clarified via the initial motion he filed with the Eighth Circuit reasons underscoring his request to proceed pro se and for counsel to be withdrawn, and these reasons were clear and unequivocally asserted, although ignored by the Court of Appeals.

Purkey Has Both A Constitutional and Statutory Right To Proceed Pro Se

A federal criminal defendant has both a constitutional and statutory right to proceed without counsel. Farette v. Califorina, 442 U.S. 806, 819, 96 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975); 28 U.S.C. § 1654. It is beyond dispute under the plethora of this Court's case law that Purkey has a Sixth Amendment right to represent himself in all critical stages of his criminal proceedings. Iowa v. Tovar, 541 U.S. 77, 80-81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004); United States v. Cronic, 466 U.S. 648, 653-54, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Even though the above cases dealt with a defendant's rights to be represented with counsel at all critical stages of a criminal proceedings, it is just as well settled that a defendant also has the right to "proceed without counsel when he voluntarily and intelligently elects to do so." Faretta, 422 U.S. at 807, 95 S.Ct. 2525, 45 L.Ed.2d 562. "The Court has emphasized that, "[t]he right to counsel embodied within the Sixth Amendment carries as its corollary the right to proceed pro se and cannot be denied a defendant who "knowingly and intelligently" invokes such right during any stages of their criminal proceedings. Faretta, 422 U.S. at 819-20. Here the Court of Appeals for the Eighth Circuit demonstrating acute indifference to this courts controlling authority mandating that Purkey be allowed to represent himself in his own capital habeas proceedings denied him this constitutional and statutory right without any explanation given for doing so. The "drastic and extraordinary" remedy for granting Purkey's Petition for a Writ of Mandamus is warranted under the egregious violations of law committed here.

### Purkey Satisfies The Conditions For The Court To Grant His Petition

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usage and principles of law." This is a "drastic and extraordinary" remedy "reserved for really extraordinary causes." Ex parte Fahey, 332 US

3.

258, 259-260, 91 L.Ed. 2041, 67 S.Ct. 1558 (1947). Although courts have not confined themselves to an arbitrary and technical definition of 'jurisdiction', "only exceptional circumstances amounting to a judical 'usurpation of power', or a clear abuse of discretion will justify the invocation of this extraordinary remedy. Will v. U.S., 389 U.S. 90, 95, 19 L.Ed.2d 305, 88 S.Ct. 269 (1967).

The writ is one of "the most potent weapons in the judical arsenal," id, at 107, 19 L.Ed.2d 305, 88 S.Ct. 269, three conditions must be satisfied before it may issue. Kerr v. United States Dist. Court for Northern Dist. of Cal., 426 US 394, 403, 48 L.Ed.2d 725, 96 S.Ct. 2119 (1976). First, "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires," ibid. - a condition designed to ensure that the writ will not be substituted for the regular appeal process, Fahey, supra, at 260, 91 L.Ed. 2041, 67 S.Ct. 1558. Second, the petitioner must satisfy "the burden of showing that [his] right to issuance of the writ is "clear and indisputable"." Kerr, supra, at 403, 48 L.Ed.2d 725, 96 S.Ct. 2119. These hurdles, however demanding, are not insuperable. In the case sub judice Purkey has with perspicuity satisfied each of the requisite conditions of this Court to issue his petition for a writ of mandamus.

No other adequate means exist for Purkey to obtain the relief he request, whereas no appeal process is tenable anent the Court of Appeals denying him the right to represent himself in his capital habeas proceedings. Second, Purkey has unequivocally demonstrated that he has a well established right under the Sixth Amendment and statutory law to represent himself in his capital habeas proceedings, as this Court has delineaed and enunciated through its controlling black-letter law. Faretta v. Califorina, 422 U.S. at 819-20. Third, the writ could not be more appropriate under the given circumstances, whereas Purkey is literally fighting for his life and is at the last stages of his capital habeas appeal processes, and if denied the right to represent himself in these proceedings then request an

order of this court to the Court of Appeals terminating the filing of any petition for a rehearing concluding these capital habeas proceedings.

WHEREFORE, Purkey respectfully request that the Court grant his Petition For A Writ Of Mandamus ordering the United States Court of Appeals for the Eighth Circuit to grant him pro se status in these capital habeas proceedings.

Date: October 3rd., 2013

RESPECTFULLY SUBMITTED,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner/Pro Se


## CERTIFICATE OF SERVICE

The undersigned Wesley I. Purkey does attest that he mailed a true and correct copy of the foregoing "Petition For A Writ of Mandamus' to: Michael Gans/U.S. Court of Appeals, 111 S. 10th St., St. Louis, MO 63102 via first class mail sufficient first class postage attached on this 3rd day of October, 2013.

Wesley I. Purkey
declarant

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No: 10-3462

Wesley Ira Purkey

Appellant

v.

United States of America

Appellee

Appeal from U.S. District Court for the Western District of Missouri - Kansas City
(4:06-cv-08001-FJG)

## ORDER

The motion of Wesley Purkey for an extension of time to file a petition for rehearing is granted. Appellant's counsel may have until October 21, 2013, to file the petition for rehearing. Appellant's motion to proceed pro se has been considered by the court and is denied.

Electronically-filed petitions for rehearing <u>must</u> be received in the clerk's office on or before the due date.

The three-day mailing grace under Fed.R.App.P. 26(c) does not apply to petitions for rehearing.

September 23, 2013

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.

/s/ Michael E. Gans

Mr. Micheal Gans/Clerk
US Court of Appeals
111 S. 10th Street
St. Louis, MO 63102

RE: Purkey v. United States, No. 10-3462

October 3rd., 2013

Dear Mr. Gans,

Please find enclosed a copy of my pro se Petition For A Writ Of Mandamus

filed with the United States Supreme Court on this date.

Thank you for your attention to this matter.

Sincerely,

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Defendant/Pro Se

RECEIVED

OCT - 7 2013

U.S. COURT OF APPEALS