UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT


WESLEY I. PURKEY,

       Petitioner/Appellant,

vs.                                    Case No. 10-3462

UNITED STATES OF AMERICAN,

       Respondent/Appellee.

---

### MOTION FOR AN EXTENSION OF TIME TO FILE PETITION FOR REHEARING

The Petitioner Wesley I. Purkey, hereafter "Purkey" acting pro se respectfully request an additional time of thirty days from November 20th, 2013 until December 20th, 2013 to file his 'Petition For Rehearing' and in support of such request he states the following:

1. This is Purkey's third pro se request for an extension of time to file his Petition For Rehearing, whereas the Court granted such request filed September 18th, 2013. The court in return denied Purkey incorporated request to proceed pro se in the case sub judice without explanation. If Purkey had not 'pro se' filed the September 18th request for an extension of time the filing date for filing his petition for rehearing would of past prohibiting him from utilizing such procedure for gaining rehearing. Purkey was compelled to file such request for an extension of time because of both appointed counsels' ineptness and stiff-neckness for doing.
This Request For An Extension Of Time Should Be Readily Granted

2. As Purkey previous identified and delineated through the previous motion(s) for an extension of time to file a petition for rehearing which he reiterates here in part and presents additional issues underscoring the need for additional time to prepare and file his petition for rehearing.

3. As previously noted and emphasized her both appointed counsel(s) have prohibited Purkey assisting in anyway, shape or form with preparing and

filing of his petition for rehearing. In fact Purkey has not been afforded any contact with either counsel for a protracted period, in fact for two years with Gary Brotherton. Teresa Norris as previously noted advised Purkey that they (counsel) was appointed by the court and that they represent the court not him, and further she emphasized that they both will be paid whether or not Purkey lives of dies.

3. Recently Purkey spoke with George Kouros of the Capital Habeas Project, who clarified with perspicuity that there was absolutely nothing that he, nor anyone from his office could do to force either of his capital counsel's to afford him with the right to assist in these proceedings, nor to force them to withdraw from representing him allowing Purkey to proceed pro se. He stressed the fact that both counsel can stay on the case representing Purkey no matter the seriousness of the utter communication break down because the court refuses to force them to withdraw.

4. Here denying Purkey the right to assist in these capital appellate proceedings is in stark violation of well established embodied under core tenets of the Sixth Amendment. If Purkey had retain counsel himself then he would of had the ability to 'fire them' when a severe conflict of issue presented itself literally deteriorating to the point of a complete communication breakdown, but here such right is suspended based on Purkey's indigence. Both counsel have readily identified their interest in maintaining Purkey hostage to their representation and that is the deeply lucrative nature of such. Their tentacles are deeply embedded in Purkey who stands absolutely vunlerable to his attorneys moneymaking endeavor which is luminously seen in the fact that they ossifily refuse to withdraw from Purkey's habeas proceedings, and even members of the Capital Habeas Project cannot pry their tentacles from Purkey's flesh.

5. The Petition For Mandamus filed by Purkey on or about September 20th, 2013 is still pending a ruling by the Supreme Court and thereby Purkey request that the court grant his request to file a Petition For Rehearing until such ruling is provided by the Supreme Court.

WHEREFORE' for the above and foregoing reasons Purkey respectfully request an additional time for filing his 'Petition For Rehearing' up and through December 20th, 2013.

RESPECTFULLY SUBMITTED,

2.

_____

Wesley I. Purkey #14679-045
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808
Petitioner/Appellant


## Certificate Of Service

The undersigned Wesley I. Purkey does attest under pains of perjury and pursuant to 28 U.S.C. § 1746 that because SCU Administrative Personnel, John Edwards refused to provide him with photoco0ying of this pleading that he was not able to properly serve a copy on the government, and/or provide the court with sufficient number of mandated copies for filing with the court.

_____

Wesley I. Purkey
declarant