# IN THE UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

**WESLEY I. PURKEY,**

     **Movant,**               **No. 10-3462**

**v.**

**UNITED STATES OF AMERICA,**

     **Respondent.**

## MOTION FOR SUBSTITUTION OF COUNSEL FOR WRIT OF <u>CERTIORARI TO THE EIGHTH CIRCUIT</u>

Comes now movant Wesley Purkey, through undersigned counsel, and moves this Court to allow current counsel Teresa Norris and Gary Brotherton to withdraw and appoint Rebecca Woodman and Sonali Shahi of the Death Penalty Litigation Clinic, Kansas City, Missouri as co-counsel of record for movant. The undersigned counsel have spoken to Ms. Woodman and Ms. Shahi and they consent to appointment. In support hereof, movant states:

1. Mr. Purkey is a federally death-sentenced prisoner whose appeal from the district court's denial of his 28 U.S.C. § 2255 motion was denied by a panel of the Eighth Circuit Court of Appeals on September 6, 2013. Mr. Purkey moved for rehearing to the Eighth Circuit Court of Appeals panel on November 20, 2013. However, Mr. Purkey's attorneys are not in a position at this time to lead the case

1

through the certiorari stage due to their current caseload commitments. Accordingly, Mr. Purkey's counsel, Teresa Norris and Gary Brotherton, herein move the Court to substitute counsel Rebecca Woodman and Sonali Shahi to ensure that Mr. Purkey continues to have qualified counsel during his certiorari proceedings. Mr. Purkey requires the appointment of substitute counsel experienced in capital post-conviction jurisprudence, who have a current caseload that permits time to take the case through certiorari, and as described further, *infra*, Ms. Woodman and Ms. Shahi are appropriately qualified and available to accept appointment for Mr. Purkey.

2. The writ of certiorari is a critical part of Mr. Purkey's capital § 2255 proceedings, and the writ must be particularly well researched and pled. The Eighth Circuit recognizes that appointed counsel's duties include representation on certiorari. *See* Amendment To Part V Of The Plan To Implement The Criminal Justice Act Of 1964, Part V ("Duty of Counsel as to Certiorari") at 1 ("If the defendant so requests, and if counsel determines that there is a reasonable likelihood that a petition for a writ of certiorari will be granted (applying the standards set forth in Rule 10 of the rules of the Supreme Court of the United States), representation shall also extend to the preparing and filing of such a petition.") (*available at* http://media.ca8.uscourts.gov/newrules /coa/cjaplan.amd).

Preparing a certiorari petition is a complex and nuanced matter, because the Supreme Court's review is discretionary and depends on numerous factors beyond the alleged incorrectness of the lower court's judgment. Counsel in preparing a petition for certiorari must focus additionally on the impact, posture, and breadth of the issues presented. Counsel must be knowledgeable in the nuances of Supreme Court case law, in order to identify and draft a writ that the Court is likely to consider. Supreme Court Rule 10, for example, indicates some considerations governing review, such as resolving conflicts among Circuit Courts of Appeal, resolving whether a lower court opinion is in conflict with controlling Supreme Court precedent, and resolving a novel question left open by prior Supreme Court opinions, among other considerations. *See* Sup. Ct. R. 10.

3. Ms. Woodman possesses both expertise in capital post-conviction litigation as well as substantial capital litigation experience in the United States Supreme Court. Ms. Woodman was formerly a capital appellate defender in Kansas. She has over 15 years of capital litigation experience and has the expertise necessary to build and maintain a relationship with Mr. Purkey through the next stage of his litigation. Ms. Woodman's background in litigating on certiorari is particularly beneficial here. She argued before the Supreme Court of Kansas in *State v. Marsh*, 102 P.3d 445 (Kan. 2004), prepared briefing to the Supreme Court of the United States on certiorari, and then argued the case twice before the

3

Supreme Court of the United States in *Kansas v. Marsh*, 548 U.S. 163 (2006). Her experience in pleading and litigating writs of certiorari and in capital jurisprudence will conserve time spent on researching and drafting the petition. Currently, as the Death Penalty Litigation Clinic's Executive Director, Ms. Woodman represents capital clients in post-conviction proceedings in state and federal courts. Having come in as Executive Director, she did not bring her Kansas caseload with her when she joined the Clinic earlier this year. Accordingly, Ms. Woodman has the expertise and the availability in her schedule to spend the necessary time and attention on Mr. Purkey's case. Moreover, Ms. Woodman and Ms. Shahi, whose credentials are described *infra*, are also already familiar with the issues of Mr. Purkey's case. A former employee of their office, who ended her employment in January 2012, previously served as investigator for Mr. Purkey's § 2255 litigation. Ms. Woodman and Ms. Shahi have therefore benefitted from the Clinic's institutional knowledge of Mr. Purkey's case and are well-situated to be efficient and cost-effective substitute counsel for Mr. Purkey.

4. Likewise, Ms. Shahi has a caseload that permits her to commit the time and attention to working with a new client and seeking, on Mr. Purkey's behalf, a writ of certiorari to the Eighth Circuit. Ms. Shahi joined the Clinic in February 2012 after graduating from Cornell Law School the preceding Spring, where she worked in the school's Death Penalty Litigation Clinic and handled a

South Carolina capital post-conviction case. Since joining the Clinic as a staff attorney, she has worked as both an attorney and mitigation specialist in post-conviction and federal habeas actions, and she has drafted the considerable majority of DPLC's upcoming litigation manual that emphasizes federal habeas practice and procedure for the benefit of attorneys in capital cases. In addition to her experience as counsel in capital post-conviction cases, Ms. Shahi is fully available to represent Mr. Purkey through the certiorari stage and any potential future litigation.

5.      The Death Penalty Litigation Clinic, which Ms. Woodman directs and where Ms. Shahi is employed, is a non-profit organization that has long provided representation to capital defendants in state and federal courts across the country. The Clinic was heavily involved in the creation of the ABA Supplemental Guidelines for the Mitigation Function in Death Penalty Cases, which aimed to ensure high quality representation for capital defendants. As a non-profit organization, the Clinic is able to monitor its caseload and turn down cases depending on existing case commitments. Both Ms. Woodman and Ms. Shahi believe that their current schedule accommodates representing Mr. Purkey.

WHEREFORE, Mr. Purkey, by and through undersigned counsel, respectfully moves this Honorable Court to appoint Rebecca Woodman and Sonali Shahi of the Death Penalty Litigation Clinic in Kansas City, Missouri as substitute

counsel of record to represent Mr. Purkey in these proceedings and to allow Teresa Norris and Gary Brotherton to withdraw as Mr. Purkey's counsel. Undersigned counsel request that the Eighth Circuit's order be entered nunc pro tunc to November 25, 2013, when Ms. Woodman and Ms. Shahi began performing tasks on behalf of Mr. Purkey.

Respectfully submitted,

By: /s/ Teresa L. Norris

| | |
|---|---|
| Teresa L. Norris, Esq. | Gary E. Brotherton, Esq. |
| 900 Elmwood Ave., Ste. 101 | 503 E. Nifong Blvd. #377 |
| Columbia, SC 29201 | Columbia, MO 65201-3717 |
| (803) 765-1044  (Phone) | Phone (573) 474-0773 |
| (803) 765-1143  (Fax) | Fax (573) 474-0003 |
| teresa@blumelaw.com | GEBrotherton@LegalWritesLLC.com |
| Co-counsel for Appellant | Co-counsel for Appellant |

## CERTIFICATE OF SERVICE

This will certify that, on today's date, this motion was served upon the United States by filing via CM/ECF.

/s/ Teresa L. Norris
Co-counsel for Appellant

Dated: Columbia, SC
November 27, 2013